IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHAR MIKHAK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSITY OF PHOENIX, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-06919-CRB<br><br>**ORDER DENYING MOTION FOR RECUSAL** |

Pro se Plaintiff Bihar Mikhak filed a "Motion to Request for the Recusal and/or the Disqualification of Honorable Judge Charles R. Breyer Under 28 U.S.C. §§ 144 and 455." See Mot. (dkt. 59).  Defendants have opposed the motion, see Opp'n (dkt. 63), and Mikhak has filed a reply, see Reply (dkt. 67).  The Court takes Mikhak's concerns seriously and has carefully evaluated the request for disqualification.  However, it is clear that the rulings that Mikhak complains of, and her speculation about the Court's motives for those rulings, do not constitute the rare circumstances that would justify recusal.  The Court finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), VACATES the motion hearing presently set for March 10, 2022, and DENIES the motion.

    **1.**  **Motion Length**

As an initial matter, while the motion only violates the Court's Standing Order—which limits any brief in support of a motion (apart from a summary judgment motion) to 15 pages, see Standing Order of 4/2/19 at 1–2—by a few pages, it attaches a 58 page "declaration" and 41 pages in "exhibits," both of which contain numerous legal arguments.  See generally Mikhak Decl. (dkt. 59-1), Exs. (dkt. 59-2).  Neither the Court nor opposing counsel can reasonably review over 120

pages of argument.[1]  The motion is therefore denied for being excessively long.[2]

**2.     Merits**

The motion is also denied on the merits, as Mikhak has failed to satisfy both section 144 and section 455.  Section 144 provides in part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the Judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144 (emphasis added).  Section 455 provides in part: "(a) Any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  (b) He shall also disqualify himself . . . : (1) Where he has a personal bias or prejudice concerning a party. . . ."  28 U.S.C. § 455 (emphasis added).  The "same substantive standard" applies to sections 144 and 455.  United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  Under both sections, disqualification is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citing In re Yagman, 796 F.2d 1165, 1179 (9th Cir. 1986)).  "Accordingly, recusal will be justified either by actual bias or the appearance of bias."  Id.  "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'"  Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting In re Mason, 916 F.2d 384, 385 (7th Cir. 1990)).

The procedures involved for both sections differ.  Section 144 requires the filing of a "timely and sufficient affidavit."  See 28 U.S.C § 144.  "If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for

---

[1] Because the Court cannot respond to every argument in all of the attachments, it limits its discussion to the points Mikhak makes in the motion itself.

[2] Mikhak's assertion that she is "entitled to the additional space needed," see Reply at 1, is incorrect.  As the Court's Standing Order states, "[a]ny party wishing to exceed this limit must request leave of the Court and must show good cause."  Standing Order of 4/2/19 at 2.  Mikhak has done neither.

recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits." Sibla, 624 F.2d at 867. The affidavit must "specifically allege[] facts that fairly support the contention that the judge exhibits bias or prejudice directed to a party that stems from an extrajudicial source." Id. at 868. Pursuant to Civil Local Rule 3-14, "[w]henever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge." Section 455 has no affidavit requirement and "no provision for the referral of the question of recusal to another judge." Sibla, 624 F.2d at 867–68. The procedural differences are not significant here. Even assuming that Mikhak has complied with the procedural requirements of section 144, the Court concludes that her affidavit is legally insufficient, as she has not alleged sufficient grounds for recusal. See Al-Manssur v. Gross, No. 12-5535 SBA, 2013 WL 3157919, at *3 (N.D. Cal. June 20, 2013) (same reasoning); United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992) ("the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial.").

        **a.**        **Adverse Rulings**

Mikhak primarily bases her motion on "the appearance of a connection between the conduct of Judge Breyer and the conduct of the Defense Attorney Dal Cielo." Mot. at 4. But the actions she identifies in support of such a connection, or bias, are the Court choosing "to give UOP and their team of counsel summary judgment of dismissing Plaintiff's case with prejudice, despite all federal and state laws to the contrary," id. at 2, and then failing to yield to Mikhak's efforts to un-do the dismissal, id. at 7–15 (listing this Court's rulings before and after dismissing case). To be clear, the Court did not grant summary judgment; rather, it conditionally dismissed the case in December of 2017 when Mikhak failed to initiate arbitration, which the Court had compelled in June of 2016. See Order of Conditional Dismissal (dkt. 47) in Case No. 16-901 (explaining that "[i]f Plaintiff wises to pursue her case, she must do so in arbitration," and

3

dismissing case for failure to prosecute unless Plaintiff certified within thirty days that she had initiated arbitration); see also Notice of Appeal (dkt. 52) in Case No. 16-901 (appealing case on 12/21/17, before 30 days had passed); Order Granting Motion to Compel (dkt. 27) in Case No. 16-901. Moreover, the Ninth Circuit affirmed this Court, which undermines the notion that the Court's actions— at least those prior to the appeal—were "despite all federal and state laws." See Mot. at 2; USCA Memorandum (dkt. 81) in Case No. 16-901 at 2 (holding that this Court "did not abuse its discretion by dismissing Mikhak's action for failure to prosecute because Mikhak did not comply with the district court's orders directing Mikhak to initiate arbitration despite being warned that noncompliance could result in dismissal.").

