IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHAR MIKHAK,<br><br>    Plaintiff,<br><br>  v.<br><br>UNIVERSITY OF PHOENIX, et al.,<br><br>    Defendants. | Case No. 21-cv-06919-CRB<br><br>**ORDER DENYING MOTION TO SET ASIDE JUDGMENT** |

Pro se Plaintiff Bihar Mikhak filed a document entitled "First Motion to Set Aside Judgment In Honor of Martin Luther King's Day, PLEASE VOID the Order of Dismissal of Plaintiff's Entire Civil Rights INITIAL Complaint with Prejudice." Mot. (dkt. 60). Defendants have filed an opposition, see Opp'n (dkt. 62), and Mikhak has filed a reply, see Reply (dkt. 67). The Court finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), and VACATES the motion hearing presently set for March 10, 2022.

As an initial matter, the motion, at 25 pages, violates the Court's Standing Order, which requires that any brief in support of a motion not exceed 15 pages, unless the motion is one for summary judgment. Standing Order of 4/2/19 at 1–2. In fact, the motion attaches a 58 page "declaration" and 41 pages in "exhibits," both of which contain numerous legal arguments. See generally Mikhak Decl. (dkt. 60-1), Exs. (dkt. 60-2). Neither the Court nor opposing counsel can reasonably review over 120 pages of argument. The motion is therefore DENIED on that basis.[1]

The motion is also denied on the merits.[2] Mikhak brings the motion under Rules 60(b)(3),

---

[1] Mikhak's assertion that she is "entitled to the additional space needed," see Reply at 1, is incorrect. As the Court's Standing Order states, "[a]ny party wishing to exceed this limit must request leave of the Court and must show good cause." Standing Order of 4/2/19 at 2. Mikhak has done neither.

[2] Because the Court cannot respond to every argument in all of the attachments, it limits its discussion to the points Mikhak makes in the motion itself.

60(d)(3), 60(b)(4), and 60(b)(6) of the Federal Rules of Civil Procedure, and additionally argues that both this Court and the Ninth Circuit panel that affirmed this Court abused their discretion. See generally Mot. The Court will address each basis for the motion in turn.

### 1. Rule 60(b)(3)

Rule 60(b)(3) allows the Court to "relieve a party . . . from a final judgment, order, or proceeding" in the case of "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). A party must bring a motion under Rule 60(b)(3) within a year of the entry of judgment or order being appealed. See Fed. R. Civ. P. 60(c)(1). While Defendants assert that it is unclear which order Mikhak seeks to void, see Opp'n at 7, the Court understands based on the title of the motion that she challenges the order dismissing her case, see Mot. at 1; Order of Conditional Dismissal (dkt. 47) in Case No. 16-901 (explaining on 12/5/17 that the Court compelled arbitration in June 2016, that Plaintiff failed to initiate arbitration, that "[i]f Plaintiff wishes to pursue her case, she must do so in arbitration," and dismissing case for failure to prosecute unless Plaintiff certified within thirty days that she had initiated arbitration); see also Notice of Appeal (dkt. 52) in Case No. 16-901 (appealing case on 12/21/17, before 30 days had passed). Mikhak did not file her motion under Rule 60(b)(3) within one year of the Court's 12/5/17 order, nor even within one year of the United States Supreme Court's denial of her petition for a writ of certiorari in that case. See Denial of Writ (dkt. 90) in Case No. 16-901 (denying cert. on 3/12/20). The motion is untimely under Rule 60(b)(3).[3]

A party seeking relief under Rule 60(b)(3) must also prove fraud by "clear and convincing evidence." Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004). Although Mikhak references arguments she made elsewhere "that Dal Cielo and the UOP's witnesses had won the

---

[3] Mikhak seems to argue in her reply brief that her motion is timely because she filed it "on 12/19/17, within a year of the offending order of 12/5/17." Reply at 1 (also pointing to a letter she wrote on 11/24/17 asking for an extension of time, (dkt. 44) in Case No. 16-901). But the document Mikhak filed on 12/19/17 was "Plaintiff's Opposition to Defendant's motion to dismiss without prejudice" (dkt. 49) in Case No. 16-901, not the pending motion or any motion under Rule 60. The Court explained as to that filing that "[n]o motion to dismiss is pending in this case," and reiterated that the case had already been dismissed, although the Court would vacate that dismissal if Mikhak informed the Court that she had initiated arbitration. See Order re "Plaintiff's Opposition to Defendant's Motion to Dismiss Without Prejudice" (dkt. 50) in Case No. 16-901.