It is a truism that in a case with two parties, the prevailing party tends to agree with the Court, while the losing party tends to disagree. Rulings that a party disagrees with do not demonstrate bias. See United States v. Azhocar, 581 F.2d 735, 739 (9th Cir. 1978); United States v. Kubon, No. 18-cv-04788-PJH, 2019 WL 3387651, at *2 (N.D. Cal. July 10, 2019) ("Defendants' . . . arguments essentially challenge this court's prior rulings. That is not enough: 'The alleged prejudice must result from an extrajudicial source.'") (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)). Indeed, the Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . .when no extrajudicial source is involved." Id. A judicial remark that "reveal[s] an opinion that derives from an extrajudicial source" or "a high degree of favoritism or antagonism as to make fair judgment impossible" would demonstrate bias—such as a comment by the judge in "a World War I espionage case against German-American defendants" that "'[o]ne must have a very judicial mind, indeed, not [to be] prejudiced against the German-Americans' because their 'hearts are reeking with disloyalty.'" Id. But Mikhak identifies no such remark here, just rulings with which she disagrees. See United States v. Johnson, 610 F.3d 1138, 1147–48 (9th Cir. 2010) ("judicial actions . . . will not serve as bases for recusal absent unusual circumstances not present

here.").

### b. Committee Work

Mikhak next argues that this Court acted improperly by serving on the Ninth Circuit Workplace Environment Committee, which gave the Court "the opportunity to build a closer working relationship with one of the judges on the panel" that affirmed it. Mot. at 15–16.[3] This is the only basis for recusal that the motion identifies that stems from an extrajudicial source. See Sibla, 624 F.2d at 868 (requiring "bias or prejudice directed to a party that stems from an extrajudicial source."). But speculation about the Court's relationships or motives is not an appropriate basis for recusal. See Clemens, 428 F.3d at 1178 ("rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" "not ordinarily sufficient to require" recusal).

Even assuming the truth of Mikhak's assertion, that this Court's committee work increased its familiarity with Judge McKeown, then: (1) it is unclear how such familiarity renders the Court unfit in this new case, in which any appeal may or may not end up before Judge McKeown, and (2) even a friendship with one of the parties is not a basis for recusal, see, e.g., Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 920 (2004) (holding that "friendship, or the appearance of . . . friendship, with one of the named officers does not require recusal"); Sewer Alert Committee v. Pierce Cnty., 791 F.2d 796, 798 (9th Cir. 1986) ("Friendship with defendants . . . would not lead a reasonable person to conclude that the judge's impartiality might reasonably be questioned."); United States v. Sundrud, 397 F. Supp. 2d 1230, 1233 (C.D. Cal. Nov. 1, 2005) ("Generally, judges are not required to recuse when they have a casual relationship with a victim, attorney, witness, or litigant appearing before the court. Courts have recognized that elevation to the bench does not and should not require withdrawal from society.").

//

---

[3] Mikhak's motion also argues that two of the three Ninth Circuit judges who were on the panel that affirmed this Court were biased, and that the "panel has committed serious misconduct by abusing their judicial power in Plaintiff's appeal." See Mot. at 5–6. But this Court has no jurisdiction over decisions of the Circuit, and the alleged bias of those judges has nothing to do with whether this Court should remain on this case.

### c. Financial Conflict

Finally, Mikhak notes that judges sometimes have financial conflicts, and that while "Plaintiff has no reason to believe there is a financial conflict between Judge Breyer and any of the defendants," "she has requested financial disclosures" that could take six months to arrive in order to check whether this Court has a conflict. Mot. at 16–17. Mikhak in fact asked for an extension of time so that she could file her reply brief only once she had received those disclosures. See Motion for Extension (dkt. 64). The Court denied that motion (although it gave Mikhak a two week extension so that she did not miss the opportunity to file any reply brief at all), explaining that "[t]he Court is not aware of any financial conflict involving any of the parties in this case. Ms. Mikhak has identified none. If Ms. Mikhak comes into possession of information that she believes demonstrates [a conflict], she may file a motion on the basis of such information." See Order re Request for Extension of Time for Replies (dkt. 66). Speculation about possible biases does not support recusal. See Clemens, 428 F.3d at 1178. Nor would the judicial system function efficiently if one could file motions and hope to find support for them later.

### 3. Conclusion

Mikhak has failed to "specifically allege[] facts that fairly support the contention that the [Court] exhibits bias or prejudice directed to a party that stems from an extrajudicial source." See Sibla, 624 F.2d at 868. She has failed to demonstrate that "a reasonable person with knowledge of all the facts would conclude that the [Court's] impartiality might reasonably be questioned." See Yagman, 987 F.2d at 626. Accordingly, the Court DENIES the motion.

**IT IS SO ORDERED.**

Dated: March 1, 2022

CHARLES R. BREYER
United States District Judge