2

arbitration argument because of fraudulent misrepresentation and misconduct," see Mot. at 4, the motion does not effectively explain what the fraud was.[4]  To the extent that she is relying on an April 19, 2018 motion and supporting documents in which she complained of fraud by those same individuals, see Motion for Subpoena (dkt. 75) in Case No. 16-901; My Declaration of ALL the "alternative facts" that were made up about me in the previous testimonies given under oath (dkt. 74) in Case No. 16-901; Declaration of My New Analysis (dkt. 73) in Case No. 16-901, they are inadequate.  For example, two of Mikhak's central arguments then were that the Court was led to believe that Mikhak was a faculty member, although she was really a faculty candidate, and that she did not have time to make sense of the arbitration agreement before signing it.  Id.  But she made a variation of those same arguments when opposing arbitration back in 2016.  See Opp'n to Mot. to Compel (dkt. 18) in Case No. 16-901 at 5 ("As a Faculty candidate . . . Plaintiff clicked 'Accept' the 2014–2015 Faculty handbook, rightfully assuming that Steps One through Four of the Dispute Resolution Policy and Procedures, which includes a Binding Arbitration, will go into effect after when she became a 'current' Faculty member, not for during the mentorship phase when she was still considered a 'Faculty candidate.'"); Mikhak Decl. (dkt. 18-1) in Case No. 16-901 ¶ 15 ("From my first review of the UOP's 2014–2015 Faculty Handbook, I felt that it was and is misleading and had inconsistencies"), ¶ 18 ("Although we were required to study and were quizzed on the 2011–2012 Handbook, one week later, the UOP required me to click and accept the 2014–2015 Faculty Handbook, which included new information on 'Arbitration.'"), ¶ 20 ("It is probably because of these ambiguities . . . that I clicked the 'Accept' button during the hiring process").

      Mikhak disagrees with the arguments that Defendants made in seeking to compel arbitration, and with the Court's conclusions as to those arguments.  But she has not clearly and convincingly identified any fraud.  See De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000).  The Ninth Circuit reached a similar conclusion.  See USCA Memorandum

---

[4] Mikhak's argument that she "has already established that the weight of evidence in support of her allegations of fraud are beyond sufficient by listing them all in her NEW Complaint" is unavailing.  See Reply at 3.  The motion must demonstrate fraud in and of itself.  Referencing allegations from another document does not demonstrate anything.

(dkt. 81) in Case No. 16-901 at 3 ("We reject as unsupported by the record Mikhak's contentions that defendant and its counsel committed perjury, that defendant's counsel and the district court engaged in misconduct, or that Mikhak was denied an opportunity to file reply briefs in response to various filings by defendant.").

Accordingly, the motion fails under Rule 60(b)(3).

### 2. Rule 60(d)(3)

Rule 60(d)(3) provides that Rule 60 does not "limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "Fraud on the court requires a 'grave miscarriage of justice.'" Appling v. State Farm Mut. Auto Ins. Com., 340 F.3d 769, 780 (9th Cir. 2003) (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). Parties seeking "relief under Rule 60(d)(3) . . . must show fraud on the court, rather than the lower showing required for relief under Rule 60(b)(3)." United States v. Sierra Pac. Indus., Inc., 862 F.3d 1157, 1167 (9th Cir. 2017), cert. denied, 138 S. Ct. 2675 (2018). "[F]raud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Id. (internal quotation marks omitted).

Mikhak's argument in support of Rule 60(d)(3) is the same as her argument in support of Rule 60(b)(3). See Mot. at 8 ("Plaintiff has demonstrated by clear and convincing evidence that there was fraud on the court (e.g., the fabrication of evidence by the UOP's witnesses in which Dal Cielo is implicated)."). As she has failed to satisfy "the lower showing required for relief under Rule 60(b)(3)," see Sierra Pac. Indus., Inc., 862 F.3d at 1167, she has also failed to make the more significant showing required under Rule 60(d)(3). In addition, as Defendants note, "'relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment.'" Opp'n at 11 (quoting Sierra Pac. Indus., Inc., 862 F.3d at 1168). Here, Mikhak's allegations of fraud appear to involve only the statements made by UOP's witnesses in 2016. See Motion for Subpoena in Case No. 16-901. If so, Mikhak was aware of those alleged misrepresentations before her case was dismissed in December 2017. See Order of Conditional Dismissal in Case No. 16-901; see also Mikhak Decl. Ex R1 (listing 11/24/17 as the date when "Plaintiff discovered for the FIRST time the UOP's unlawful act (e.g., perjured testimonies,

4

fraudulent & material misrepresentation.)"); see also Plaintiff's Opposition to Defendant's Motion (dkt. 49) in Case No. 16-901 at 2 ("Two weeks after I attended the court hearing on 10/27/17, I finally caught on with the readings and discovered these falsified statements").

Accordingly, the motion fails under Rule 60(d)(3).

### 3.    Rule 60(b)(4)

Rule 60(b)(4) allows the Court to "relieve a party . . . from a final judgment, order, or proceeding" when "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void under Rule 60(b)(4) "only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999). "'A judgment is not void merely because it is erroneous.'" Id. (quoting In re Ctr. Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir. 1985)). Mikhak argues that the judgment was void in this case because, while this Court "granted her proper notice, both for when she was represented by counsel, and for when she had become a pro se litigant," the Court "denied her a notice of hearing opportunity to Show Cause for her hesitation or delay initiating arbitration with Dal Cielo." Mot. at 10. Apparently, she contends that the Court should not have dismissed her case with prejudice without a hearing. Id. at 10–11.

Mikhak points to no authority requiring a hearing before the dismissal of her case. Moreover, the Court gave Mikhak multiple opportunities to avoid dismissal. The Court granted the motion to compel arbitration on June 21, 2016. See Order Granting Motion to Compel (dkt. 27) in Case No. 16-901. Mikhak could have initiated arbitration any time thereafter. Instead, Mikhak moved for reconsideration of that order in August 2017, see Mot. for Reconsideration (dkt. 32) in Case No. 16-901, and the Court explained that she had failed "to show reasonable diligence," Order Denying Reconsideration (dkt. 34) in Case No. 16-901. Mikhak then moved to stay the case, see Mot. to Stay (dkt. 36) in Case No. 16-901, and the Court denied the motion, issuing an oral order to show cause that dismissed the case for failure to prosecute unless Mikhak filed a declaration by November 27, 2017 stating that she had initiated arbitration, see Motion Hearing (dkt. 43) in Case No. 16-901. Instead of initiating arbitration, Mikhak sent a letter to the Court on November 24, 2017, asking for an "extended continuance" with "no time pressure," and

she terminated her counsel. Letter (dkt. 44) in Case No. 16-901; Motion for Leave to File (dkt. 45) in Case No. 16-901. The Court explained:

> The Court will not reconsider its June 2016 order compelling arbitration. Nor will the Court give Plaintiff a 'no time pressure' extension to do something the Court compelled her to do nearly a year and a half ago. Plaintiff asserts that she has 'been working on this case for 3 years' and that she does not want to 'los[e] all [of her] investment in striving for justice.' See Plaintiff Letter at 1. If Plaintiff wishes to pursue her case, she must do so in arbitration. See Order re Arbitration; see also Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978) ('It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court.').

Order of Conditional Dismissal in Case No. 16-901 at 1–2. The Court dismissed the case for failure to prosecute pursuant to Rule 41(b), but it provided "that if Plaintiff shall certify to this Court, within thirty days of this Order, that she has initiated arbitration, the foregoing Order shall stand vacated and this case shall forthwith be restored to the calendar." Id. at 2. Mikhak filed an "Opposition to Defendant's motion to dismiss without prejudice," which largely reargued the facts of her case, see Plaintiff's Opposition to Defendant's Motion, and the Court explained again how the Order of Conditional Dismissal operated, and stated that "the Court will not consider any submissions by the parties in this case, save and except from Plaintiff, filed on or before January 4, 2018, stating that she has initiated arbitration," Order re "Plaintiff's Opposition to Defendant's Motion" in Case No. 16-901. Mikhak filed a Notice of Appeal, thus terminating her case in this Court. See Notice of Appeal in Case No. 16-901.

Not insignificantly, in that appeal, the Ninth Circuit upheld this Court's dismissal of Mikhak's case for failure to prosecute. See USCA Memorandum in Case No. 16-901. The court held that this Court "did not abuse its discretion by dismissing Mikhak's action for failure to prosecute because Mikhak did not comply with the district court's orders directing Mikhak to initiate arbitration despite being warned that noncompliance could result in dismissal." Id. at 2. Given the Ninth Circuit's conclusion that the Court did not abuse its discretion, and given the repeated opportunities this Court gave to Mikhak to initiate arbitration rather than have her case dismissed, Mikhak's argument that the Court violated her due process rights falls flat.

Accordingly, the motion fails under Rule 60(b)(4).

### 4. Rule 60(b)(6)

Rule 60(b)(6) allows the Court to "relieve a party . . . from a final judgment, order, or proceeding" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice" and is used "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). "A movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." Henson v. Fidelity Nat'l Fin., Inc., 943 F.3d 434, 443–44 (9th Cir. 2019) (internal quotation marks omitted). Mikhak argues that her counsel's "gross negligence" justifies Rule 60(b)(6) relief. Mot. at 12.

Mikhak is correct that "an attorney's gross negligence resulting in dismissal with prejudice for failure to prosecute constitutes an 'extraordinary circumstance' under Rule 60(b)(6) warranting relief from judgment." See Lal v. State of California, 610 F.3d 518, 524 (9th Cir. 2010). But she has failed to demonstrate gross negligence here. In Lal, 610 F.3d at 524, the court noted that "an attorney's actions are typically chargeable to his or her client and do not ordinarily constitute extraordinary circumstances warranting relief from judgment." What made that case different was that, as in Community Dental Services v. Tani, 282 F.3d 1164 (9th Cir. 2002), Lal's attorneys "'virtually abandoned [their] client by failing to proceed with [their] client[s'] [case] despite court orders to do so,'" and they "'deliberately misle[d] [their clients] and depriv[ed] [them] of the opportunity to take action to preserve [their] rights,'" not even informing their clients when their cases had been dismissed but pretending that the case "proceeding properly." Id. at 525–26 (quoting Tani, 282 F.3d at 1167–71). Mikhak has made no showing that her attorneys abandoned her, failed to participate in her case, or lied to her about what occurred in her case. She complains that they "refused to correct their mistakes/omissions in the record," "would not return her calls, texts, and emails," said that they were still interested in representing her, failed to provide her with pleadings before filing them, and did not share with her their strategy about an interlocutory appeal. Mot. at 12–13.

This Court observed Mikhak's counsel's performance. Whatever mistrust developed over

7

time, see Mikhak Decl. at 11–12 (complaining that attorneys' strategy of waiting to see how lower courts interpreted Morris led to an unreasonable delay and concluding that "[b]ecause of their gross negligence and refusal to amend their mistakes, I parted ways with them."), Mikhak's counsel participated in her case, responded to every motion, and filed their own motions. They appeared at the October 2017 hearing at which the Court first conditionally dismissed Mikhak's claims and set a November 27, 2017 deadline to initiate arbitration. See Motion Hearing. When Mikhak terminated them right before the November 27, 2017 deadline, her counsel responsibly filed a motion for relief of further representation, noting that they no longer had the power to submit a declaration about the initiation of arbitration and saw nothing on the Court's docket indicating that Mikhak had done so. See Motion for Leave to File at 2. "Counsel might not have performed as [Mikhak] might have preferred, but [they] did not abandon [her]." Harrow v. Street (In re Fruehauf Trailer Corp.), 600 Fed. Appx. 557 (9th Cir. 2015).

Unlike in Lal and Tani, Mikhak's counsel's actions are not the reason her case was dismissed. The Court gave Mikhak a further extension of time to initiate arbitration before her case was dismissed even after November 27, 2017, and Mikhak still did not initiate arbitration. See Order of Conditional Dismissal in Case No. 16-901 (holding on 12/5/17 that "if Plaintiff shall certify to this Court, within thirty days of this Order, that she has initiated arbitration, the foregoing Order shall stand vacated"); Order re "Plaintiff's Opposition to Defendant's Motion" in Case No. 16-901 (reiterating January 4, 2018 deadline to initiate arbitration). Based on her continued filings as to the merits of the case, see, e.g., Plaintiff's Opposition to Defendant's Motion in Case No. 16-901; Motion for Subpoena in Case No. 16-901, and the filing of a new lawsuit re-alleging many of the same issues, see Compl. (dkt. 1), it seems that she declined to initiate arbitration because she continued to believe that the merits of her case should be heard in a federal district court, and not in arbitration, where she believed that opposing counsel would "defraud the arbitrator." See Reply at 5. That is not her lawyers' fault.[5]

---

[5] Mikhak asserts at one point in her motion that she "even sent an email to her counsels to initiate arbitration (ER2, page 106) which suggests her intention was to comply with the court's order. But she later realized she could no longer trust their representation." Mot. at 16. But she does not claim that she definitively instructed her counsel to initiate arbitration and that they failed to do so.

8

Accordingly, the motion fails under Rule 60(b)(6).

### 5. Abuse of Discretion

Finally, Mikhak argues that this Court abused its discretion in dismissing her case with prejudice, and the Ninth Circuit abused its discretion by affirming this Court. See Mot. at 18–24. But this Court's ruling was already the subject of an appeal, and the Ninth Circuit concluded that this Court did not abuse its discretion. See USCA Memorandum in Case No. 16-901 at 1 ("We review for an abuse of discretion. . . . We affirm."). And this Court has no jurisdiction to review whether the Ninth Circuit's decision affirming this Court was itself an abuse of discretion.[6] Mikhak's petition for panel rehearing and petition for rehearing en banc were denied. See USCA Order (dkt. 85) in Case No. 16-901. Mikhak filed a petition for writ of certiorari in the United States Supreme Court, see Writ (dkt. 89) in Case No. 16-901, and the Supreme Court denied her petition for a writ of certiorari, see Denial of Cert. in Case No. 16-901.

Accordingly, the motion fails on the abuse of discretion argument.

For the foregoing reasons, Mikhak's motion to set aside the judgment in her earlier case is DENIED.

**IT IS SO ORDERED.**

Dated: March 1, 2022

CHARLES R. BREYER
United States District Judge

---

Even the document she cites in support of this statement—a timeline she has created of the events of her earlier case, which she attached to her new complaint—asserts that on 11/8/17, "[u]nder extreme time pressure, [she] sent an email to ,. . . former counsels to initiate the arbitration agreement" but that on 11/9/17 she "immediately emailed . . . counsels and asked them to file a motion for more time." See Compl. (dkt. 1-6) at 127 of 182.

[6] Mikhak argues that "[I]f the district court had the inherent power to enter judgment that Plaintiff's INITIAL and NEW Complaints are related, then it certainly must mean that it has the jurisdiction to consider Plaintiff's two arguments." See Reply at 29. Not so. Determining whether two cases are related under Civil Local Rule 3-12(a) is an entirely different inquiry than determining if this Court or the Court of Appeals abused its discretion.