UNITED STATES DISTRICT COURT

## DROP BOX FILING INFORMATION CARD

Please complete the following information and insert this card in window of drop box pouch:

1. Case Number: _3:21-CV-06919-CRB_

2. Short case title: _Mikhak v. University of Phoenix et.al._ of _____ pouches.

3. This is pouch number: _____

4. Check enclosed: ☐ Yes ☒ No

5. Print your name: _Bahar Mikhak_

6. Name of messenger service (or firm) _____

   Phone number: _415-845-0141_

**RECEIVED**

MAR 04 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Bahar Mikhak
25595 Compton Court
Apt. 103
Hayward, CA 94544
Phone Number: 415-845-0141
Email Address: mikhakb@hotmail.com

Pro Se Litigant

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHAR MIKHAK,<br><br>             Plaintiff,<br><br>     v.<br><br>UNIVERSITY OF PHOENIX, INC., WILLIAM J. PEPICELLO, PH.D., DR. RYAN BERMAN, DR. CATHY MALONE, MS. LINDY BEAM, NEDA N. DAL CIELO, COOPER J. SPINELLI, KIMBERLY GEE RAMOS, MARLENE S. MURACO, MATTHEW E. WALLS, LITTLER MENDELSON P.C., BARBARA TAYLOR, KIM SPENCE, AND DOES 1-20,<br><br>             Defendants. | Case No. **4:21-CV-06919-SBA**<br><br><br>**PLAINTIFF'S LETTER TO JUDGE RICHARD SEEBORG**<br><br>Judge: Saundra Brown Armstrong<br><br>Complaint Filed: September 7, 2021 |

Dear Honorable Judge Richard Seeborg,

I am writing about the Moving Defendants' Motion for Administrative Relief from Case Management Schedule (**Document** 22) and your recent order (**Document** 38) granting them their Motion.

As you know, pursuant to Local Rules 6-3 and 7-11, I filed my Motion for Administrative Relief (**Document** 40) to respectfully request an extension of time to respond to Moving Defendants' multiple sequential motions with numerous issues, including their Motion to Dismiss my complaint. I have listed in **EXHIBIT A** all the related pleadings and/or court orders pertinent to my letter.

I am writing to explain why I had **14 days** until **12/01/21**, not **4 days** until **11/21/21** to file either a response to the Moving Defendants' Motion or file my Motion for time extension to file my response. Initially, upon receipt of your order (**Document 38**) issued on 11/30/21, <u>one day earlier</u> than my true due date of 12/01/21, I was shaken and confused because I thought I had until the <u>next day</u> to file my Motion. Sadly, I thought that if I file my Motion on the same day (11/30/21) as you had issued your order, my request would be considered too late because you had already granted the Moving Defendants' the time relief that they had requested from the Case Management Schedule.

1

At first, I thought the defendant's motion was an administrative motion and that I had missed the deadline. the time-limit to file responses to Motions is listed as **14-days** in the Handbook for Pro Se Litigants and there is no mention that the Administrative Motions have a time-limit of only **4 days**. In my Proposed Order filed on 12/01/21 (**Document** 42) I explained my reasons listed below for why I did not wait until after the original deadline passes before asking the court for an extension of time. I hope you will find this proof to be sufficient:

**Reason #1** There is no legal ground that the Moving Defendants' Motion for Relief from Case Management Schedule qualifies as a "Motion for Administrative Relief," as described in **Civil L.R. 7-11 (EXHIBIT B)**. There is no authority for their mischaracterization of their Motion for Relief as a "miscellaneous administrative matter." There is no evidence that Relief from Case Management Schedule falls under ""miscellaneous administrative matters" ... that is **"not otherwise governed** by ... **local rule...**or standing order of the assigned Judge."

> **7-11.    Motion for Administrative Relief**
> The Court recognizes that during the course of case proceedings a party may require a Court order with respect to **miscellaneous administrative matters, not otherwise governed** by a federal statute, Federal Rule, **local rule**, or standing order of the assigned Judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.

**Reason #2** This mischaracterization was done by Ms. Marlene Muraco, the attorney for the Moving Defendants and it was emphasized in her email reply (**EXHIBIT C**) to me on November 30, 2021 at 11:48PM in response to my rushed request to stipulate.

**Reason #3** The legal ground for **Relief from Case Management Schedule** is described in Civil Local **Rules 16-2(d)** and **16-2(e)) (EXHIBIT D)**.

> **Civil Local Rules 16-2 (d)**
> **Relief from Case Management Schedule**. By serving and filing a motion with the assigned Judge pursuant to Civil L.R. 7, a party, including a party added later in the case, may seek relief from an obligation imposed by Fed. R. Civ. P. 16 or 26 or the Order Setting Initial Case Management Conference. The motion must:
> **(1)** Describe the circumstances which support the request;
> **(2)** Affirm that counsel for the moving party has conferred with all other counsel in an effort to reach agreement about the matter and, for each other party, report whether that party supports or opposes the request for relief;
> **(3)** Be accompanied by a proposed revised case management schedule; and
> **(4)** If applicable, indicate any changes required in the ADR process or schedule in the case.

> **Civil Local Rules 16-2 (e)**
> **Limitation on Stipulations**. Any stipulation that would vary the date of a Case Management Conference shall have no effect unless approved by the assigned Judge before the date set for the conference. Any stipulation must comply with Civil L.R. 7-12.

**Reason #4 Civil Local Rules 16-2 (d)** suggests that Relief from Case Management Schedule can be done: **"**By serving and filing a **motion**...**"** first, it does not specify that the motion used must be designated as an "Motion for Administrative Relief," second, it suggests "filing a motion with the **assigned** Judge...," and third, it suggests "... pursuant to **Civil L.R. 7** ... , " without specifying **Civil L.R. 7-11** which is for "Motion for Administrative Relief." But because Ms. Muarco has cited both

**Local Rules 16-2(d)** and **7-11** in her Motion (**Document** 22)**,** she has mischaracterized her Motion as a "miscellaneous administrative matter," under the category of **Motions for Administrative Relief.** I wonder if her mention of both the applicable **Civil L.R. 16-2(d)** and the non-applicable **Civil L.R. 7-11** was done intentionally for deceptive disclosure, to put unnecessary time pressure on me to respond within **4 days** instead of the allowed **14 days**, and to create confusion with the court to rush to issue an order prior to giving me an opportunity to file my response.

**Reason #5** The only examples provided under the **Civil L.R. 7-11** for **Motions for Administrative Relief** are "motions that would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example." There is no mention anywhere in the local rules that Relief from Case Management Schedule qualified as "Motion for Administrative Relief."

**Reason #6** If a Motion qualifies as an "Administrative Motion," the word "Administrative" would appear along the word "Motion," and the **Civil L.R. 7-11** would be specifically cited (**EXHIBIT E**):

> **Example 1** "… for Administrative Motion to Augment the Record" or an "Administrative Motion for an Evidentiary Hearing. Any associated administrative motion must be made in accordance with Civil L.R. 7-11."

> **Example 2** "The Motion to Consider Whether Cases Should be Related" is considered an "Administrative Motion" because the local rules explicitly state: "…the party must promptly file in the lowest-numbered case an **Administrative Motion** to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11."

**Reason #7** Given the fact that Relief from Case Management Schedule does not fall under the ""miscellaneous administrative matters" … that is **"not otherwise governed** by … local rule…" and it is governed by the standing order of the assigned Judge as stated in Civil Local Rules 16-2 (d), then the decision to grant the Moving Defendants' Motion for Relief from Case Management Schedule is bound by the **assigned judge**'s standing order.

For the above-mentioned reasons, the Moving Defendants' Motion for Relief from Case Management Schedule was mischaracterized as an Administrative Motion. Thus, the **4 days** time limit is not relevant to me.

If my Motion for time extension is not granted, it could tremendously put me at a disadvantage setting me up for failure right off the bat. Having been a *pro se* litigant, *pro se* appellant, and *pro se* petitioner for so long has taken a toll on my health. Because of my health conditions, my doctor (Dr. Alejandro Diaz) has stated in his new letter (**EXHIBIT F**) dated December 02, 2021 that I should be granted appropriate accommodations. If the time extensions I requested in my **TABLE B** (**Document 40-3**) are granted, my health conditions will not be put at risk of getting triggered by toxic time pressures.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: December 03, 2021

/s/ Bahar Mikhak
Bahar Mikhak

3

| EXHIBIT A | | | | |
|---|---|---|---|---|
| Date Filed/Issued | Docket Number | Title | Must File a Response Within | Due Date to File a Response |
| 11/17/21 | Document 22 | MOTION BY DEFENDANTS UNIVERSITY OF PHOENIX, INC., ET AL. FOR ADMINISTRATIVE RELIEF FROM CASE MANAGEMENT SCHEDULE | 14 days (not 4 days) | 12/01/21 (not 11/21/21) |
| 11/30/21 | Document 38 | ORDER AS MODIFIED BY THE COURT GRANTING MOTION BY DEFENDANTS UNIVERSITY OF PHOENIX, INC., ET AL. FOR ADMINISTRATIVE RELIEF FROM CASE MANAGEMENT SCHEDULE | | |
| 11/30/21 | Document 40 | PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND TIME TO RESPOND TO THE MOVING DEFENDANTS' NOTICE OF MULTIPLE SEQUENTIAL MOTIONS WITH NUMEROUS ISSUES, INCLUDING THEIR MOTION TO DISMISS THIS ACTION PURSUANT TO F.R.C.P. 12(B)6, AND/OR F.R.C.P. 8. | | |
| 12/01/21 | Document 42 | [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND TIME TO RESPOND TO THE MOVING DEFENDANTS' NOTICE OF MULTIPLE SEQUENTIAL MOTIONS WITH NUMEROUS ISSUES, INCLUDING THEIR MOTION TO DISMISS THIS ACTION PURSUANT TO F.R.C.P. 12(B)6, AND/OR F.R.C.P. 8. | | |

# EXHIBIT B

**7-11.   Motion for Administrative Relief**

The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, **not otherwise governed by** a federal statute, Federal Rule, local rule, or standing order of the assigned Judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.

**(a)   Form and Content of Motions.** A motion for an order concerning a miscellaneous administrative matter may not exceed 5 pages (not counting declarations and exhibits), must set forth specifically the action requested and the reasons supporting the motion, and must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained. If the motion is manually filed, the moving party must deliver the motion and all attachments to all other parties on the same day that the motion is filed.

**(b)   Opposition to or Support for Motion for Administrative Relief.** Any opposition to or support for a Motion for Administrative Relief may not exceed 5 pages (not counting declarations and exhibits), must set forth succinctly the reasons in opposition or support, must be accompanied by a proposed order, and must be filed no later than 4 days after the motion has been filed. The opposition or support and all attachments thereto, if manually filed, must be delivered to all other parties the same day it is manually filed.

**(c)   Action by the Court.** Unless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due.

# EXHIBIT C

**From:** Muraco, Marlene <MMuraco@littler.com>
**Sent:** Tuesday, November 30, 2021 11:48 PM
**To:** Bahar Mikhak <mikhakb@hotmail.com>
**Subject:** RE: Your prompt response will be greatly appreciated

Ms. Mikhak,

I apologize for not being able to reply to you this afternoon. I was taking a deposition until 6:00 p.m. and did not see this email until you filed your motion with the court.

My two administrative motions were granted by the court today. Accordingly, there's no ground for you to oppose them.  That leaves the motion to dismiss as the only motion for you to oppose.

Regards,

- Marlene

**Marlene Muraco**
Shareholder
408.795.3435 direct, 408.391.7932 mobile, 408.288.5686 fax
MMuraco@littler.com

Pronouns: She/Her

Littler
Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
50 West San Fernando Street, 7th Floor, San Jose, CA 95113-2434
**From:** Bahar Mikhak <mikhakb@hotmail.com>
**Sent:** Tuesday, November 30, 2021 3:12 PM
**To:** Muraco, Marlene <MMuraco@littler.com>
**Subject:** Your prompt response will be greatly appreciated

## [EXTERNAL E-MAIL]

Dear Ms. Muraco,
**I am writing to request that you agree to an extension of time for me to file my responses to** your multiple sequential motions, listed below in **TABLE A**, including your **Motion to Dismiss my complaint.**

1

| | | TABLE A – Ms. Muraco's Motions | | |
|---|---|---|---|---|
| **Document Number** | **The Moving Party Filed on Date** | **Motion Title** | **The Earliest Due Date** | **The New Due Date** |
| **Document 15** (5 pages) | 10/25/2021 | Motion for Administrative Relief to Extend Time to Respond to Complaint (**Motion to Dismiss**) | The due date for six of the defendants was Monday 10/25/2021 and Dal Cielo's response was due on 11/15/2021. | 11/19/2021 |
| **Document 22** (6 pages) | 11/17/2021 | Motion for Administrative Relief from **Case Management Schedule** and Order to Block **Subpoenas** | | |
| **Document 23** (3 pages) | 11/18/2021 | Administrative Motion **to Exceed Page Limit** in their Motion to Dismiss | | |
| **Document 24** (15 pages) | 11/19/2021 | **Notice of Motion** and **Motion to Dismiss** Pursuant to FRCP **Rules 8 and 12(B)(6)** | | |
| **Document 25** (17 pages) | 11/20/2021 | Proposed Order Granting Defendants' **Motion to Dismiss** Pursuant to FRCP **Rules 8 and 12(B)(6)** | | |

This time extension is necessary for me to sort out the numerous issues in your multiple sequential Motions listed below in **TABLE B**.

| | TABLE B – My Proposed Schedule | |
|---|---|---|
| **The New Due Date** | **Days** | **Event** |
| 12/30/2021 | 29 days | (1)  My OPPOSITION RESPONSE to Ms. Muraco's Motion for Administrative Relief from Case Management Schedule requesting that the hearing on Motion to Dismiss to be held on Jan 12, 2022, |

| | | |
|---|---|---|
| | | before the deadline to exchange of Initial Discovery under General Order 71 (due: 12/01/21). |
| | | (2) My OPPOSITION RESPONSE to Ms. Muraco's Motion to request for an Order to Block Subpoenas (due: 12/01/21). |
| | | (3) My OPPOSITION RESPONSE to Ms. Muraco's Motion to request that I pare down my Complaint (due: 12/01/21). |
| | | (4) My OPPOSITION RESPONSE to Ms. Muraco's falsehood that I had rejected Marlene's request to Exceed Page Limit in her Motion to Dismiss (due: 12/02/21). |
| 12/30/2021 | 29 days | (5) My Administrative MOTION to Exceed Page Limit in my OPPOSITION RESPONSE (due: 12/03/21). |
| 12/30/2021 | 29 days | (6) My Administrative MOTION to hold Ms. Muraco, Littler Mendelson, P.C., and the UOP in contempt of court for not complying with the court-issued **SUBPOENA DUCES TECUM** on two of UOP's witnesses (Barbara Taylor and Kim Spence) who are defendants in this lawsuit. |
| 02/02/2022 | | (7) Deadline to exchange Initial Discovery under General Order 71. |
| 02/04/2022 | 60 days | (8) Complete an **alternative method** of service of process on any individual defendant whose service of process is deemed as "insufficient" because of evading service, etc. |
| 03/03/2022 | 90 days | (9) My OPPOSITION RESPONSE to Ms. Muraco's Motion to Dismiss. |
| 03/10/2022 or 03/17/2022 | 7 days or 14 days | (10) Ms. Muraco's options to file her Reply (if any) |
| 03/24/2022 | | (11) Hearing on Defendants' Motion to Dismiss Plaintiff's Complaint |
| 04/28/2022 | | (12) Last day to meet and confer as required by Rule 26(f) and to file ADR Certification signed by Parties and Counsel. |
| 05/12/2022 | | (13) Last day to file Rule 26(f) Report. |
| 05/19/2022 | | (14) Initial Case Management Conference. |

Given the impending deadlines, if I don't hear back from you by Tuesday (11/30) 5PM, I will have to seek relief from the Court immediately. I am hoping that will not be necessary and we can arrive at a fair decision on my timeline to address the numerous issues you raised without burdening the court.

Thanks in advance.
With kind regards,
Bahar

# EXHIBIT D

## 16.  CASE MANAGEMENT AND PRETRIAL CONFERENCES

**16-1.  Definitions**

"Scheduling," "discovery," or "status" conferences under Fed. R. Civ. P. 16 and 26 shall be designated as "case management conferences" in this Court. All statements, proposed orders, or other documents prepared in connection with such conferences must be referred to as such.

**16-2.  Order Setting Initial Case Management Conference**

(a)  **Issuance and Service of Order.**  Once an action is initiated in this Court, the Clerk shall issue an Order Setting Initial Case Management Conference and ADR Deadlines. The Order shall set the following dates, among others: (1) the date for the Initial Case Management Conference on the assigned Judge's calendar; and (2) the deadline for filing the ADR Certification required by Civil L.R. 16-8(b). The plaintiff must serve on each defendant a copy of the Order, along with the supplementary materials specified by Civil L.R. 4-2. This Order shall not be issued in categories of cases that are excluded under the Federal Rules of Civil Procedure, these Local Rules, or an order of this Court.

(b)  **Case Management Schedule in Removed Cases.** When a case is removed from a state court to this Court, upon the filing of the notice of removal the Court shall issue to the removing party an Order Setting Initial Case Management Conference, as described in subsection (a), above. The removing party must serve the other parties in the case with a copy of the Order and the supplementary materials specified in Civil L.R. 4-2. Unless ordered otherwise by the Court, the filing of a motion for remand does not relieve the parties of any obligations under this rule.

(c)  **Case Management Schedule in Transferred Cases.** When a civil action is transferred to this district, the Court shall issue to the plaintiff an Order Setting Initial Case Management Conference, as described in subsection (a), above. The plaintiff must serve the other parties in the case with a copy of the Order and the pertinent supplementary materials specified in Civil L.R. 4-2.

(d)  **Relief from Case Management Schedule.** By serving and filing a motion with the assigned Judge pursuant to Civil L.R. 7, a party, including a party added later in the case, may seek relief from an obligation imposed by Fed. R. Civ. P. 16 or 26 or the Order Setting Initial Case Management Conference. The motion must:

(1)  Describe the circumstances which support the request;

(2)  Affirm that counsel for the moving party has conferred with all other counsel in an effort to reach agreement about the matter and, for each other party, report whether that party supports or opposes the request for relief;

(3)  Be accompanied by a proposed revised case management schedule; and

(4)  If applicable, indicate any changes required in the ADR process or schedule in the case.

(e)  **Limitation on Stipulations.** Any stipulation that would vary the date of a Case Management Conference shall have no effect unless approved by the assigned Judge before the date set for the conference. Any stipulation must comply with Civil L.R. 7-12.

# EXHIBIT E

## Example 1

### 3-12.   Related Cases

(a)   **Definition of Related Cases**. An action is related to another when:

(1)   The actions concern substantially the same parties, property, transaction, or event; and

(2)   It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

(b)   **Administrative Motion to Consider Whether Cases Should be Related**. Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11. In addition to complying with Civil L.R. 7-11, a copy of the motion, together with proof of service pursuant to Civil L.R. 5-5, must be served on all known parties to each apparently related action. A courtesy copy of the motion must be lodged with the assigned Judge in each apparently related case under Civil L.R. 5-1(e)(7).

## Example 2

### 72-3.   Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge

(a)   **Form of Motion and Response**. Any objection filed pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(B) must be made as a "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge." The motion must be made pursuant to Civil L.R. 7-2 and must specifically identify the portions of the Magistrate Judge's findings, recommendation, or report to which objection is made and the reasons and authority supporting the motion.

(b)   **Associated Administrative Motions**. At the time a party files a motion under Civil L. R. 72-3(a) or a response, the party may accompany it with a separately filed motion for "Administrative Motion to Augment the Record" or an "Administrative Motion for an Evidentiary Hearing." Any associated administrative motion must be made in accordance with Civil L.R. 7-11.

(c)   **Record before District Judge**. Except when the Court grants a motion under Civil L.R. 72-3(b), the Court's review and determination of a motion filed pursuant to Civil L.R. 72-3(a) shall be upon the record of the proceedings before the Magistrate Judge.

# EXHIBIT F

Name: Bahar Mikhak | DOB: 6/11/1970 | MRN:█████ | PCP: Alejandro E Diaz, MD

## Letter Details



**ALAMEDA**
HEALTH SYSTEM

HIGHLAND HOSPITAL
HIGHLAND HOSPITAL ADULT MEDICINE CLINIC
1411 E 31ST ST
OAKLAND CA 94602
Dept: 510-437-5039
Loc: 510-437-4800

Dept: 510-437-5039

Dept Fax: 510-535-7313


December 2, 2021

Patient:        **Bahar Mikhak**
Date of Birth: **6/11/1970**
Date of Visit: **11/26/2021**


To Whom It May Concern:

I am writing this letter on behalf of my patient Ms. Bahar Mikhak. I have been Ms. Mikhak's primary care doctors for several years now and I am very familiar with her medical history. It is my opinion that Ms. Mikhak has medical conditions which would be worsened by stress. It would be beneficial for Ms. Mikhak to have any appropriate accomodation in order to help mitigate this Thanks in advance for your consideration. Please feel free to reach out with any questions.

If you have any questions or concerns, please don't hesitate to call.


Sincerely,

Alejandro E Diaz, MD

CC: No Recipients

*This letter was initially viewed by Bahar Mikhak at 12/2/2021 1:36 PM.*

MyChart® licensed from Epic Systems Corporation © 1999 - 2021

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAHAR MIKHAK,

          Plaintiff,

     v.

UNIVERSITY OF PHOENIX INC., et al.,

          Defendants.

Case No. 21-cv-06919-SBA

**REFERRAL FOR PURPOSE OF
DETERMINING RELATIONSHIP**

Pursuant to Civil Local Rule 3-12(c), the above-entitled case is hereby REFERRED, to the Honorable Charles R. Breyer for consideration of whether the case is related to 16-cv-901-CRB Mikhak v. University of Phoenix.

**IT IS SO ORDERED.**

Dated: December 1, 2021

RICHARD SEEBORG
United States District Judge

1   Bahar Mikhak
2   25595 Compton Court
    Apt. 103
3   Hayward, CA 94544
    Phone Number: 415-845-0141
4   Email Address: mikhakb@hotmail.com

5   *Pro Se* Litigant

6

7                **UNITED STATES DISTRICT COURT**

8               **NORTHERN DISTRICT OF CALIFORNIA**

9

10  BAHAR MIKHAK,                          )   Case No. **3:16-CV-901-SBA**
                                           )   Honorable Judge: Charles R. Breyer
11              Plaintiff,                 )
                                           )
12      vs.                                )
                                           )
13                                         )   **PLAINTIFF'S RESPONSE**
    UNIVERSITY OF PHOENIX, INC.,           )   **OPPOSING DEFENDANT'S**
14  WILLIAM J. PEPICELLO, PH.D., DR.       )   **RESPONSE TO REFERRAL FOR**
    RYAN BERMAN, DR. CATHY                 )   **PURPOSE OF DETERMINING**
15  MALONE, MS. LINDY BEAM, NEDA           )   **RELATIONSHIP PURSUANT TO**
    N. DAL CIELO, COOPER J.                )   **CIVIL LOCAL RULES 3-12(C)**
16  SPINELLI, KIMBERLY GEE RAMOS,          )
    MARLENE S. MURACO, MATTHEW             )
17  E. WALLS, LITTLER MENDELSON            )
    P.C., BARBARA TAYLOR, KIM              )
18  SPENCE, AND DOES 1-20,                 )   Judge: Saundra Brown Armstrong
                                           )   Complaint Filed: September 7, 2021
19              Defendant(s).              )
                                           )
20  _____

21

22                    **INTRODUCTION**

23          On Sunday, December 5, 2021, Ms. Muraco filed her Statement of Support for

24  Honorable Judge Richard Seeborg's referral of my case to Honorable Judge Charles

    R. Bryer for consideration of whether it is related to 16-cv-901-CRB *Mikhak v.*
25
    *University of Phoenix.*
26
            The purpose of my Opposition Response is first, to expose many of Ms.
27
28  Muraco's false assertions regarding the facts of my Complaint, to set the record

1  straight so to prevent any confusion, and second, to remind the court that, unlike

2  Ms. Muraco, I do not believe that knowledgeable, wise, and experienced judges are

3  **infallible**, and thus, I would not put the opinions of Honorable Judge Breyer and

4  the Honorable judges on the panel (i.e., Judge M. Margaret McKeown, Judge Jay Bybee,

5  and Judge John Owens) at the Ninth Circuit, on pedestal, and assume they are

6  ALWAYS going to be right, and third, to remind the court that there will be no

7  justice unless the court does a careful examination and complete fact-checking of

8  all the evidence so falsehood vanishes and truth prevails.

9      **FIRST,** for Ms. Muraco, the rest of the UOP's team of counsel (some with

10  more involvement than others,) and the Littler Mandelson's law firm, this pattern

11  of resorting to intentional mischaracterization and misrepresentation of either my

12  faculty status, or my allegations in my Complaint, or what happened during trial

13  or appeal, etc. is nothing new. One of the reasons there were several volumes to my

14  NEW Complaint (and now for me exceeding the page limit) is because of the many

15  falsehoods that I need to debunk for the court. My apologies for my Opposition

16  Response being passed due. I see value on filing my response later than Ms.

17  Muraco because doing so will give me a chance to neutralize Ms. Muraco's false

18  assertions and to undo her efforts to create confusion with the court (*See*, Factual

19  Background.)

20      **SECOND,** I understand that Judge Breyer is one of the most respected

21  judges at the district court in the Northern District of California who has been

22  blessed with legal knowledge and wisdom. But I believe that Ms. Muraco's

23  reference to "Judge Charles Breyer issued a well-reasoned, twenty-five page

24  decision," was intended to put Honorable Judge Breyer at the level of TRUTH, ALL

25  the time. The courts and the academics have similar vulnerabilities in this regard.

26  For example, a noble prize laureate in academia can never be wrong, and his or her

27  scientific opinion tends to be idolized by the scientific community no matter what.

28  Ms. Muraco wants the court to be influenced by their loyalty to prominent leaders

Case No. 4:21-CV-06919-SBA
PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S RESPONSE TO
REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP

1   and believe that, without a doubt, they will ALWAYS be correct and will never

2   make mistakes. She wants the court to be like those people who cannot believe that

3   a person they idolized has made a mistake.

4          Whatever (e.g., human error, bias, or both etc.) caused Honorable Judge

5   Breyer, his staff attorneys, and his clerks to not see the truth or not to allow the

6   truth to be revealed in the first place (*See* **EXHIBIT A**) will most likely be at play

7   the second time around. In one of his rulings, Honorable Judge Breyer falsely

8   referred to my contentions about attorney misconduct as "theories," and he further

9   added salt to injury by ruling to suppress new information from both parties.

10  His order put me at a disadvantage with appeal as my only option, and protected

11  the UOP, its false witnesses (Barbara Taylor and Kim Spence,) and its counsel

12  (Neda Dal Cielo, Marlene Muraco, Cooper J. Spinelli, and others etc.) from being

13  held accountable.

14         Also, despite of my loss, because of my appeal at the Ninth Circuit and my

15  petition at the Supreme Court, it is possible that Honorable Judge Breyer may

16  perceive me as a plaintiff who has undermined his reputation because he may have

17  never had anyone questioning his judgment. Thus, if he is assigned to my case, he

18  should recuse and disqualify himself.

19         Just like if a judge makes a correct judgment, it is not a reflection of them

20  ALWAYS making the right judgment, if a judge makes the wrong judgment, that is

21  also not a reflection that they will ALWAYS make the wrong judgment. But I

22  cannot afford to take that risk. Thus, I oppose possible assignment of my NEW

23  Complaint to Judge Breyer and his team of staff attorneys and clerks.

24         Ms. Muraco has repeated (what I had already mentioned in my Complaint)

25  the unfair decisions of the panel at the Ninth Circuit: "[t]he district court did not

26  abuse its discretion by dismissing ...," but she has failed to mention that in my

27  Motion for Clarification, I put a request for an explanation of the panel's unfair

28  decision and removal of their **misleading** and **incorrect** statement: "reject[ed] as

unsupported by the record [Plaintiff's] contentions that defendant and its counsel committed perjury, ….," but the panel denied my Motion. Perhaps it is because the panel was incapable of backing up their unfair decision with the truth, reason, or logic, so any explanation they would have provided me would have exposed their biases and their disregard for the truth. It gives me pause that the Ninth Circuit never informed me of the judges who will be on the panel for my appeal until they had already issued their unfair ruling. Because of this surprise, I did not get the chance to request for the recusal of two of the judges (Honorable Judge Bybee and Honorable Judge McKeown) from my appeal. (*See* **EXHIBIT A**)

Unlike most people, I try not to put anyone, judges, Muslim scholars, myself, or even Messengers and Prophets of GOD at the level of TRUTH, ALL the time. For example, there are many examples in the Quran of Messengers or Prophets making mistakes in their personal lives or in their judgments of others <u>Mistakes of the Messengers; Submitters Perspective June 2010 (masjidtucson.org)</u>.

With her support for the referral, Ms. Muraco has opted to disqualify a new judge (Honorable Judge Saundra Brown Armstrong) who was randomly assigned to my case. In doing so, it would be "business as usual," for Ms. Muraco and the attorneys like her. When everything stays the same, even if at the risk of manifest injustice, the courts do not need to come out of their comfort zones and make a paradigm shift. This is a problem with many systems where smart people who want to do the right thing are discouraged from denouncing their prejudices or biases towards one perspective, one understanding, one leader, one judge, one method, one messenger, one prophet, or one paradigm because change is too hard to do. This is a scary mentality because it takes away our freedom and it limits us to one paradigm to understand the world in only in this one specific way, which destroys the gift that GOD has granted us as a system of FREE will to examine every word and choose the BEST word.

If I say Honorable Judge Breyer has made a fair or correct judgment, it does not mean he has never made any unfair or wrong judgments. Just as we should not idolize our judges, we should not idolize our own egos, or put ourselves at a position of TRUTH all the time either. We need to come to this with a humble attitude. For example, I urge my students to listen to what I say but I tell them that I do not think I am ALWAYS correct, they should not put me or anyone else in the position of the TRUTH all the time. I remind them that if I say something that resonates with them now, it does not mean they should accept, rely, and trust my information ALL the time <u>without first verifying it for themselves</u>.

Also, Ms. Muraco's mention that my petition for a Writ of Certiorari was denied by the Justices at the US Supreme Court is **misleading** because she fails to mention that they denied my petition because it involved factual controversies that had to be sorted out not because they had reviewed my case for its merits.

**THIRD,** distinguishing truth from falsehood is no longer a sufficient skill because, today, one needs to cultivate the skills to distinguish truth from what is "close to the truth," and to distinguish **real** facts from distorted or "alternative" facts. But Ms. Muraco seems to want the court to resist this change and not become excited about what I am asking the court to contend with. Ms. Muraco seems to love the world of justice the way it is, not based on the truth, the whole truth, and nothing but the truth. But based on partial and the type of truth that is mixed in with her illusions about the truth.

With respect to my NEW Complaint, what first needs to be done by the new judge or the jury (who hopefully, does not regard the previous judge and the panel as infallible) is a <u>fact-finding process</u>; a determination of whose facts are supported by real and irrefutable <u>proof</u> that have weight, and whose "facts" are distorted and have no weight. If the validity of each piece of evidence is not verified, then judgment will be based on conjecture and guesswork. The only facts that can be considered are those that have weight and cannot be refuted.

1

## FACTUAL BACKGROUND

2   Sadly, I need to take up space to first set the record straight.

3   **FACT #1** Ms. Muraco has referred to my initial Complaint as the "First

4   Action." She has also referred to my NEW Complaint as the "Second Action."

5   There are TWO parts to my <u>initial</u> Complaint: Part I is the **first** stage where the

6   arbitration arguments were made. Part II is the employment and religious

7   discrimination that no arguments have been made. Marlene has lumped the two

8   parts into one and has referred to it as "the First Action." My case never made it

9   past the arbitration stage. She has done so that she could later claim that Judge

10  Breyer has reviewed my allegations or claims in the "First Action." Although,

11  Judge Breyer dismissed my "First Action" for failure to prosecute my claims, he

12  never reviewed them. He has only reviewed my claims to the *arbitration arguments*

13  of the "First Action." The only relationship between my NEW Complaint and my

14  <u>initial</u> Complaint that involves Judge Breyer is his unfair decision on the **first**

15  stage or the *arbitration* arguments of my "First Action."

16  **FACT #2** Ms. Muraco's assertion that "Plaintiff was employed by Defendant

17  University of Phoenix ("UOP") from April 2014–October 2014" is true. But what

18  she failed to mention but it is also true is that the UOP's <u>faculty qualification</u>

19  <u>process</u> for me was not a typical hiring process because it spanned over **12**

20  **months,** starting on September 3, 2013, the date I submitted my C.V. until the

21  letter of rejection from Dr. Cathy Malone in November of 2014. The hiring process

22  started with the initial screening, background check, phone interview, and my

23  participation in the UOP's three-staged <u>faculty qualification process</u>, during which,

24  I had to jump through **three** milestones: the Assessment Stage (January 31, 2014),

25

26

27

28

PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S RESPONSE TO
REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP

the Certification Stage (February 21, 2014 to March 14, 2014), and the Mentorship Stage (August 18, 2014 to October 13, 2014)[1] (**Exhibit T**, ER3-347).

**FACT #3** Ms. Muraco continues to mention that I asked for "an extended continuance" to find new counsel with "no time pressure." But she fails to mention that: I put a request for additional time beyond the 30-days to find a new counsel because there is a stigma associated with parting ways with one's counsel and because my becoming a *pro se* litigant for the first time coincided with the end of the year where most attorneys are distracted with the activities during the holiday season. (*See* **EXHIBIT B - PART III** of Plaintiff's Opposition to Defendant's Motion to Dismiss.)

**FACT #4** I raise issue with Ms. Muraco's double standard as I did with Ms. Dal Cielo's when they reference "...do something the Court had compelled her to do **nearly a year and a half ago,**" to suggest my delay in initiating arbitration prejudiced the UOP, while Mr. Matthew Wall helped the UOP to engage in a delay tactic that lasted **about one year**, and in the end, he failed to provide any responses to the EEOC's questions and prejudiced me before going to mediation. I raise issue with their constant disregard for my Right to Due Process by pressuring the court to dismiss my entire civil rights case with prejudice, even though a reasonable person would deem my short delay to initiate arbitration as a *pro se* litigant as **excusable,** and their delay of about **one year** as **inexcusable** where they pretended, they needed time to prepare their responses to the EEOC's questions but when the time came, they failed to provide any responses.

**FACT #5** Ms. Muraco repeatedly brings up how voluminous my Complaint is, suggesting it will be time consuming to sort through all of my allegations, while elsewhere, she claims that the allegations I presented in my NEW Complaint "are

---

[1] My counsel (**dkt.32**, **ER2:**148) and the district court (**dkt.27**, **ER1:**17) erroneously stated that the beginning date for this three-staged process was April 28, 2014, but on that date the UOP had sent me an email for course solicitation.

1  not new – Plaintiff previously submitted extensive briefing on UOP's attorneys'

2  alleged fraud to both Judge Breyer and the Ninth Circuit." My question to her is:

3  are these **new** allegations or not? If not, why did she need so much time to comb

4  through them?

5       **FACT #6** Ms. Muraco's claim is false that "… the Second Action involves the

6  same Plaintiff, the same primary Defendant (UOP) and the same underlying

7  events as the First Action," because my NEW Complaint is based on fraud as the

8  cause of action. It includes NEW claims of the UOP's and their team of counsel's

9  harassment and retaliation of me during the judicial proceedings. It includes

10 claims that they brought false witnesses (Barbara Taylor and Kim Spence) to

11 present perjured testimonies and forged documents under oath. And Dal Cielo even

12 came up with new perjured testimonies during appeal. As a *pro se* litigant for the

13 first time, I was never given an opportunity to litigate my allegations of intentional

14 material and fraudulent misrepresentation upon my discovery of what I used to

15 call "unethical legal practices." Maybe that was GOD's will, but I was blocked to

16 litigate them then upon discovery. Then I discovered more perjuries during appeal.

17      **FACT #7:** Her assertion about privity falls apart because the discovery of

18 fraud and misrepresentation and perjured testimonies etc. all happened during the

19 arbitration argument phase of my trial. Barbara Taylor and Kim Spence are

20 University employees but their misconduct was not discovered until later during

21 trial for arbitration. This is not about who was sued first; whether I sued the

22 employer (UOP) first or sued the employees (William Pepicello, Matthew Walls,

23 Barbara Taylor, and Kim Spence) first. When I sued the UOP first, the causes of

24 action involved employment and religious discrimination, harassment, and

25 retaliation (underline initial events). But when I sued the UOP employees later, the causes of

26 action involved **new** events (e.g., fraud, perjury, and misrepresentation.) Any

27 employer-employee relationship satisfying the privity requirement would make

28

1   sense if the claims in my <u>initial</u> Complaint were the same as my claims in my NEW

2   Complaint, but they are not.

3       **FACT #8:** Ms. Muraco asserts that **It Appears Likely There Will Be a**

4   **Risk of Conflicting Results if the Cases Are Conducted Before Different**

5   **Judges.** Yes, that is exactly why I filed my NEW Complaint to have a new judge or

6   the jury who is hopefully not biased by the opinion and decisions of the previous

7   judge and panel can review my allegations and evidence after a through fact

8   finding analysis of just the arbitration stage, not the employment discrimination or

9   what Marlene refers to as "the First Action." Risk of conflicting result is on the

10   decision for arbitration.

11       **FACT #9:** Ms. Muraco's assertion is false: "... Part II of Plaintiff's Complaint

12   seeks to set aside Judge Breyer's prior decision to dismiss the First Action, which

13   will allegedly leave her free to **(re)-litigate** the claims she was pursuing in the

14   First Action ..." because it would not be **re**-litigating the claims. The claims I

15   restated in Part I of the Complaint have never been litigated. Judge Breyer never

16   made a judgment on the employment and religious discrimination case. Period.

17   Marlene's assertion that I attacked Judge Breyer's judgment in the First Action is

18   **misleading**. I opposed his dismissal of my claims with prejudice. It is **misleading**

19   to suggest this is my second time **re**-litigating my employment and religious

20   discrimination claims.

21       **FACT #10:** When I made my reference to "more than one bite of the apple"

22   in my Complaint, I meant the arbitration stage of my <u>initial</u> Complaint not the

23   employment and religious discrimination claims: "Promissory estoppel is an

24   equitable remedy, and in conjunction with other legal claims, legitimately entitles

25   a plaintiff to **more than one bite of the apple** (i.e., both a judicial and a jury

26   determination) *C & K Engineering Contractors v. Amber Steel Co., Inc.* (1978) 23

27   Cal.3d 1, 8. The requirement of **avoiding injustice** leaves much discretion to the

28   judge in a promissory estoppel claim."

## LEGAL ARGUMENT

My NEW Complaint is related to my <u>initial</u> Complaint but because it concerns some (not all) of the parties and it involves some (not all) of the events, they do not fit the definition of "Related Cases" (*See* **Civil L.R. 3-12(a)** in **EXHIBIT C**) The **Civil L.R. 3-12(a)(1) Related Cases** states that an action is related to another when "the actions concern **substantially the same parties**, property, transaction, or **event**."

**ISSUE #1:** My NEW Complaint does not concern **substantially the same parties**." First, in addition to the University of Phoenix, my NEW Complaint concerns <u>at least</u> twelve **new** parties (e.g., Littler Mendelson P.C., Neda Dal Cielo, Marlene Muraco, Cooper Spinelli, Kimberley Ramos, Matthew Walls, Barbara Taylor, Kim Spence, William Pepicello, Ryan Berman, Cathy Malone, Lindy Beam, and DOES 1-20). Second, on February 23, 2016, when I filed my <u>initial</u> Complaint, nine of the twelve **new parties** (i.e., Littler Mendelson P.C., Neda Dal Cielo, Marlene Muraco, Cooper Spinelli, Kimberley Ramos, Matthew Walls, William J. Pepicello, Barbara Taylor, and Kim Spence) **substantially** were not the **same parties** to my <u>initial</u> Complaint because their alleged violations had not happened yet until later during the trial and the appeal proceedings. Their degree of each defendants' involvement and contribution is to be determined during discovery.

**ISSUE #2:** Although, the UOP's harassment and the retaliation of me during trial and appeal, with the help of Dal Cielo and others on their team of counsel, and their witnesses, was a continuation of the same hate and bias that started during my employment at the UOP, that does not mean that my NEW Complaint concerns **substantially the same events** as my <u>initial</u> Complaint. My <u>initial</u> Complaint or what Ms. Muraco refers to as "the First Action," involves my allegations of employment and religious discrimination, harassment, and retaliation which were never litigated. My NEW Complaint involves actions

1    concerning **new events** (e.g., harassment and retaliation by fraudulent and

2    material misrepresentation, presenting perjured testimonies, and forged

3    documents, etc.) during the **first stage** of my <u>initial</u> Complaint when the

4    arbitration arguments were made.

5            On February 23, 2016, at the time of filing my <u>initial</u> Complaint, these

6    **new events** concerning **Fraud Upon the Court** had not happened yet. The dates

7    relevant to my NEW Complaint with **FRAUD** as the **new cause of action** were

8    provided in **TABLE 3** in my NEW Complaint (*See* **EXHIBIT D**). These **new events**

9    cannot be concerning "**substantially the same events**" as the events in my <u>initial</u>

10   Complaint that happened in 2014. And upon my discovery of **Fraud Upon the**

11   **Court**, I did not get to litigate these **new events** during trial.

12           **ISSUE #3:** My NEW Complaint is related to my <u>initial</u> Complaint but

13   because my <u>initial</u> Complaint is not **pending** anywhere, they do not fit the

14   definition of "Related Cases," as shown on the **Civil Cover Sheet**. (*See* **EXHIBIT**

15   **E**). On September 7, 2021 when I filed my Complaint, I also filed my Civil Cover

16   Sheet in which I indicated the nature of my lawsuit as "Other Fraud." On the first

17   page of the Civil Cover Sheet, under item "**VIII. Related Cases**," is where I had

18   my first encounter with the concept of "Related Cases." That is where the plaintiff

19   is asked to report related case(s) "**IF ANY**" and review the instructions written in

20   the back (*See* **EXHIBIT F**), stating that the purpose is "to identify related

21   **pending** cases, if any." "**VIII. Related Cases.** This section of the JS-CAND 44 is

22   used **to identify related <u>pending</u> cases, if any.** If there **are related pending**

23   cases, insert the docket numbers and the corresponding judge names for such

24   cases." No case of mine is **pending** at Honorable Judge Breyer's Court while my

25   NEW Complaint is being considered in Honorable Judge Armstrong's Court. The

26   instructions suggest: "If there are **related <u>pending</u> cases …**," it does not say:

27

28

PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S RESPONSE TO
REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP

"if there are related cases ..." My humble understanding is that for a NEW Complaint to be qualified as "Related" to an <u>initial</u> Complaint for assignment to the judge with the **lowest-numbered case,** it is not enough for them to be related, the <u>initial</u> Complaint must also be **pending** at the time of filing the NEW Complaint.

Furthermore, **Civil L.R. 3-12 (b)** Administrative Motion to Consider Whether Cases Should be Related clearly states that "whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action **which is or was pending** in this district as defined in **Civil L.R.** 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to **Civil L.R. 7-11.**"

**ISSUE #4** Even if the Court assigns honorable Judge Breyer to my NEW Complaint, he should recuse himself pursuant **Civil L.R. 3-14. Disqualification of Assigned Judge.** (*See* **EXHIBIT G**)


## CONCLUSION

When we only care about the TRUTH, and what is important to us is what is being said, not who said it, when we refrain from putting our most knowledgeable and wise leaders in the position of TRUTH, at ALL times, and when we get into the habit of verifying every information before accepting it as the truth, is when there is hope for true justice in this life. I trust in GOD's promise that falsehood will inevitably vanish, and the truth will eventually prevail.


Dated: December 10, 2021

/s/ *Bahar Mikhak*
_____
Bahar Mikhak

# EXHIBIT A

Bahar Mikhak
25595 Compton Court
Apt. 103
Hayward, CA 94544
Phone Number: 415-845-0141
Email Address: mikhakb@hotmail.com

*Pro Se* Litigant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BAHAR MIKHAK, | Case No. **3:16-CV-901-SBA** |
| Plaintiff, | Honorable Judge: Charles R. Breyer |
| vs. | |
| UNIVERSITY OF PHOENIX, INC., WILLIAM J. PEPICELLO, PH.D., DR. RYAN BERMAN, DR. CATHY MALONE, MS. LINDY BEAM, NEDA N. DAL CIELO, COOPER J. SPINELLI,KIMBERLY GEE RAMOS, MARLENE S. MURACO, MATTHEW E. WALLS, LITTLER MENDELSON P.C., BARBARA TAYLOR, KIM SPENCE, AND DOES 1-20, | **EXHIBIT A – RELEVANT EXCERPTS FROM ADDENDUM TO PLAINTIFF'S COMPLAINT** |
| | Judge: Saundra Brown Armstrong |
| | Complaint Filed: September 7, 2021 |
| Defendant(s). | |

**EVENT #3:** I do not think it is possible to complain about the UOP's and Dal Cielo's fraud without describing the fact statements involving the district court's Judge Charles Breyer (hereinafter "the judge") who erred and abused his discretion where he failed to acknowledge my timely discovery of Dal Cielo's Fraud on the Court. (dkts.15-2 through 15-7, ER4: 418-516)

- The district court made plain errors when it manifestly failed to consider <u>material facts</u>

presented to it, and instead it continued to rely on partial evidence and a defected record, including perjured testimonies, forged documents, and concealed information.

- Initially, none of us could have anticipated that the district court would fail to fact-check the evidence and neglect to directly examine the Faculty Handbook.

- But the existing record shows instead of directly fact-checking the evidence, the court had relied on and had copied, pasted, and paraphrased excerpts from Dal Cielo's perjured testimonies under oath. (**Exhibit S1D1, ER3**: 413)

- Initially, we rightly assumed that the court would arrive at the conclusion that because I had self-identified as a faculty candidate, I was not covered by the arbitration agreement.

- But the district court's ruling was irretrievably tainted when the judge granted the UOP's motion to compel me to arbitration (App.31) denying me a jury trial, even though the arbitration agreement was invalid and unenforceable.

- The district court erroneously concluded that I had self-identified as a faculty member at the time of clicking "Accept" to the **Faculty Acknowledgement Detail** which was not an extrinsic evidence of related facts.

- The district court erroneously concluded that "parties manifested <u>mutual assent</u>" because it failed to verify for itself and acknowledge that the contractual language was full of <u>ambiguities, inconsistencies, and contradictory provisions</u>.

- The district court failed to recognize that there is no mention of faculty candidate under the Faculty Model, making faculty candidates a distinct category from faculty member.

- The district court erred when it failed to conclude that my contract interpretation was consistent with the rest of the Handbook.

- The district court failed to hold the UOP accountable for the ambiguity in the contractual language and failed to recognize Dal Cielo's mischaracterization as baseless that I was not familiar with the terms.

- My discovery of Dal Cielo's fraud prompted me to file motions in district court alleging that it was because of Dal Cielo's intentional misrepresentation of my faculty status that the UOP won the arbitration case against me.

Case No. 4:21-CV-06919-SBA

**EXHIBIT A – RELEVANT EXCERPTS FROM ADDENDUM TO PLAINTIFF'S COMPLAINT**

**EVENT#4: But the district court ignored my requests for an investigation into Dal Cielo's Fraud Upon the Court. Instead of granting me a Show Cause hearing, as a *pro se* litigant, it dismissed my case with prejudice for failure to prosecute, without giving me an opportunity to explain the reason for my delay in initiating arbitration.**

- On top of that, the district court issued an order to **suppress new submissions** from both parties.

- I made <u>three</u> attempts, as a first-time *pro se* litigant, to appeal directly to the court for reconsideration and relief from its dismissal judgment (see description below).

- The courts generally treat Motions for reconsideration as being filed under FRCP 59 or 60. My post-trial motions for reconsideration, under the CA Local C.R. 7-9(b), were timely and meritorious because I showed that, at the time of my motion for leave, a <u>new</u> and <u>material</u> difference existed, that I exercised reasonable diligence, and did not know of such a fact at the time of the interlocutory order.

- My <u>first attempt</u> to appeal directly to the judge was by filing my Motion #1 (**dkt.44, ER2:**122-129):

  o To request a time extension to find new counsel and to Show Cause for my delay in initiating arbitration after becoming *pro se*.

  o To request for leave to correct and amend the record pursuant to FRCP 15(a).

  o To set aside default for good cause pursuant to FRCP 55(c) and grant a Prove Up hearing or an evidentiary hearing to address the appropriate standard for relief under FRCP 60(b)(3).

- In my Motion #1 (**dkt.44, ER2:**122-129), I raised the district court's awareness of Dal Cielo's elements of deception involved. For example, I showed that the UOP had induced me to agree with the arbitration, and that Taylor's **Exhibit A** was forged document.

- But the judge still denied my motion. Please review (**Exhibit T**): A Visual Display of The Factual Background Related to The Arbitration Agreement During My Faculty Qualification Process.

Case No. 4:21-CV-06919-SBA

**EXHIBIT A – RELEVANT EXCERPTS FROM ADDENDUM TO PLAINTIFF'S COMPLAINT**

- The court outright refused to grant me leave to amend without stating *specific and justifying reasons for such denial*. (**dkt**.47, **ER1**:4-5) *Cf. Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

- If the court grants a motion to dismiss, it should provide a statement of its reasons so that plaintiff can make an intelligent decision on whether to amend the complaint. *Griggs v. Hinds Junior* College, 563 F.2d 179, 180 (5th Cir. 1977).

- This policy is particularly strong in <u>*pro se* civil rights cases</u>. Before dismissing for failure to state a claim, the court should give the *pro se* plaintiff a statement of the complaint's deficiencies. *Eldridge v. Block*, 832 F.2d 1132, 1135-1136 (9th Cir. 1987). "Courts have strictly enforced the requirement that a party threatened by summary judgment must receive notice and <u>an opportunity to respond</u>." *Massey v. Congress Life Ins. Co.*, 116 F.3d 1414 (11th Cir. 1997).

- I was a *pro se* litigant for only <u>26 days</u> when I made the <u>second attempt</u> and filed my Motion #2 (**dkt**.49, **ER2**:58-119):

  - To request a time extension beyond the holiday season to find new counsel.

  - To request leave to amend my complaint and correct the record (FRCP 15(a)).

  - To present the "missing" evidence. For example: Jolley's email stating that I should self-identify as faculty candidate. (**dkt**.44, **ER2**-125), and to explain the UOP's Actions leading up to contract formation as proof that the UOP induced me to click "Accept." (**dkt**.49, **ER2**:58-119)

  - To request relief from the dismissal ruling and a request for a new trial, citing FRCP 59.

  - To investigate Dal Cielo's misconduct. I wanted to avail myself of FRCP 26-37 for discovery so I put a request for the court to issue subpoenas to the witnesses who had lied under oath.

  - But the judge denied my request and my right to discovery and he omitted, in his order, any mention of Dal Cielo's discovery violation of FRCP 37.

○ Accidental omissions can be considered misconduct too so I take back what I may have said about the district court not engaging in misconduct.

- Under the Local C.R. 7-3 (App.73), I had <u>14 days</u> to file my "letter-reply," or Motion #2 (**dkt.**49, **ER2**:58-119) in opposition to Dal Cielo's "letter-response," or Motion to dismiss. 9. But the court dismissed my case with prejudice, **one week** early (**dkt.**47, **ER1**:4-5). Surprise evidence could be combated by granting a continuance to the surprised party. *Klonoski v. Mahlab*, 156 F.3d 255, 274-275 (1st Cir. 1998).

- The window of time from the date I parted ways with my counsel to the date of the dismissal of my case with prejudice lasted only <u>11 days</u>. (**Exhibit R2**)

- That left me with the only option of filing a Notice of Appeal at the Ninth Circuit, knowing that my appeal would have been stronger if my rights to Procedural Due Process were not denied in the district court.

- My case presents a serious error of federal law that necessarily constituted an abuse of discretion.

- The Ninth Circuit panel should have vacated the judge's denial of my FRCP 60(b)(3) motion and remanded with instruction to the judge to consider the entire motion with fresh eyes; a complete do over because the judge failed to draw a presumption of substantial interference and failed to assume the existence of the defendants' culpable misconduct and placed the burden of proof on the wrong party.

- Judge Breyer was quoted as saying "the worst thing in the world is the prosecution and conviction of an innocent person, or a conviction based on perjured testimony."

- I recently came across a news release posted on the district court's website about the judge's prestigious Devitt Award,[1] citing examples for the way he manages his courtroom with moral clarity and fairness to all parties.

- The judge's disdain for convictions based on perjured testimony, is a hopeful sign for

---

[1] The news release https://cand.uscourts.gov/news/235 has recently been taken down, but visit the website for the sponsors of the Devitt Award: https://www.prnewswire.com/news-releases/judge-charles-r-breyer-to-receive-the-nations-highest-judicial-honor-award-300717068.html

me, that one day, he may realize that his court relied on perjured testimonies in the weighing of relevant facts, and "convicted" an innocent person (me) to undergo forced arbitration with an opposing party who had lied under oath. I was justified in being extremely cautious, as a *pro se* litigant, knowing that Dal Cielo could defraud the arbitrator too.

- A general standard for determining prejudice and making relief appropriate is when a witness testifies falsely and "without [the false testimony], the court might have reached a different conclusion." The court erred by not granting relief because absent the opposing party's perjured testimonies, forged documents, and evidence concealed during discovery and trial, the court would have held that I was not covered by the arbitration agreement because I self-identified as a faculty candidate.

- Judge Breyer's eagerness to protect a defendant's right to a fair trial should not be at the risk of denying a plaintiff's right to procedural due process.

- In another example the judge had to balance protecting a defendant's right to a fair trial, while at the same time protecting the identity of an undercover agent. Out of concern for the UOP's right to a fair trial, he denied me my right to a fair trial.

- He failed to request supplemental briefing from both parties to address the appropriate standard for relief in the Ninth Circuit, as was done in *Venture Indus. Corp. v. Autoliv ASP, Inc.*, 457 F.3d 1322, 1332-1334 (Fed. Cir. 2006).

- Furthermore, he issued his order of *suppression of new submissions from both parties* <u>16 days</u> after he issued the dismissal of my case with prejudice (**dkt.**50).

- And the irony is that Dal Cielo had not even filed a motion to suppress. The burden of proof never shifted to them because of the way he protected them with his order to suppress evidence.

- I only had a few days to file a motion for reconsideration of this order, during the holidays, because I did not even have access to legal consultation with the Pro Bono Project. The court had at its disposal FRCP 13(f), FRCP 60(b)(1), FRCP 60(b)(2) and FRCP 6(b) to help enlarge the period of time beyond the <u>30-days that overlapped with</u>

1   the holiday season to give me sufficient time to find new counsel.

2   • I was blocked from availing myself of the same rights to Procedural Due Process that

3   Rozier availed herself of, in which she was granted opportunities for hearing oral

4   arguments and the district court considered briefs and affidavits filed by both parties.

5   *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978).

6   • Just as the Fifth Circuit did in *Rozier's* appeal, the trial judge's failure to state the

7   reasons for the denial of my motions was significant. *Dollar v. Long Mfg., N.C., Inc.*,

8   561 F.2d 613 (5th Cir. 1977).

9   • My third attempt to appeal directly to the judge was when I filed my Declarations of

10   New Analyses (**dkt.**73), my "Declaration of ALL the Alternate Facts" That Were Made

11   Up About Me in the Previous Testimonies Given Under Oath" (**dkt.**74), where I

12   presented **Exhibits S2-S10** as evidence in support of my new allegations of Dal Cielo's

13   misconduct.

14   • But the judge referred to my declarations as "plaintiff's theory." (**dkt.**77).

15   • Contrary to the judge's false characterization of my factual analysis, I proved that my

16   contentions were not theoretical or hypothetical. Everything was factually based and

17   proven by the existing record. (**dkt.**77, App.16)

18   • I have listed below "other" examples of the district court abuse of discretion when it:

19   o   denied my counsel's first request for reconsideration because of their delay.

20   o   denied my counsel the **same** time frame to file their Reply to Dal Cielo's Response

21   as it gave Dal Cielo to file her Reply.

22   o   denied me the same time opportunity to file a "letter-reply" to Dal Cielo's "letter-

23   response" before the dismissal of my case.

24   o   denied my counsel's Motion to Stay was unjust.

25   **EVENT#9: I do not think it is possible to complain about Dal Cielo's Fraud Upon the**

26   **Court without at list mentioning the misconduct of the panel of judges at the Ninth Circuit**

27   **(i.e., Judge M. Margaret McKeown, Judge Jay Bybee, and Judge John Owens)**

28

1   (hereinafter "the panel"), who abused their discretion when they failed to acknowledge

2   Dal Cielo's fraud and failed to reverse the lower court's judgment to grant me a new trial.

3   •   I have listed below example of the panel abuse of discretion when it upheld the district

4       court's denial of relief under FRCP 60(b)(6) despite my extraordinary circumstances

5       involving my counsel's egregious negligence and when it failed to grant me a new trial

6       under FRCP 60(b)(3) despite Dal Cielo's **Fraud Upon the Court**.

7   •   The panel erred for failing to review my interlocutory orders even though they were

8       appealable because they merged into a final judgment.

9   •   The panel violated my right to Procedural Due Process when it failed to reverse the

10      district court's order to suppress new submissions.

11  •   The panel departed from its own precedent and created a conflict with other circuits over

12      the application of the "clear and convincing evidence" standard when it upheld the

13      district court's denial of relief under 60(b)(3).

14  •   The panel erred for penalizing me, who was blameless, for my counsel's egregious

15      negligence instead of reversing the district court's denial of relief under FRCP 60(b)(6).

16  •   The panel made a false assertion that "Mikhak's contentions are unsupported by the

17      record," a statement that is baseless, compromising, and not aligned with the mission of

18      maintaining public's trust of the integrity of the judicial proceedings.

19  **EVENT#10: Two out of three judges on the panel should have recused or disqualified**

20  **themselves from reviewing my appeal to uphold the Code of Judicial Conduct that**

21  **regulates the activities of judges on and off the bench.**

22  •   Below, I've listed other possible reasons worthy of investigation that may explain why

23      the panel denied my Motion for Clarification and ignored my request to remove their

24      false accusations of "Mikhak's contentions are unsupported by the record."

25  •   I don't wish to be suspicious of any of the judges on the panel because I've never

26      spoken to or met any of them.

27  •   But I found some information online about two of the judges that gave me pause about

28      their "fit" to review my appeal. It made me wonder if any of the Code of Judicial

Case No. 4:21-CV-06919-SBA

**EXHIBIT A – RELEVANT EXCERPTS FROM ADDENDUM TO PLAINTIFF'S COMPLAINT**

Conduct that regulate the activities of judges on and off the bench were violated.

- Specifically, the Cannons suggesting that a judge should uphold the integrity and independence of the judiciary, a judge should avoid impropriety, a judge should avoid even the appearance of impropriety in all of his or her activities, a judge should perform the duties of his or her office impartially and diligently, and a judge should refrain from political activity.

**Possible Reason #1** involves the Honorable Judge Jay Bybee.

I read about a disturbing news about the Honorable Judge Bybee that would have warranted his recusal from my case. This news, if true, in my humble opinion, is sufficient evidence that his failure to recuse himself from reviewing and deciding my appeal was a misconduct. Bybee Avoids Judicial Complaint -- Harper's Magazine, By Scott Horton on October 15, 2009 (App.982) https://harpers.org/blog/2009/10/bybee-avoids-judicial-complaint/

I don't wish to falsely suggest that his review of my appeal was influenced by his politics. But it seems to me that the Honorable Judge Bybee should have recused himself from my appeal given his opinion on the Muslim Travel Ban which involves Muslim travelers from Iran!

See Source: Ninth Circuit Judge Slams 'Personal Attacks' on Jurists *Bybee Says Travel Ban Was Lawful, but in Apparent Reference to Trump, Says Courts Should Not Be Politicized.* http://www.metnews.com/articles/2017/byb031717.htm (App.983)

**Possible Reason #2** involves the working relationship between the Ninth Circuit Judge M. Margaret McKeown and the district court's Honorable Judge Charles Breyer.

I learned from aforementioned news release that Judge Breyer regularly sits by designation on the Ninth Circuit. And now he serves on the newly-formed Ninth Circuit Workplace Environment Committee.

Upon further investigation, I learned from the Ninth Circuit **Ad Hoc Committee on Workplace Environment Report** 2 dated June 18, 2019, that Ninth Circuit Judge M. Margaret

---

[2] Source: https://www.ca9.uscourts.gov/workplace/committee-report/Ninth-Circuit-Workplace-Environment-Committee-Report.pdf

Case No. 4:21-CV-06919-SBA

**EXHIBIT A – RELEVANT EXCERPTS FROM ADDENDUM TO PLAINTIFF'S COMPLAINT**

1   McKeown, one of the judges assigned to review and rule on my appeal, leads the special

2   committee, which also includes Senior District Judge Charles R. Breyer of the U.S. District

3   Court for the Northern District of California.

4       See **Source**: https://www.ca9.uscourts.gov/workplace/committee-report/Ninth-Circuit-

5   Workplace-Environment-Committee-Report.pdf (App.985)

6       I understand that judges may work together, but while working with Judge Breyer on this

7   committee, Judge McKeown should have recused herself from reviewing and ruling on my

8   appeal.

9       I don't wish to falsely accuse any judge of misconduct but given the close working

10   relationship between these two judges, Judge McKeown's failure to recuse herself from

11   reviewing and deciding my appeal was in violation of my right to Procedural Due Process.

12

13

14   Dated: December 9, 2021

15                                          _/s/ Bahar Mikhak_
                                            Bahar Mikhak
16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 4:21-CV-06919-SBA

**EXHIBIT A – RELEVANT EXCERPTS FROM ADDENDUM TO PLAINTIFF'S COMPLAINT**

# EXHIBIT B

### FILED

DEC 19 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   Name and Address  Bahar Mikhak

2   25595 Compton Court Apt.103

3   Hayward, CA 94514

4

5        UNITED STATES DISTRICT COURT
6      NORTHERN DISTRICT OF CALIFORNIA

7                                    )
8                                    )   Case No. 3:16_cv_00901-CRB
9   Mikhak                           )
10      (Plaintiff) Petitioner       )   Document Name:
11   vs.                             )
12                                   )   Plaintiff's Opposition to
13   University of Phoenix           )   Defendant's motion to
14      (Defendant) Respondent       )   dismiss without prejudice
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Honorable Charles R. Breyer
Northern District of California
  an Francisco Courthouse,
Courtroom 6 - 17th Floor
450 Golden Gate Avenue,
San Francisco, CA 94102

Bahar Mikhak
25595 Compton Court, Apt 103
Hayward, CA 94544
Phone: (617) 784-1755
mikhakb@hotmail.com

Re: *Mikhak v. University of Phoenix, Case No 3:16-cv-00901-CRB.*

December 19, 2017

Dear Honorable Charles R. Breyer,

Thanks for reading my "motion #1" where I brought to your attention some of the reasons why I had felt the need to pause before moving forward with arbitration. There were some other important reasons for my hesitation but I didn't mention them in my "motion #1". At first, I thought perhaps my new counsel would be best fit to inform you of them but after the defense counsel's (Ms. Neda Dal Cielo) motion filed on 11/28/17 urging you to dismiss my case without prejudice and after your ruling of Conditional Dismissal, only a week after her motion, on 12/05/17, I decided to bring these issues to your attention myself. The speed in which you ruled, gave me pause because it left me with a small window of time to respond to Ms. Dal Cielo's motion before your ruling. I didn't allow Ms. Dal Cielo's negative portrayal of me to discourage me of pursuing my vision because I believe that falsehood will inevitably vanish and truth will prevail. In fact, her motion has strengthened my vision to strive for justice and equity for students, post-docs, faculty candidates, and junior faculty in academia. I believe that my "motion #2" will help you better understand the importance of granting me a fair jury trial in court with an opportunity to appeal instead of a binding and final decision by an arbitrator.

There are **three parts and a conclusion** to my "motion #2":

- **Part 1:** My request for an investigation into the unethical practices of law.
- **Part 2:** My request for leave to file motion for reconsideration and a motion to amend the judgement is procedurally proper given my circumstances.
- **Part 3:** My request for more time to find a new counsel because the 30-day deadline does not give me sufficient time and it also overlaps with the holiday season.
- **Conclusion**

## Part 1: My request for an investigation into the unethical practices of law.

I'd like to request for an investigation into whether the defense counsel has broken any ethics rules in her practice of law involving my case. I hope you can appreciate my concerns that no fair judgement could possibly come out of an arbitration if the defense counsel does not abide by the ethics rules.

Please allow me to explain using a **\*\*Hypothetical\*\* Q&A** court hearing below:

**Hypothetical Question by the Judge:** what is your response to the defense counsel's assertion that: "Plaintiff's letter makes no attempt to comply with the court's 10/27/17 order … Undeterred, Plaintiff's letter gives no indication about when, if ever, she will file a claim in arbitration … and continue to flout or resist this Court's rulings."

**Bahar's Answer:** "I respectfully disagree with Ms. Dal Cielo's attempt to paint a negative picture of me as someone who has no respect for the law. I'd like to request that you **please kindly ask Ms. Dal Cielo** the following **suggested** questions and investigate if she has shown any respect for the ethics rules in her practice of law on my case when making declarations or writing join statements.

- **Suggested Question #1a)** Is it true that you had inserted falsified statements into Bahar's court records suggesting that Bahar had not passed "the Mentorship Phase" or "the Faculty Selection process!"?
- **Suggested Question #1b)** Is it true that you had distorted the facts of Bahar's case in at least two different places in her court records: first in your declaration and then in your joint statements?
  - On your declaration, Document 38, page 2 of 10, line 18, you falsely suggested that Bahar did "not pass the Mentorship Phase" (See Exhibit #1)
  - On your joint statement, Document 41, page 4, line 3, you made a false statement: "… although she had not passed the faculty selection process…" (See Exhibit #2)
- **Suggested Question #1c)** If your answer is yes, what is your defense for distorting the facts of Bahar's case? Was your intention for the court to rely selectively on Ms. Malone's letter dated 11/05/14 (See exhibit #3), while disregarding Dr. Gobena's Final evaluation report (See Exhibit #4) where he has recommended the UOP to invite Bahar to become a faculty member?
- **Suggested Question #1d)** If you made an innocent human error in your declaration, then why did you repeat the same mistake in your joint statement?
- **Suggested Question #1e)** Was it your intention to create confusion about Bahar's qualifications for being hired as a faculty member at the expense of breaking the ethics rules under penalty of perjury? Were you trying to give an impression to me (the judge) that Bahar's case is not meritorious? Will you be trying to give the same false impression to the arbitrator or the jury?
- **Suggested Question #1f)** If this was YOUR case in court and you were compelled to arbitration and the defense counsel distorted the important facts about YOUR case, would you have hesitated to move forward with an arbitration ruling given the risks involved? Wouldn't YOU be concerned that the defense counsel could continue to break the ethics rules so she could create confusion about the facts of YOUR case?

**Bahar's Answer Continued:** Two weeks after I attended the court hearing on 10/27/17, I finally caught on with the readings and discovered these falsified statements inserted by the defense counsel into my court records.

- The evaluation Final Mentorship Report (See Exhibit #4) from my former mentor Dr. Gobena suggests that there was no question about me not passing the Mentorship phase so Ms. Dal Cielo's statements were fabrications inserted later into my court records.
- Dr. Berman and Dr. Malone (See Exhibit #3) did not want to acknowledge my hard work and my dedication to my students and to my course because of all the drama and character defamation that Dr. Berman created with the help of some of his student subordinates.
- I actually did pass the faculty selection process and that's what the fight is all about!!
- I would not even have a case if it was not for the evaluation Mentorship Report (See Exhibit #4) from Dr. Gobena (my former mentor) recommending the UOP to invite me to become a faculty member based on my qualifications.
- The fact that I have passed the faculty selection process of the hiring process, is the MOST important evidence that I have in support of my complaint against the UOP. If the defense counsel can easily come up with her own version of the truth and no one would speak up to object to her falsehood, then there will be no hope for justice.

**Hypothetical Question by the Judge:** what is your response to the defense counsel's assertion that: "In fact, by the terms of her letter, Plaintiff wants *indefinite* time, not to comply with this Court's Order, but to find an attorney to "reform academia" and continue to flout or resist this Court's rulings."

**Bahar's Answer:** "I respectfully disagree with Ms. Dal Cielo's attempt to paint a picture of me as someone who has no respect for the law. I'd like to request that you **please kindly ask Ms. Dal Cielo** another **suggested** questions and investigate if she has shown any respect for the ethics rules in her practice of law on my case:

- **Suggested Question #2a):** Bahar has provided the evidence below (See also Exhibit #5) suggesting that you've quoted her "out of context" in your joint statement (Document 41, page 2 of 8, lines 20-28 and page 3 of 8, line 1) to give an impression that Bahar was speculating the microaggression she experienced from Dr. Berman during her teaching demonstrations. Please review the evidence below and tell me if this is true?
- **Suggested Question #2b):** If yes, why did you quote Bahar "out of context" by copying certain facts from Bahar's initial complaint and using them "out of context" in your joint statement?
- **Suggested Question #2c):** Was your intention to create confusion and mislead me (the judge) or the arbitrator or the jury to give a false impression of the facts as Bahar had described them in her complaint? To suggest that Bahar was being unreasonable to wonder why Dr. Berman had behaved in such a way (microaggression) towards her and no one else?

**Bahar's Answer Continued:** Please see below Ms. Dal Cielo's joint statement:

- "... the middle phase of the application process, Ms. Mikhak and a few other faculty candidates were required to give another ten-minute teaching demonstration...although Ms. Mikhak's presentation, during the Certification phase, did not include any mention of God or religion, she believes and thereon alleges that Dr. Berman's interruption of her presentation by abruptly leaving was motivated by his bias towards her religious beliefs".

- Now, please see below the **complete description of the events** copied/pasted from my complaint (See also Exhibit #6, Document 1, page 5 of 26, lines 26-28 and page 6 of 26, lines 1-24):

  "On or about January 31, 2014, as part of the "Assessment Phase," *i.e.* the first phase of the application process, before UOP would make an offer of employment to Ms. Mikhak, she and other applicants were required to give a ten-minute teaching demonstration. As part of her presentation, Ms. Mikhak shared the findings from a research study investigating a "causal" relationship between contemplating or meditating on God and changes in brain chemistry. She used the same research question to raise awareness about the distinction between spurious associations and causation. Although, Dr. Ryan Berman, the College Campus Chair, was not present at the "Assessment Phase," it is possible that he was informed of the candidates' performances and that Ms. Mikhak's slide presentations were forwarded to his attention for evaluation.

  o On February 28, 2014, on the second week of the "Certification Phase," *i.e.*, the middle phase of the application process, Ms. Mikhak and a few other faculty candidates were required to give another ten-minute teaching demonstration. During Ms. Mikhak's demonstration, where she used a structured role-play activity, as a learning facilitation technique, to demonstrate the distinction between the interviewer bias and measurement error, Dr. Ryan Berman, the College Campus Chair, attempted to distract her and the evaluators away from Ms. Mikhak's teaching demonstration by abruptly standing up and walking to the door of the classroom. At first, Ms. Mikhak thought that it is possible that he had to use the bathroom and could not wait for the remaining 10 minutes of her demonstration to be over. But what he did was puzzling to her because he stood outside, by the door, for the rest of her demonstration, while awkwardly staring at her from the doorway, before leaving the doorway. He did not return to the classroom to finish evaluating Ms. Mikhak's teaching demonstration.
  o Although Ms. Mikhak's presentation, during the "Certification Phase," did not include any mention of God or religion, she believes and thereon alleges that Dr. Berman's interruption of her presentation by abruptly leaving was motivated by his bias toward her religious beliefs."

- Ms. Dal Cielo has left out (intentionally or unintentionally) from her joint statement the most important piece of information from my complaint:

  o "to her because he stood outside, by the door, for the rest of her demonstration, while awkwardly staring at her from the doorway, before leaving the doorway."

- By sharing some parts of what happened and leaving out the most important key facts about the incident, Ms. Dal Cielo has given no choice to the judge, the arbitrator or the jury but to perceive me as someone who is speculating or making false accusations. She has been misleading either intentionally or because of her incompetency.

- It's not much of a big deal if Dr. Berman had abruptly left a 10 min presentation, say to go to the bathroom. What's awkward is that he got up abruptly to cause distraction and then he stood by the door the whole time, staring at me while I was giving my teaching demonstration! That's the type of microaggression he used during my teaching demonstration which is already a stressful event.

## Part 2: My request for leave to file a motion for reconsideration and a motion to amend the judgement is procedurally proper given my circumstances.

**Hypothetical Question by the Judge:** what do you have to say in response to Ms. Dal Cielo: "Plaintiff's letter is procedurally improper ... her letter is a motion for reconsideration of this court's order on 06/21/2016 compelling arbitration."? What was your circumstance that would make it permissible for this court to grant you leave to file a motion for more time to find a new counsel, for reconsideration and to amend the judgment?

**Bahar's Answer:** My "motion #1" and "motion #2" are both procedurally proper given my circumstances. My former counsels ignored my many requests to file a motion for more time because of my distraction with my mom's health emergency. Thus, my request for leave to file an *Ex Parte* motion must be permissible by the court (please see below the local rule 7-10).

Furthermore, my former counsels refused to present the KEY arguments that were previously excluded in their pleadings. Thus, to move to file a motion for reconsideration (please see below the Local Rule 7.9) must be permissible by the court given my circumstance. The defense counsel's insertion of falsified statements about the facts of my case may have influenced the judge's prior ruling. Also, my former counsels refused to amend their mistakes. Thus my request to file a motion to amend the judgement (please see below Rule 59 of the Federal Rules of Civil Procedure) must be permissible by the court on the following grounds:

**Ground #1:** My realization that my former counsels' vision for my case was no longer aligned with mine.
**Ground #2:** Despite of my repeated follow-up emails/phone calls or in person reminders, my former counsels chose not to include some of the KEY arguments that I had provided to them in support of the fact that the arbitration agreement was unconscionable (See below Table 1 and Exhibit #19 (my proposals #1 & #2 for policy change for arbitration in academia).
**Ground #3:** I could no longer move forward with arbitration trusting that they were fit to represent me because:
- I discovered that they had failed to object to the falsified statements inserted into my court records by the defense counsel and they had even signed off on them in their joint statements.
- They refused to file a motion for more time despite of my mom's health emergency so I can make a well-informed decision without any distractions.
- They refused to amend the distortions made by the defense counsel inserted in my court records.
- They refused to accept any of the win-win solutions that I offered them for moving forward with the arbitration.

**Ground #4:** My former counsels were unavailable to give me status reports on my case until after it was too late or we were scheduled for a court hearing.
**Ground #5:** My former counsels' information that we have no deadline to appeal the judge's ruling turned out to be false. They had told me the sooner we appeal is better but that there was no deadline for appeal.

**Hypothetical Question by the Judge:** Do you have any local rules to cite as a basis to file an *ex parte* motion for more time and for move to file a motion for reconsideration? Do you have any federal rules to cite as a basis for filing a motion to amend the judgement?

**Bahar's Answer:** YES, I do.
Local Rule 7-9 (b) My decision to seek to move to file a motion for reconsideration was accordance with the requirements of Civil L.R. 7-9. In both my "motion #1" and "motion #2", I have shown reasonable diligence in bringing my motions according to the three following requirements:

4

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Local Rule 7-10 for the *Ex Parte* Motions suggests that unless otherwise ordered by the assigned Judge, a party may file an *ex parte* motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought.

Federal Rule 59 for Motion to Amend or Alter The Judgement can be filed to ask the judge to change something in the final judgement because of errors during a trial. It can be granted if the Court is presented with newly discovered evidence OR the Court has committed a clear error OR there is an intervening change in the controlling law.

**Hypothetical Question by the Judge:** what do you have to say in response to Ms. Dal Cielo's assertion: "Plaintiff does not pretend otherwise and fails to cite any statue, rule, or order that permits the use of an ex parte communication with the Court."?

**Bahar's Answer:** My training is in Epidemiology and not in Law. That's why I had informed the Court that I am in the process of finding new representation to analyze for an expert understanding and cite legal cases for my every argument. For now, I have done a search in Westlaw to find the following cases in support of my motions being procedurally proper. Some may not be exactly relevant to my case or they may not even favor the plaintiff's motion for reconsideration or amend but I thought I should share them until my new attorney can study them and decide which one is most appropriate to my circumstance.
See

1) Delani TAFT v. HENLEY ENTERPRISES, INC. et al. Case No. SACV 15–1658–JLS (JCGx)
2) Frank VARELA v. LAMPS PLUS, INC., et al. Case No. CV 16–577–DMG (KSx)
3) 636 F.Supp.2d 1008 United States District Court, E.D. California. Donna RAMIREZ–BAKER, Plaintiff, v. BEAZER HOMES, INC., et al., Defendants. No. CV–F–008–601 LJO DLB.
4) Lottie K. Tagupa, individually and on behalf of all others similarly situated, Plaintiff, v. VIPdesk, Inc.; John Does 1–10, Doe Entities 1–10, Defendants. CIV. NO. 13–00428 JMS–KSC
5) Librado SOLANO, Jr., Plaintiff, v. PEREZ, et al., Defendants. No. 1:14–cv–00633–BAM (PC).
6) Reeves v. MV Transp., Inc. Court of Appeal, First District, Division 1, California. July 09, 2010 186 Cal.App.4th 666 111 Cal.Rptr.3d 896
7) Tschudy v. J.C. Penney Corporation, Inc. United States District Court, S.D. California. December 09, 2015 Not Reported in F.Supp.3d 2015 WL 8484530
8) Corcera Solutions, LLC v. Razor, Inc. United States District Court, N.D. California, San Jose Division. July 22, 2014 Slip Copy 2014 WL 12712256
9) Am. Cas. Co. v. Int'l Creative Mgmt., Inc. United States District Court, C.D. California. May 24, 2010 Slip Copy 2010 WL 11523598.
10) Frost-Tsuji Architects v. Highway Inn, Inc. United States District Court, D. Hawai'i. January 23, 2015 Not Reported in F.Supp.3d 2015 WL 328239

**Hypothetical Question by the Judge:** the defense counsel alleges that you have no respect of my ruling in favor of them compelling you to go to arbitration. Is that true? Is your intention to disrespect me or the rule of aw?

**Bahar's Answer:** No, that's not true. Ms. Dal Cielo is doing her best to paint a negative picture of me. In fact, I did request my former counsels to initiate arbitration on 11/08/17 (See Exhibit #7). However, because of my mom's health setback, later I asked my former counsels to file a motion for more time from the court so I can make a well-informed decision without any distraction.

What the defense counsel is trying to do is to equate my asking you to examine the **previously excluded** arguments with me being disrespectful of your judgement. That is far from my intention to be disrespectful to you and the court of law. If the defense counsel believes that the NEW evidence has no basis or is not substantiated, then she should not resist the opportunity for the court to examine them. Her dismissal of the NEW evidence is proof that she is concerned of the significance and the impact of such solid evidence on your ruling.

**Hypothetical Question by the Judge:** why do you believe you will be able to convince me to amend my previous judgment by examining the previously excluded arguments and the newly discovered evidence? Your former counsels had already tried to convince me that the arbitration agreement was unconscionable. What is so convincing about the arguments that they had previously excluded or the newly discovered evidence?

**Bahar's Answer:** I believe my former counsels' approach was to convince you by focusing on the class action waiver arguments that were heard in front of the Supreme Court by Morris. My goal is to present to you a simpler argument that I believe is more convincing because it is aligned with the literature that you had cited on contract law describing the grounds for the courts to refuse to enforce a contract (please see Document 27, page 15 of 25, and lines 7-11).

"Courts may refuse to enforce a contract or a specific clause within it when at the time of its formation it was unconscionable, or they may limit the application of any unconscionable clause. Cal. Civ. Code. § 1670.5(a). Unconscionability refers to "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party."

If you kindly examine all the KEY arguments listed in **Table 1** that were previously excluded or that were not sufficiently explained, along with the newly discovered evidence, then you will conclude that the UOP's arbitration agreement was unconscionable and thus not enforceable.

In Document 27, page 15 of 25 lines 11-18, you've clearly described that: "Procedural unconscionability focuses on the "manner in which the contract was negotiated and the circumstances of the party at the time," Kinney v. United Healthcare Servs., Inc., 70 Cal. App. 4th 1322, 1329 (Ct. App. 1999) and is composed of two factors: oppression and surprise "due to unequal bargaining power." Armendariz, 24 Cal. 4th at 114. Oppression derives from a lack of "real negotiation and an absence of meaningful choice,"

I've described in my "motion #1" and in **Table 1** below, why I believe that the manner and the timing in which the UOP had asked me to click the "Accept" box was not unconscionable. And now according to your definition above, I believe it was procedurally unconscionable as well as substantially. As a faculty candidate, I was "at risk" of failing the certification training, had I not clicked the "Accept" box. Thus, the manner and timing of their process lacked a real negotiation and meaningful choice. Furthermore, the fact that the UOP gave me access to the updated handbook only one DAY (03/06/14) before I had to click the "Accept" box (03/07/14), not giving me sufficient time to familiarize myself with the arbitration clause, suggests an absence of a meaningful choice and an element of surprise. Also, let's not forget that the UOP had used an element of deception to confuse me by asking me to study and take a quiz on an outdated faculty handbook that was not relevant to me right before they asked me to agree to arbitration.

On Document 27, page 16 of 25, you have explained further what makes contracts procedurally unconscionable: "[i]t was imposed on employees as a condition of employment and there was no opportunity to negotiate." Id. at 114–15. When the agreement was a "prerequisite to employment." I believe the UOP's

arbitration agreement was imposed on me as BOTH a condition of employment AND a condition of "not failing" my certification training. The UOP's arbitration agreement would have been consciable if it was negotiated **after** I had successfully completed my faculty qualification selection process and at the **commencement** of my employment.

I need to correct a misunderstanding that you seemed to have had about the events that led me to click the "Accept" Box. This misunderstanding may or may not have influenced your ruling. On Document 27, page 17, lines 3-4, you say: "Mikhak contends that the arbitration agreement was adhesive because she "had to acknowledge and accept the arbitration policy if [she] desired to keep on working at UOP." But that's not quite accurate. I had never said "had to acknowledge and accept ... to keep on working at UOP". I have said repeatedly to my former counsels that "I had to acknowledge and accept...to keep on finishing my certificate training program so I can earn my certificate or to finish my mentorship phase, otherwise, I would have risked "failing" the qualification after investing so much time". Also, on line 8, I'm not sure what you mean by the "three-day" period"? I only had one-day window and the references to one-week window to familiarize myself are all wrong. I have explained in **Table 1.**

**Hypothetical Question by the Judge:** what is your proof that some KEY arguments were previously excluded from the court pleadings despite of you having provided them to your counsels on a timely fashion?

**Bahar's Answer:** Please see **Table 1** below.

Table 1- A list of all the KEY arguments in support of the arbitration agreement not being unconscionable.

| The KEY arguments in support of the arbitration agreement being unconscionable | Were any KEY arguments previously included in your former counsels' pleadings prior to the judge's ruling? If yes, provide the address. | Were any KEY arguments previously excluded in your former counsels' pleadings prior to the judge's ruling? | If any KEY arguments were previously excluded, do you have any proof that you had provided the argument to your former counsels' on a timely fashion? |
|---|---|---|---|
| The UOP first provided me with an outdated (2011-2012) Faculty Handbook during my certification training that did not include the arbitration agreement. | This KEY argument was previously included by my former counsels. Please see Document 27, page 3 of 25, line 10 Document 18-1, page 3 of 5, line 16 | For more details, please see my "motion #1" under the heading: **"The Timeline of the UOP's actions leading up to asking me to click the arbitration "Accept" box"** on page 1, **Action #1** | Please see Exhibit #8 |

| | | | |
|---|---|---|---|
| The arbitration agreement was unconscionable procedurally and substantially.<br><br>The offer of employment or the decision to hire an applicant should be based on merit (her qualifications as a faculty) and not based on whether the candidate has clicked the "Accept" box for arbitration.<br><br><br>If I had refused to click the "Accept" box on 03/07/14, I would have been denied access to the course material for WEEK 3 of my Certification training and it would have looked like I had "failed" to finish and earn my certificate.<br><br>The decision not to click the "Accept" box on 03/07/14 would have resulted in a double whammy setback; me losing my chance to finish my faculty qualifications AND my chance to become employed. | This KEY argument was previously excluded.<br><br>Although my former counsels had made other valid arguments for unconscionability.<br><br>For example, please see Document 18, pages 15-18, Lines 16-23. | Please see my "motion #1" dated 11/24/17, under **"My FIRST argument"**<br><br>The faculty candidate should not feel she will be "at risk" of failing the faculty qualification process, after having invested ~5 months (by the end of her Certification Phase) and ~1.5 years (by the end of her Mentorship Phase) if she does not click the "Accept" box for arbitration.<br><br>After she has earned her qualification to become a faculty, then she should be presented with the arbitration agreement at the **commencement of** her employment.<br><br>If she refuses to the terms of the arbitration agreement, at that point, the decision for not taking the job was hers and not because the UOP had wrongly disqualified her during her Certification or Mentorship trainings on the basis of her not having clicked the "Accept" box. | Please see Exhibit #9 (pages 1&2) Please see my "motion #1" under the heading: **"The Timeline of the UOP's actions leading up to asking me to click the arbitration "Accept" box"** on page 1, **Action #2**<br><br>I had provided all my email exchanges with the UOP to my former counsels on a timely fashion but they failed to present the email sent by facultytrain@phoenix.edu on 02/12/14 in support of the fact that my success in finishing the Certification Phase was contingent on me clicking the "Accept" box on 03/07/14. |

| | | | |
|---|---|---|---|
| As a Faculty candidate, I was not given an opportunity to ask clarifying questions about the arbitration clause but the UOP gave the appearance that they familiarized me with the arbitration agreement by asking me to study and take a quiz on the outdated (2011-2012) Faculty Handbook that did not include the arbitration agreement. | This KEY argument was only mentioned briefly with not much explanation.<br><br>Please see Document 18-1, page 3 of 5, line 19 | For more detailed explanation, please see my "motion #1" dated 11/24/17, under **"My SECOND argument"** | Please see Exhibits 10, 11, and 12<br><br>Please see my "motion #1" under the heading: **"The Timeline of the UOP's actions leading up to asking me to click the arbitration "Accept" box"** on page 1, **Actions #6 & #7**<br><br>I had provided to my former counsels all the relevant course materials from the Certification Phase on a timely fashion but they failed to present the reading assignment #2 from WEEK 4 (03/14/17) as proof that the last week of the Certification Phase was meant to provide me with an opportunity to become familiar with the UOP's policies and procedures and with an opportunity for me to ask my clarifying questions. But the UOP had already required me to click the "Accept" box on 03/07/14. |
| As a Faculty candidate, I was not given sufficient time to familiarize myself with the arbitration agreement. The UOP has given an appearance that it had given me one week to study the (2014-2015) Faculty Handbook by claiming that Ms. Taylor's office had distributed the (2014-2015) Handbook with an email to all the Faculty on 02/28/14 to give them "plenty of time" to review the Handbook before the 03/07/14 date | This KEY argument about me not having "Active Faculty Status" during my certification training was only mentioned briefly.<br><br>Please see Document 18-1, page 4 of 5, line 25 | My former counsels failed to verify the accuracy of Ms. Taylor's claims.<br><br>Please see my "motion #1" dated 11/24/17, under **"My THIRD argument".**<br><br>My former counsels' pleadings excluded the fact that I had never received an email shown in **Exhibit A.** The argument about me not having "Active Faculty Status" was mentioned but the dots were not connected so to explain to the judge that only those who | I had provided all my email exchanges with the UOP to my former counsels on a timely fashion. However, they had failed to scan through the email database to verify the accuracy of Ms. Taylor's claim. Thus, neglecting to object to **Exhibit A's** permissibility in court. This important argument was missing from their pleadings. I also did not witness any objection to Exhibit A in our court hearing.<br><br>I looked everywhere for this email but I could not find it. I am willing to provide the court ALL my email exchanges with the UOP if they wish to sort through them to see if they can find an email sent on or about 02/28/14 that resembles the one in **Exhibit A.**<br><br>Although it is a proof of me having clicked the "Accept" box, I recall that on 06/16/16, I raised my concerns |

| | | | |
|---|---|---|---|
| when the UOP required them to click the "Accept" box.<br><br>Please see Document 14-4, page 3 of 11 Lines 6-13.<br>**Exhibit A** | | had successfully completed both their certification AND mentorship phases, were considered to have the "Active Faculty Status" and thus were the recipients of the email by Ms. Taylor's office shown in **Exhibit A.** | with my former counsels about **Exhibit A.**<br>I did not believe it should have been permissible in court. I remember objecting (quietly) to the counsel reading a statement that had started with "Dear Faculty member" because I believed I was not a Faculty member on 03/06/14. I also had sent an email letting them know that it was not easy to read the text of some of these exhibits because the UOP had not provided the original copies. (See Exhibit #13)<br><br>My email on 04/23/16 (See Exhibit #14) to my former counsels was meant to inform them that I had looked through all my email exchanges with the UOP and I had not found any emails sent on 02/28/14 suggesting that I had signed an arbitration agreement or had received anything to alert me about the arbitration agreement.<br><br>I informed them that the ONLY email I found in my inbox was sent on 04/28/14 which had asked me to click "Accept" on teaching a course not any acknowledgment for the updated 2014-2015 Faculty Handbook.<br><br>Ms. Taylor's declaration suggesting that her office had sent me an email on the updated faculty handbook or arbitration on 02/28/14 was false. But it remains in my court records. |
| As a Faculty candidate, I was not given sufficient time to familiarize myself with the arbitration agreement.<br><br>The UOP had activated the | This KEY argument that the UOP had only given me one DAY to familiarize myself with the arbitration clause instead of one WEEK as they falsely claim was | Please see Ms. Kelly Mortensen's declaration in Document 14-3, page 2 of 20 Lines 13-16 **Exhibit 2**<br><br>Also, please see Document 14-3, | I had sent one email to my former counsels on 04/28/16 letting them know that I could not make any comment with 100% accuracy, on the scanned copies of the Exhibits about me having clicked on "Accept" box unless they send us the native versions of these exhibits.<br>See Exhibit #14 |

| (2014-2015) Faculty Handbook for me on 03/06/14, it means that I was only given one DAY not one WEEK to familiarize myself with the arbitration agreement before I had to click the "Accept" box. | previously excluded from my former counsels' pleadings. | page 16 of 20, **Exhibit 5** suggesting that the "Activation Date" for me to get access to the (2014-2015) Faulty Handbook was on 03/06/14 which was only one DAY before the UOP required me to click the "Accept" box.<br><br>**Exhibits 2 and 5** are IMPORTANT supporting evidence to nullify the UOP's claim that I was given "plenty of time" to review the (2014-2015) Faculty Handbook. Unfortunately, this KEY argument was excluded in my former counsels' pleadings. | |
| The arbitration agreement was for when (and if) I become a faculty member and not for when I was still a faculty candidate because even though the (2014-2015) Faculty Handbook was available, I was asked to familiarize myself with the outdated (2011-2012) Faculty Handbook during my certification training. It was easy to get | This was the only KEY argument that my former counsels had elaborated.<br><br>Please see Document 27, page 3 of 25, line 10<br><br>Document 18-1, page 3 of 5, lines 15-27<br><br>*Correction: lines 16-17, "At the time, I was employed by the UOP, as a | Please see my "motion #1" dated 11/24/17, under **"My FOURTH argument"**<br><br>See also, under the heading: **"The Timeline of the UOP's actions leading up to asking me to click the arbitration "Accept" box"** on page 1, **Action #1** | I had provided all my email exchanges with the UOP to my former counsels on a timely fashion but they failed to present Ms. Susan Jolley's email dated 02/06/13 either in an exhibit in their pleadings or during a court hearing.<br><br>Please see my "motion #1" under the heading: **"The Timeline of the UOP's actions leading up to asking me to click the arbitration "Accept" box"** on page 1, **Action #3**<br><br>They failed to present the email sent by calendar-notification@google.com on 02/13/14 in support of the fact that the final goal of the Certification Phase was for the successful |

| confused and assume that by clicking the "Accept" box, I was agreeing to a policy for when (and if) I would get hired as a faculty member. | Faculty candidate, teaching a mentorship class" should be corrected and replaced with "At the time, I was a Faculty candidate, not yet employed by the University, and in the process of completing my certification training." | | candidate to become familiar with University policies and procedures. See Exhibit #15 |

**Hypothetical Question by the Judge:** Why did you feel that you had to pause before moving forward with your former counsels?
**Bahar's Answer:** I've been asking myself for quite some time whether or not my counsels were the best fit for my case. And the reason is that they started to ignore my emails or calls and would not give me any status updates or would not keep me in the loop.
The first time I started to question whether they were interested in helping me was on 01/17/17, but at first, I thought it was because they had other commitments and my case was not their priority.  Please see attached the excel spreadsheet (See Exhibit #16) listing the many times I tried to follow up with my former counsels but I didn't get anywhere. Please feel free to ask my former counsels if they agree with my timeline of events in this excel spreadsheet. Any relevant email communications (from me to them) are available upon request of the court.

**Hypothetical Question by the Judge:** what do you have to say in response to the defense counsel's criticism: "That she chose instead to fire her counsel on the eve of this deadline …"?
**Bahar's answer:** The defense counsel's criticism is intended to paint a picture of me as having done something irrational, unfair and unjustified. I highly recommend that you would please kindly talk to my former counsels, if you haven't already done so, that you would please kindly ask them the following questions before allowing the defense counsel's criticism of me to influence your ruling in my case:

**The facts that were distorted**
**Question #1a)** Why did you not object to Ms. Dal Cielo's distortion of the facts of Bahar's case when she first inserted them in her declaration?
**Question #1b)** If you missed Ms. Dal Cielo's false insertion the first time due to an innocent human error, then why did you miss it again the second time around and signed off on it in your joint statements? Did you feel that it was obvious that the distortions were the defense counsels' statements and not yours?

**The facts that were used "out of context"**
**Question #2a)** Why did you did not object to Ms. Dal Cielo's copying/pasting certain facts from Bahar's complaint and using them "out of context" in her declaration, to mislead me (the judge)? Would you have not objected later if she had used the same tactics to mislead the arbitrator if you had moved forward with the arbitration?
**Question #2b)** If we assume that your failure to object to Ms. Dal Cielo's tactic of using information "out of context" the first time around was due to innocent human error, then why did you neglect to object to her the second time around in your joint statements and you even signed off on it?

**Previously excluded KEY arguments**
**Question #3a)** Why did you previously exclude the KEY arguments that Bahar presented in her motion #1 from your pleadings that you had filed in court?
**Question #3b)** Was it because Bahar did not provide you with these KEY arguments on a timely fashion? Was it because Bahar was not available to give you the complete data so that's why you had only presented partial data to me (the judge)?
**Question #3c)** If Bahar had provided you with all the facts on a timely fashion, then why did you choose to exclude these KEY arguments in your pleadings?

**Bahar's follow up emails/calls for progress update and status reports were ignored**
**Question #4a)** Did you continue to keep Bahar in the loop after my ruling on 06/21/16? If not, why not?
**Question #4b)** Did she follow up with you or ask you to give her status updates on the progress of her case?
**Question #4c)** if she did follow up with you, were you available to give her status updates either via email or over the phone? If not, why not?

**Bahar's request for an opportunity to give feedback on the facts of her case before filing the pleadings was ignored**
**Question #5a)** After asking Bahar on 05/18/16 to give her feedback on the draft of her declarations, did you give her any other opportunity to review the pleadings you had prepared for her prior to filing them in court? For example, did you give her an opportunity to review the motion for reconsideration so she could comment on any missing arguments? If not, why not?
**Question #5b)** Were you under the assumption that she would look up the PACER every single day despite of the long duration of you not responding to her follow up emails/calls? But then that would have been too late. Right?

**Confirmation of Neil Gorsuch to the Supreme Court was discouraging.**
**Question #6a)** Were you initially interested in Bahar's case because it had a potential to be heard and voted at the Supreme Court?
**Question #6b)** After the confirmation of Neil Gorsuch's at the Supreme Court, were you still as motivated to prepare yourself thoroughly on Bahar's case?
**Question #6c)** Was Neil Gorsuch's confirmation the reason why you became discouraged about striving for her right to a jury trial? Is that one of the reasons why you did not prepare thoroughly for filing a notice of appeal when your motion for reconsideration was denied on 08/28/17?

**Hypothetical Question by the Judge:** Did you part ways with your counsels just because they made mistakes?

**Bahar's Answer:** No, that's not why I parted ways. I believe everyone makes mistakes. I've made mistake in my life before. But I try to take ownership of my mistakes and try not to repeat them. When I brought these detrimental mistakes to the attention of my former counsels and asked them to amend these mistakes, they refused to amend their mistakes in the court records. They felt that these mistakes had nothing to do with the arbitration agreement but the KEY arguments that they had excluded did have something important to do with the arbitration agreement.
In science, when an author of a published article discovers she has made a mistake, she has to publish an erratum. I asked my former counsels to publish an amendment on the court's docket but they refused. Their lack of concern about my reputation by first not objecting to the defense counsel's insertion of the false statements and then their refusal to amend their mistakes gave me pause about being a fit to represent me in arbitration or court. I wondered would they not object to the defense counsel if she distorts other facts about my case during the arbitration. I wondered would they continue to make more mistakes about the facts of my case and then refuse to amend them. I wondered would they continue to keep me out of the loop as to what they're doing for my case if we move forward with arbitration.

13

**Hypothetical Question by the Judge:** what else did you try to do before parting ways with your counsel?
**Bahar's answer:** I had offered them several win-win solutions before moving forward with arbitration but they did not accept (See Exhibit #18).

**Hypothetical Question by the Judge:** why do you feel you're entitled to a jury trial in court?
**Bahar's Answer:** I feel entitled to a jury trial because the arbitration agreement was unconscionable. Also, the odds of an arbitrator to rule in my favor is not high and his or her decision will be final and binding with no opportunity for me to appeal. My case is a difficult case with the potential to be heard and decided by the Supreme Court.

**Hypothetical Question by the Judge:** what do you have to respond to Ms. Dal Cielo's assertion: "Before filing this letter ex parte, Plaintiff also failed to give defense counsel any prior notice that she would be making an ex parte communication with the Court. N.D. CA Rule 11-4."?

**Bahar's Answer:** "My apologies for not giving the defense counsel any prior notice for filing a "motion" with the Court for more time etc. I will try to do better next time (God willing). Perhaps if I explain my circumstances, it would help the defense counsel's law firm to understand that my intention was far from surprising them or not giving them sufficient time to respond to my "motion" filed in Court.

1) At the time that I was considering whether or not I should part ways with my own counsels, I found it almost impossible to get legal advice from any employment or civil rights attorney because almost every attorney that I tried to consult with stated that ethical considerations prohibits them from giving me any legal advice.
2) Upon the news of my mother's health emergency on 11/07/17, her wellbeing was in the forefront of my mind and heart. I tried to reach out to my own counsels several times to file a motion for me for more time so I did not have to rush making a decision, while being distracted. But I did not hear from them on a timely fashion (evidence available upon request). Thus, out of my desperation to not miss my deadline with the court, I had to contact the Court's clerk to ask if there was any way I could put my request for more time in writing directly to the judge.
3) The information about the CA Rule 11-4 is helpful but as you can see the *commentary* below suggests that there are **exceptions** to this rule:

• **Prohibition against *Ex Parte* Communication.** Except as otherwise provided by law or these Local Rules or otherwise ordered by the Court, an attorney or party to an action must refrain from making telephone calls or writing letters or sending copies of communications between counsel to the assigned Judge or the Judge's law clerks or otherwise communicating with a Judge or a Judge's staff regarding a pending matter, without prior notice to opposing counsel.

On the day I filed my "motion" at the Clerk's office, I knew for sure that whatever I would share with the judge, will be shared with the defense counsel or will be uploaded onto the PACER. Since I had no counsel and since the there were no hearings scheduled for us to present our arguments in front of the judge, I assumed the defendant's counsel will be notified of my "motion" on a timely fashion. Again, my apologies for any inconvenience. Thanks in advance for your patience with me in this process of learning the rules of the court.

14

## Part 3: My request for more time to find a new counsel because the 30-day deadline does not give me sufficient time and it also overlaps with the holiday season.

**Hypothetical Question by the Judge:** You said in your "motion #1" that you've been striving for justice for 3 years. What is your justification for asking for more time. Please clarify.

**Bahar's Answer:** What I meant by "3 years" is that my first attempt to resolve this conflict was about 3 years ago on November 15, 2014 when I reached out to all the faulty who were involved in the various stages of my faculty selection process. I invited them to sit down with me and to discuss my concerns about Dr. Berman. I even suggested for Dr. Berman to also attend this conflict resolution meeting but soon it became apparent to me that I would not get anywhere if I try to resolve this issue internally with the UOP so I filed my Charge of Discrimination with the EEOC on December 9, 2014. Next, with the help of Mr. Howard Moore, I tried mediation on September 9, 2015 but it did not result in any settlement. It has taken me ~3 years to finally have my case heard in court. The defense counsel is trying to undermine all my efforts in the past 3 years by first compelling me to an unfair arbitration and then by urging you to dismiss my case without prejudice.

I am grateful for you for not having ruled unfairly as Ms. Dal Cielo was expecting you to do. However, trying to find new qualified representation in just **30 days** until **January 03, 2018** at this time of the year, would prove almost impossible. I'm trying VERY hard to find new qualified representation but most folks are either distracted by their deadlines to wrap up their 2017 projects or are preparing for the holiday season (e.g., Hanukkah started on Dec 12, Winter Solstice on Dec 21, Christmas Eve on Dec 24, Kwanzaa begins Dec 26, New Year's Eve Dec 31, and Day Jan 1). Most of the potential counsels that I've reached out to feel that my case is an interesting but difficult case and that I may need a team of counsels from different practice areas of law such as employment law, civil rights, and religious rights to collaborate with each other on my case.

By giving me only 30 days to find new representation, essentially you're giving me no choice but to represent myself in arbitration. If I initiate the arbitration on my own, unfortunately, the Legal Help Center at the Federal court will not be able to provide legal assistance to me. It would be foolish of me to move forward with arbitration on my own without any guidance from a go to legal expert. If you don't wish to examine the KEY arguments in motion #1 to see if they would convince you to change the prior ruling you had given based on the partial data, and if you don't wish to grant me sufficient time to find new representation, then my only way of saving my case is if I try to represent myself in a jury trial in the Federal court. That way, I will at least have the option of consulting with the Legal Help Center that is provided only to folks representing themselves in civil cases at the Federal court. That way, I would be able to ask for help with the Federal court procedures, and the law as it applies to the facts of my case, get explanations of the court orders, rulings, and settlement offers, get feedback on preparing myself for hearings, conferences, and other pleadings and my drafts, motions and court papers etc. That way, if I make a mistake and/or if the defense counsel distorts the facts of my case and the judge rules in favor of the defense, then at least, I will have an option to appeal the judge's ruling as opposed to a final and binding judgments by the arbitrator that will not be appealable.

## Conclusion

Given your conditional dismissal, I am left with two options:
1) Appeal to you directly to examine the arguments that were previously excluded and to evaluate the new evidence to amend your prior judgement that was based on the partial set of facts.
2) File a notice to appeal your dismissal of my case at the Appellate court. My deadline to file an appeal is 30 days after your ruling on December 05, 2017.

**Justice    Diversity**
C E N T E R
OF THE BAR ASSOCIATION OF SAN FRANCISCO

### CERTIFICATE OF SERVICE

*Use this form to show that a paper or document (other than a complaint) was served (sent or
delivered) to an opposing party in accordance with Federal Rule of Civil Procedure 5.
A different form is needed to serve a complaint under Federal Rule of Civil Procedure 4.*

Case name: ___Bahar Mikhak v. University of Phoenix___

Case number: ___3:16-cv-00901-CRB___

What document was served? *(Write the full name or title of the document or documents, e.g.,
"Plaintiff's Opposition to Defendant's Motion for Summary Judgment.")*

Title(s): ___Plaintiff's Opposition to Defendant's___
___motion to dismiss without prejudice___

How was the document served? *(Check one.)*
☐   Placed in U. S. Mail
☐   Sent by fax
☐   Hand-delivered
☒   Sent by delivery service (e.g., FedEx or UPS)

To whom was the document sent? *(Write the full name, address, and fax number of everyone
who was sent the document. Usually, they will be the lawyers for the opposing parties.)*

___Ms. Neda Dal Cielo___
___Littler Mendelson, PC___
___50 W. San Fernando, 7th floor___
___San Jose, CA  95113-2303___

When were the documents served? *(When were they mailed, faxed, or delivered?)*

Date: ___December 19, 2017___

Who served the documents? *(Whoever puts it into the mail, faxes, hand-deliveres, or sends by
delivery service should print his/her name, address and sign. You can also do this yourself.)*

I declare under penalty of perjury under the laws of the United States of America that the

information in this certificate of service is true and correct.

Signature: _____

Printed name: ___Bahar Mikhak___

Address: ___25595 Compton Court Apt. 103___
___Hayward, CA 94544___

CERTIFICATE OF SERVICE [JDC TEMPLATE]                    *Rev. 6/2013*

# EXHIBIT C

**3-12.** **Related Cases**

(a) **Definition of Related Cases**. An action is related to another when:

    (1)    The actions concern substantially the same parties, property, transaction, or event; and

    (2)    It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

(b) **Administrative Motion to Consider Whether Cases Should be Related**. Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11. In addition to complying with Civil L.R. 7-11, a copy of the motion, together with proof of service pursuant to Civil L.R. 5-5, must be served on all known parties to each apparently related action. A courtesy copy of the motion must be lodged with the assigned Judge in each apparently related case under Civil L.R. 5-1(e)(7).

(c) **Sua Sponte Judicial Referral for Purpose of Determining Relationship**. Whenever a Judge believes that a case pending before that Judge is related to another case, the Judge may refer the case to the Judge assigned to the lowest-numbered case with a request that the Judge assigned to the lowest-numbered case consider whether the cases are related. The referring Judge shall file and send a copy of the referral to all parties to all affected cases. The parties must file any response in opposition to or support of relating the cases pursuant to Civil L.R. 3-12(e). Alternatively, a Judge may order the parties to file a motion pursuant to Civil L.R. 3-12(b).

(d) **Content of Motion**. An Administrative Motion to Consider Whether Cases Should be Related must contain:

    (1)    The title and case number of each apparently related case;

    (2)    A brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a).

(e) **Response to Motion**. Any opposition to or support of a Motion to Consider Whether Cases Should be Related must be filed in the lowest-numbered case pursuant to Civil L.R. 7-11. The opposition or statement of support must specifically address the issues in Civil L.R. 3-12(a) and (d) and be served on all parties and lodged with the Chambers of all Judges identified in the motion. If the motion identifies more than two potentially related cases, and a party contends that not all of the cases are related, the party must address whether any of the cases are related to one another.

(f) **Order Granting or Denying Relationship**. Upon a motion by a party or a referral by another Judge, after the time for filing support or opposition to the Motion to Consider Whether Cases Should Be Related has passed, the Judge in this District who is assigned to the lowest-numbered case will decide if the cases are or are not related and will notify the Clerk, who, in turn, will notify the parties.

    (1)    Due to the need for parties and affected Judges to have a speedy determination of the motion or referral, the Judge assigned to the lowest-numbered case shall act on the motion or referral within 14 days after the date a response is due. If the Judge assigned to the lowest-numbered case is not available for that period, the Clerk or counsel may bring the motion or referral to the General Duty Judge.

    (2)    If the Judge assigned to the lowest-numbered case decides that the cases are not related, no change in case assignment will be made. In cases where there are more than two potentially related cases, the Clerk shall submit the order to the Judges assigned to the other cases in order of filing with a form of order to decide within 14 days if the cases are or are not related. If no Judge relates any of the remaining cases, no change in case assignment will be made.

    (3)    If any Judge decides that any of the cases are related, pursuant to the Assignment Plan, the Clerk shall reassign all related higher-numbered cases to that Judge and shall notify the parties and the affected Judges accordingly.

(g) **Effect of Order on Case Schedule**. The case management conference in any reassigned case will be rescheduled by the newly assigned Judge. The parties shall adjust the dates for the conference, disclosures, and report required by Fed. R. Civ. P. 16 and 26 accordingly. Unless the assigned Judge otherwise orders, upon reassignment, any deadlines set by the ADR Local Rules remain in effect and any dates for hearing noticed motions are automatically vacated and must be renoticed by the moving party before the newly assigned Judge. For cases ordered related after the initial case management conference, unless the assigned Judge otherwise orders, any deadlines established in the case management order shall continue to govern, except for the trial date, which will be rescheduled by the assigned Judge.

1

# EXHIBIT D

| TABLE 3 – The dates relevant to my NEW Complaint with FRAUD as the new cause of action. | | |
|---|---|---|
| 04/25/2016 | 11/24/2017 | **01/21/2019** |
| The first date of harm or the unlawful act (e.g., perjured testimonies amounting to fraudulent and material misrepresentation). | The date I discovered for the FIRST time the UOP's unlawful act (e.g., perjured testimonies amounting to fraudulent and material misrepresentation) or the date of the UOP's continuing violation (e.g., harassing, and retaliatory conduct) that happened during trial. | The last date of the UOP's unlawful act (e.g., new perjured testimonies amounting to new fraudulent and material misrepresentation) or the date of the UOP's continuing violation (e.g., harassing, and retaliatory conduct) that happened during appeal. |

JS-CAND 44 (Rev. 10/2020)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Bahar Mikhak

**EXHIBIT E**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

pro se

## DEFENDANTS

For any initial Complaint: Defendant THE UNIVERSITY OF PHOENIX INC (the UOP), "Defendant 1a" THE UOP's PRESIDENT "Defendants (1b-1d)" Those at the UOP who made decisions regarding hiring of and the Dispute Resolution Policies relevant to the faculty candidate.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**SBA**

Attorneys *(If Known)*

For any NEW Complaint: Defendant THE UNIVERSITY OF PHOENIX INC (the UOP) "Defendant 1a" THE UOP's PRESIDENT, "Defendants (1b-1d)" THE UOP's PRESIDENT, AND THE LAW FIRM THAT REPRESENTED THE UOP, "Defendants (1e-1g)" THIRD PARTY WITNESSES and "Defendants (1d-1i)" DOE(S1-2d) Those involved in making decisions relevant to hiring the faculty candidate.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| 1 | U.S. Government Plaintiff | **X** 3 Federal Question *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | **X** 1 | **X** 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | **LABOR** | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 710 Fair Labor Standards Act | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 720 Labor/Management Relations | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **X** 370 Other Fraud | 740 Railway Labor Act | 840 Trademark | 460 Deportation |
| | 350 Motor Vehicle | 371 Truth in Lending | 751 Family and Medical Leave Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced & Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 790 Other Labor Litigation | | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 385 Property Damage Product Liability | 791 Employee Retirement Income Security Act | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 362 Personal Injury -Medical Malpractice | | | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **IMMIGRATION** | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | 440 Other Civil Rights | **HABEAS CORPUS** | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | 441 Voting | 463 Alien Detainee | 465 Other Immigration Actions | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | **X** 442 Employment | 510 Motions to Vacate Sentence | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 443 Housing/ Accommodations | 530 General | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other | **OTHER** | | 871 IRS–Third Party 26 USC § 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 448 Education | 540 Mandamus & Other | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| **X** 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation–Transfer | 8 Multidistrict Litigation–Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
CA Civil Code § 1780(1), CA Civil Code § 1710(3), CA Civil Code § 1710(2), CA Civil Code § 1572, CA Civil Code §1549, Title VII of the Civil Rights Act of 1964 and HIPAA, Federal Rule of Civil Procedure Rule 11(b) Representation in the Court, First, Fifth, and Fourteenth Amendments

Brief description of cause:
Intentional False Misrepresentation of Facts and Specialized Misrepresentation by Concealment of Facts and Fraud Upon the Court, Promissory Fraud/False Promise Without Intent to Perform In, and Fraud in Contract Formation, Breach of Implied Covenant of Good Faith and Fair Dealing

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*

JUDGE                              DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

*(Place an "X" in One Box Only)*   **X** SAN FRANCISCO/OAKLAND   SAN JOSE   EUREKA-MCKINLEYVILLE

DATE   09/07/2021     SIGNATURE OF ATTORNEY OF RECORD     By: __/s/__ BAHAR MIKHAK     PRO SE

JS-CAND 44 (rev. 10/2020)

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

# EXHIBIT F

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

    (1)  <u>United States plaintiff</u>. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

    (2)  <u>United States defendant</u>. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

    (3)  <u>Federal question</u>. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress, or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

    (4)  <u>Diversity of citizenship</u>. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the six boxes.

    (1)  <u>Original Proceedings</u>. Cases originating in the United States district courts.

    (2)  <u>Removed from State Court</u>. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

    (3)  <u>Remanded from Appellate Court</u>. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

    (4)  <u>Reinstated or Reopened</u>. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

    (5)  <u>Transferred from Another District</u>. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

    (6)  <u>Multidistrict Litigation Transfer</u>. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

    (8)  <u>Multidistrict Litigation Direct File</u>. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

    <u>Please note that there is no Origin Code 7</u>. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC § 553. <u>Brief Description</u>: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** <u>Class Action</u>. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

    <u>Demand</u>. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

    <u>Jury Demand</u>. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

IX.  **Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# EXHIBIT G

**Civil L.R. 3-14. Disqualification of Assigned Judge**

Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge.

### Commentary

Recusal under 28 U.S.C. § 455 is normally undertaken by a Judge sua sponte. However, counsel may bring the issue to a Judge's attention by formal motion or raise it informally at a Case Management Conference or by a letter to the Judge, with a copy to the other parties in the case. This rule does not preclude a Judge from referring matters arising under 28 U.S.C. § 455 to the Clerk so that another Judge can determine disqualification. See also Civil L.R. 3-15.

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHAR MIKHAK,<br><br>              Plaintiff,<br><br>      v.<br><br>UNIVERSITY OF PHOENIX,<br><br>              Defendant. | Case Nos. 3:16-cv-00901-CRB;<br>              4:21-cv-06919-SBA<br><br>**ORDER RELATING CASES** |

Now pending is a Referral for Purpose of Determining Relationship (dkt. 91), which asks this Court to determine whether <u>Mikhak v. University of Phoenix et al.</u>, Case No. 21-cv-6919-SBA ("new case"), is related to <u>Mikhak v. University of Phoenix</u>, Case No. 16-cv-901-CRB ("old case").  Defendants contend that the cases are "very clearly related," <u>see</u> Defendants Response (dkt. 92) at 1, and pro se Plaintiff Bahar Mikhak contends that the two cases "do not fit the definition of 'Related Cases'" under Civil Local Rule 3-12(a), <u>see</u> Plaintiff Response (dkt. 93) at 10.

The cases are related, as the "Initial Complaint" component of Mikhak's new case argues the same employment discrimination claims against the University of Phoenix at issue in the old case, which this Court held were subject to arbitration.  <u>See</u> Order Granting Motion to Compel Arbitration (dkt. 27).  That the new case also involves a collateral attack on the old case, and allegations that the individuals involved in the old case committed fraud on the Court, <u>see</u> Compl. (dkt. 1-1) ¶¶ 368–72, does not make the two cases any less related.  Both cases involve "substantially the same parties, property, transaction, or event" and there would "be an unduly burdensome duplication of labor" if another Court had to begin anew on the new case.  <u>See</u> Civil Local Rule 3-12(a).

1     The Court therefore RELATES the cases.[1]

2     **IT IS SO ORDERED.**

3     Dated: December 15, 2021

                                    CHARLES R. BREYER
4                                    United States District Judge

---

[1] The Court notes that the Complaint in the new case including exhibits is 1,369 pages, and had to be filed in 12 parts on the docket. See Compl. (dkts. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, and 1-12). The Complaint excluding exhibits is nearly 300 pages, and is composed of 1,782 paragraphs and 62 claims. See Compl. (dkts. 1-1, 1-2, 1-3, 1-4, 1-5). That is not acceptable. Such length is "confusing, distracting, ambiguous, and unintelligible" and violates Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim." See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985) (no abuse of discretion to conclude that "complaints, which, including attachments, exceeded 70 pages in length, were confusing and conclusory and not in in compliance with Rule 8."). The Court anticipates that Defendants will file a motion to dismiss on this or other grounds.

United States District Court
Northern District of California

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAHAR MIKHAK,

      Plaintiff,

   v.

UNIVERSITY OF PHOENIX INC., et al.,

      Defendants.

Case No.  21-cv-06919-SBA

**ORDER REASSIGNING CASE**

      IT IS ORDERED that this case is reassigned to the Honorable Charles R. Breyer in the San Francisco division for all further proceedings.  Counsel are instructed that all future filings shall bear the initials CRB immediately after the case number.

      All hearing and trial dates presently scheduled are vacated.  However, existing briefing schedules for motions remain unchanged.  Motions must be renoticed for hearing before the judge to whom the case has been reassigned, but the renoticing of the hearing does not affect the prior briefing schedule.  Other deadlines such as those for ADR compliance and discovery cutoff also remain unchanged.

Dated:  December 16, 2021

*Mark B. Busby*

Mark B. Busby
Clerk, United States District Court

A true and correct copy of this order has been served by mail upon any pro se parties.

Bahar Mikhak                                                Case No: **4:21-CV-06919-SBA**
25595 Compton Court
Apt. 103
Hayward, CA 94544
Phone Number: 415-845-0141
Email Address: mikhakb@hotmail.com

*Pro Se* Litigant

Dear Clerk of the Court,

I am writing the following notices regarding your order (**Document** 51) issued today to reassign my case to the Honorable Charles R. Breyer based on his order in "Related Cases" (**Document** 50.)

**NOTICE #1:** I need additional time to file a Motion requesting Honorable Judge Charles Breyer **to recuse himself** from my NEW Complaint. And if he denies my motion, I need additional time to file a Motion **to request the Court to disqualify him** from my NEW Complaint pursuant **28 U.S.C. §§ 144 AND 455.** I need to do this before he issues another unfair decision, this time, dismissing my NEW Complaint with prejudice. It is unbelievable that the district court would even consider reassigning my collateral attack to the same judge who made the unfair decision to begin with.

With all due respect, Honorable Judge Breyer's assertion in (**Document** 50) is misleading that because "Individuals (e.g., Neda Dal Cielo, Marlene Muraco, Cooper Spinelli, Barbara Taylor, and Kim Spence etc.) were **involved** in the old case," then "Both cases [my initial Complaint and my NEW Complaint] involved "substantially the **same parties**, property, transaction, or **event**." His suggestion that "**being involved** in the old case" is the same as "**substantially the same parties** in the old case" is plain error. The two cases are only related if they involve substantially the <u>same</u> parties. And as I explained in my OPPOSITION RESPONSE, the two cases do not fit the definition of Related Cases as (*See* **Civil L.R. 3-12(a)** in **EXHIBIT C**) The **Civil L.R. 3-12(a)(1) Related Cases** states that an action is related to another when "the actions concern **substantially the** <u>**same parties**</u>, property, transaction, or **event**."

**NOTICE #2:** As of now, I do not know when my OPPOSITION RESPONSES are due because the decision on my Motion for time extension **is still pending**. Also, it gives me pause that your order (**Document** 51) did not mention anything about my Motion for time extension (**Document** 40) and it states: "Motions must be renoticed for hearing before the judge to whom the case has been reassigned, but the renoticing of the hearing does not affect the prior briefing schedule" and "Other deadlines such as those for ADR compliance and discovery cutoff also remain unchanged." I am writing to notice the court that:

1) I filed my Motion (**Document** 40) along with my Declaration (**Document** 40-1) for an extension of time on November 30, 2021. And the next day, I e-filed my Proposed Order (**Document** 42) and sent my Proposed Order in WORD to the Clerks for both Honorable Judge Armstrong and Honorable Judge Seeborg.
2) I also followed up with an email to both Clerks on December 15, 2021.

1

3) I need relief from this time pressure until at least **March 3, 2022** to file my response to the defendants' Motion to Dismiss.

4) Please note, Ms. Muraco from the Littler Mendelson, P.C. was granted a time extension **twice**. And Since September 7, 2021, the date I filed my Complaint, they had at least **three months** to work on their Motion to Dismiss my case with prejudice because she filed their amended Motion to Dismiss on December 4, 2021.

5) I need additional time because it seems to me that the UOP may have "lawyered up" even more. Perhaps this is an outdated information on the old Docket under **3:16-CV-901-CR**. I don't know for sure. Exhibit **A** is a screenshot of an email that was sent to me suggesting the UOP is now represented by at least **FIVE** attorneys from **THREE** different law firms. All I know is that it is me (the *pro se* litigant) against the UOP's team of counsel. Not to mention there are **FIVE** attorneys listed as defendants in my lawsuit. It is only fair that I can at least get additional time as a *pro se* litigant.

**NOTICE #3:** In the meanwhile, before Honorable Judge Breyer recuses himself or is disqualified, I need additional time to file an administrative Motion for **permission to e-file** my pleadings.

I reached out to the ECFHELP Desk, but they were unable to add my old case to my e-filing account because of an order the Honorable Judge Breyer had issued on May 3, 2018 to block me from e-filing more proof that the University of Phoenix, its team of counsel, and its false witnesses presented perjured testimonies and forged documents under oath, during the arbitration stage of my <u>initial</u> Complaint. I had to exchange several emails with several Clerks and to explain to them how his order would put me in a disadvantage and set me up for a failure. After I explained to them that, sadly, the option of mailing the documents is not something I can explore at this time. And my only option, was for me to spend time and money to drive from East Bay (in the rain? or not?) to the District Court either in San Francisco or Oakland to get this done asap, they kindly e-filed my OPPOSITION RESPONSE to the defendants' response to the issue of Related Cases (**Document** 49).

I gave them the following two options to consider:
**OPTION #1** I have copied/pasted below a message from the District Court's website (also please see the attached screenshot) that suggests that *pro se* litigants are given the option of emailing the Help Desk to link their accounts.

> "**NOTE: Effective May 1, 2020, and until further notice, pro se litigants whose names appear on existing cases before this court may register to become ECF users and may file documents electronically without first obtaining a judge's permission. Initial complaints and other case-opening documents must still be filed manually or by mail/private carrier. If you have an existing pro se e-filing account, and you wish to e-file in another case in which your name is listed, send an email to ECFHelpDesk@cand.uscourts.gov to link your account to that case.**"

**OPTION #2** Would it be possible for me to **email my documents to the Docketing Clerk** to file on my behalf? But the Clerks had no choice but to tell me that for future pleadings, I would need to mail my pleadings to the Clerk's office because Honorable Judge Breyer is still denying me e-filing access! I further explained that his continued denial of my request for e-filing, as a *pro se* litigant, will put me at a disadvantage. For example, Ms. Muraco (and others on the UOP's team of counsel) can e-file (from their offices or homes) their Motion to Dismiss my case by 11:59

PM on their due date, while I would need to finish my FINAL draft **at least 5-6 days** early to ensure the mailing and delivery to the Clerk's office by 4PM (San Francisco) on my due date and that is unfair. I hope you can see why, sadly, the option of mailing my brief to the Clerk's office is not a real option for me. It seems to me that the only efficient option for me to get around the judge's decision to deny my access to e-filing is for me to drive all the way to SF to file my response by 4PM on the due date. And that will put me at an unfair disadvantage in the process. Thus, I need additional time to file an administrative motion to be granted the same e-filing access granted to my opponents.  Thanks in advance.

      I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: December 16, 2021

                */s/ Bahar Mikhak* _____
                Bahar Mikhak

Bahar Mikhak                                    Case No: **4:21-CV-06919-SBA**
25595 Compton Court
Apt. 103
Hayward, CA 94544
Phone Number: 415-845-0141
Email Address: mikhakb@hotmail.com

*Pro Se* Litigant

Dear Honorable Judge Saundra Brown Armstrong and Honorable Judge Richard Seeborg,

Today, on December 16, 2021, I e-filed the following NOTICES with the Clerk of the Court regarding Mr. Mark B. Busby's court order (**Document** 51) to reassign my NEW Complaint to the Honorable Charles R. Breyer based on his order in "Related Cases" (**Document** 50.)

**NOTICE #1:** I need additional time to file a Motion requesting Honorable Judge Charles Breyer **to recuse himself** from my NEW Complaint. And if he denies my motion, I need additional time to file a Motion **to request the Court to disqualify him** from my NEW Complaint pursuant **28 U.S.C. §§ 144 AND 455.** I need to do this before he issues another unfair decision, this time, dismissing my NEW Complaint with prejudice. It is unbelievable that the district court would even consider reassigning my collateral attack to the same judge who made the unfair decision to begin with.

With all due respect, Honorable Judge Breyer's assertion in (**Document** 50) is misleading that because "Individuals (e.g., Neda Dal Cielo, Marlene Muraco, Cooper Spinelli, Barbara Taylor, and Kim Spence etc.) were **involved** in the old case," then "Both cases [my initial Complaint and my NEW Complaint] involved "substantially the **same parties**, property, transaction, or **event.**" His suggestion that "**being involved** in the old case" is the same as "**substantially the same parties** in the old case" is plain error. The two cases are only related if they involve substantially the <u>same</u> parties. And as I explained in my OPPOSITION RESPONSE, the two cases do not fit the definition of Related Cases as (*See* Civil L.R. 3-12(a) in **EXHIBIT C**) The **Civil L.R. 3-12(a)(1) Related Cases** states that an action is related to another when "the actions concern **substantially the <u>same parties</u>**, property, transaction, or **event.**"

I explained that, on February 23, 2016, when I filed my <u>initial</u> Complaint, nine of the twelve **new parties** (i.e., Littler Mendelson P.C., Neda Dal Cielo, Marlene Muraco, Cooper Spinelli, Kimberley Ramos, Matthew Walls, William J. Pepicello, Barbara Taylor, and Kim Spence) **substantially** were not the **same parties** to my <u>initial</u> Complaint because their alleged violations had not happened yet until later during the trial and the appeal proceedings.

I explained that although, the UOP's harassment and the retaliation of me during trial and appeal, with the help of Dal Cielo and others on their team of counsel, and their witnesses, was a continuation of the same hate and bias that started during my employment at the UOP, that does not mean that my NEW Complaint concerns **substantially the same events** as my <u>initial</u> Complaint. I further explained that My <u>initial</u> Complaint or what Ms. Muraco refers to as "the First Action," involves my allegations of employment and religious discrimination, harassment, and retaliation which were never litigated.

1

My NEW Complaint involves actions concerning **new events** (e.g., harassment and retaliation by fraudulent and material misrepresentation, presenting perjured testimonies, and forged documents, etc.) that happened during the **first stage** of my <u>initial</u> Complaint when the arbitration arguments were made.

On February 23, 2016, at the time of filing my <u>initial</u> Complaint, these **new events** concerning **Fraud Upon the Court** had not happened yet. The dates relevant to my NEW Complaint with **FRAUD** as the **new cause of action** were provided in **TABLE 3** in my NEW Complaint (*See* **EXHIBIT D**). These **new events** cannot be concerning "**substantially the same events**" as the events in my <u>initial</u> Complaint that happened in 2014. And upon my discovery of **Fraud Upon the Court**, Honorable Judge Breyer referred to my discovery of these **new events** that happened during trial as "theories," and he blocked me to litigate them. He issued an order to **suppress new submissions** from both parties.

I made <u>three</u> attempts, as a first-time *pro se* litigant, to appeal directly to Honorable Judge Charles Breyer for reconsideration and relief from its dismissal judgment (see description below).

- The courts generally treat Motions for reconsideration as being filed under FRCP 59 or 60. My post-trial motions for reconsideration, under the CA Local C.R. 7-9(b), were timely and meritorious because I showed that, at the time of my motion for leave, a <u>new</u> and <u>material</u> difference existed, that I exercised reasonable diligence, and did not know of such a fact at the time of the interlocutory order.
- My <u>first attempt</u> to appeal directly to Honorable Judge Breyer was by filing my Motion #1 (**dkt.**44, **ER2:**122-129):
  - To request a time extension to find new counsel and to Show Cause for my delay in initiating arbitration after becoming *pro se*.
  - To request for leave to correct and amend the record pursuant to FRCP 15(a).
  - To set aside default for good cause pursuant to FRCP 55(c) and grant a Prove Up hearing or an evidentiary hearing to address the appropriate standard for relief under FRCP 60(b)(3).
- In my Motion #1 (**dkt.**44, **ER2:**122-129), I raised the Honorable Judge Charles Breyer's awareness of Dal Cielo's elements of deception involved. For example, I showed that the UOP had induced me to agree with the arbitration, and that Taylor's **Exhibit A** was forged document.
- But the judge still denied my motion. Please review (**Exhibit T**): A Visual Display of The Factual Background Related to The Arbitration Agreement During My Faculty Qualification Process.
- Honorable Judge Charles Breyer outright refused to grant me leave to amend without stating *specific and justifying reasons for such denial*. (**dkt.**47, **ER1:**4-5) *Cf. Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).
- If the court grants a motion to dismiss, it should provide a statement of its reasons so that plaintiff can make an intelligent decision on whether to amend the complaint. *Griggs v. Hinds Junior* College, 563 F.2d 179, 180 (5th Cir. 1977).
- This policy is particularly strong in <u>*pro se* civil rights cases</u>. Before dismissing for failure to state a claim, the court should give the *pro se* plaintiff a statement of the complaint's deficiencies. *Eldridge v. Block*, 832 F.2d 1132, 1135-1136 (9th Cir. 1987). "Courts have

strictly enforced the requirement that a party threatened by summary judgment must receive notice and <u>an opportunity to respond</u>." *Massey v. Congress Life Ins. Co.*, 116 F.3d 1414 (11th Cir. 1997).

- I was a *pro se* litigant for **only 26 days** when I made the <u>second attempt</u> and filed my Motion #2 (**dkt.**49, **ER2:**58-119):
  - To request a time extension beyond the holiday season to find new counsel.
  - To request leave to amend my complaint and correct the record (FRCP 15(a)).
  - To present the "missing" evidence. For example: Jolley's email stating that I should self-identify as faculty candidate. (**dkt.**44, **ER2-**125), and to explain the UOP's Actions leading up to contract formation as proof that the UOP induced me to click "Accept." (**dkt.**49, **ER2:**58-119)
  - To request relief from the dismissal ruling and a request for a new trial, citing FRCP 59.
  - To investigate Dal Cielo's misconduct. I wanted to avail myself of FRCP 26-37 for discovery so I put a request for the court to issue subpoenas to the witnesses who had lied under oath.
  - But Honorable Judge Breyer denied my request and my right to discovery and **he omitted, in his order,** any mention of Dal Cielo's discovery violation of FRCP 37.
  - **Accidental omissions can be considered misconduct too** so I take back what I may have said about the district court not engaging in misconduct.
- Under the Local C.R. 7-3 (App.73), I had <u>14 days</u> to file my "letter-reply," or Motion #2 (**dkt.**49, **ER2:**58-119) in opposition to Dal Cielo's "letter-response," or Motion to dismiss. 9. But Honorable Judge Breyer dismissed my case with prejudice, **one week** early (**dkt.**47, **ER1:**4-5). Surprise evidence could be combated by granting a continuance to the surprised party. *Klonoski v. Mahlab*, 156 F.3d 255, 274-275 (1st Cir. 1998).
- The window of time from the date I parted ways with my counsel to the date of the dismissal of my case with prejudice lasted **only 11 days**. **(Exhibit R2)**
- That left me with the only option of filing a Notice of Appeal at the Ninth Circuit, knowing that my appeal would have been stronger if my rights to Procedural Due Process were not denied in the district court.
- My case presents a serious error of federal law that necessarily constituted an abuse of discretion.
- If Honorable Judge Breyer does not recuse himself from my NEW Complaint, he will follow the SAME unfair pattern of rulings that he made in my old case and will protect the UOP, its team of counsel, and its false witnesses from being held accountable so he can dismiss my NEW Complaint with prejudice again.
- In his order (**Document 50**) he asserts "there would "be an unduly burdensome duplication of labor" if another Court had to begin anew on the new case. See Civil Local Rule 3-12(a).
- But what about all the unduly burdensome many attempts I had to make by filing my appeal to him, then to the Ninth Circuit, then filing my petition for a Writ of Certiorari to the US Supreme Court, and now filing my NEW Complaint to be heard by a **new judge** and/or the jury? What about the unduly burden his unfair rulings and his mistakes caused me and put me at risk of more harassment and retaliation by the UOP and its team of counsel during post-trial and appeal? What about the financial burden his protection of the defendants at the expense of the truth and injustice has caused me?
- Honorable Judge Breyer must recuse himself from my NEW Complaint. Period. If he fails

to do so, it is very likely that he will not be neutral and will continue to protect the defendants again. His legacy and reputation have been undermined (even though I did not win my appeal) because I filed this NEW Complaint. And the only way he can restore it is if the defendant wins in dismissing my NEW Complaint too. He will most likely not be able to prevent himself from subconsciously helping the defendants even if he has good intentions to remain neutral.

**NOTICE #2:** As of now, I do not know when my OPPOSITION RESPONSES are due because the decision on my Motion for time extension **is still pending**. Also, it gives me pause that your order (**Document** 51) did not mention anything about my Motion for time extension (**Document** 40) and it states: "Motions must be renoticed for hearing before the judge to whom the case has been reassigned, but the renoticing of the hearing does not affect the prior briefing schedule" and "Other deadlines such as those for ADR compliance and discovery cutoff also remain unchanged."  I am writing to notice you as I did the court that:

1) I filed my Motion (**Document** 40) along with my Declaration (**Document** 40-1) for an extension of time on November 30, 2021. And the next day, I e-filed my Proposed Order (**Document** 42) and sent my Proposed Order in WORD to the Clerks for both Honorable Judge Armstrong and Honorable Judge Seeborg.
2) I also followed up with an email to the Clerks under your staff on December 15, 2021.
3) **[PLEASE NOTE: THIS IS MY REVISED PROPOSE DUE DATE]:**
   a. I need relief from this time pressure until at least March 16, 2022 to file my response to the defendants' Motion to Dismiss.
   b. I need **at least two more weeks** from March 3, 2022 [my first previous date] because of all these new changes with the reassignment of the Judge on my case and me having to file new Motions.
4) Please note, Ms. Muraco from the Littler Mendelson, P.C. was granted a time extension **twice**. And Since September 7, 2021, the date I filed my Complaint, they had at least three months to work on their Motion to Dismiss my case with prejudice because she filed their amended Motion to Dismiss on December 4, 2021.
5) I need additional time because it seems to me that the UOP may have "lawyered up" even more. Perhaps this is an outdated information on the old Docket under **3:16-CV-901-CR.** I don't know for sure. Exhibit A is a screenshot of an email that was sent to me suggesting the UOP is now represented by at least **FIVE** attorneys from **THREE** different law firms. All I know is that it is me (the *pro se* litigant) against the UOP's team of counsel. Not to mention there are **FIVE** attorneys listed as defendants in my lawsuit. It is only fair that I can at least get additional time as a *pro se* litigant.

**[MY NOTICE BELOW MAY NO LONGER BE RELEVANT BECAUSE IT SEEMS AS THOUGH I WAS FINALLY GIVEN PERMISSION TO E-FILE MY NOTICE TO THE COURT TO THE ATTENTION OF 'CRB']:**

**NOTICE #3** In the meanwhile, before Honorable Judge Breyer recuses himself or is disqualified, I need additional time to file an administrative Motion for **permission to e-file** my pleadings.

I reached out to the ECFHELP Desk, but they were unable to add my old case to my e-filing account because of an order the Honorable Judge Breyer had issued on May 3, 2018 to block me

from e-filing more proof that the University of Phoenix, its team of counsel, and its false witnesses presented perjured testimonies and forged documents under oath, during the arbitration stage of my <u>initial</u> Complaint. I had to exchange several emails with several Clerks and to explain to them how his order would put me in a disadvantage and set me up for a failure. After I explained to them that, sadly, the option of mailing the documents is not something I can explore at this time. And my only option, was for me to spend time and money to drive from East Bay (in the rain? or not?) to the District Court either in San Francisco or Oakland to get this done asap, they kindly e-filed my OPPOSITION RESPONSE to the defendants' response to the issue of Related Cases (**Document** 49).

I gave them the following two options to consider:

**OPTION #1** I have copied/pasted below a message from the District Court's website (also please see the attached screenshot) that suggests that *pro se* litigants are given the option of emailing the Help Desk to link their accounts.

> **"NOTE:  Effective May 1, 2020, and until further notice, pro se litigants whose names appear on existing cases before this court may register to become ECF users and may file documents electronically without first obtaining a judge's permission.  Initial complaints and other case-opening documents must still be filed manually or by mail/private carrier.  If you have an existing pro se e-filing account, and you wish to e-file in another case in which your name is listed, send an email to ECFHelpDesk@cand.uscourts.gov to link your account to that case."**

**OPTION #2** Would it be possible for me to **email** my documents to the Docketing Clerk to file on my behalf? But the Clerks had no choice but to tell me that for future pleadings, I would need to mail my pleadings to the Clerk's office because Honorable Judge Breyer is still denying me e-filing access! I further explained that his continued denial of my request for e-filing, as a *pro se* litigant, will put me at a disadvantage. For example, Ms. Muraco (and others on the UOP's team of counsel) can e-file (from their offices or homes) their Motion to Dismiss my case by 11:59 PM on their due date, while I would need to finish my FINAL draft **at least 5-6 days** early to ensure the mailing and delivery to the Clerk's office by 4PM (San Francisco) on my due date and that is unfair. I hope you can see why, sadly, the option of mailing my brief to the Clerk's office is not a real option for me. It seems to me that the only efficient option for me to get around the judge's decision to deny my access to e-filing is for me to drive all the way to SF to file my response by 4PM on the due date. And that will put me at an unfair disadvantage in the process. Thus, I need additional time to file an administrative motion to be granted the same e-filing access granted to my opponents.  Thanks in advance.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: December 16, 2021

/s/ *Bahar Mikhak* _____
Bahar Mikhak

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BAHAR MIKHAK,

       Plaintiff,

    v.

UNIVERSITY OF PHOENIX INC., et al.,

       Defendants.

Case No.  21-cv-06919-CRB

**ORDER SETTING DEADLINE FOR MOTION TO RECUSE**

      Pro se Plaintiff Bihar Mikhak has requested an extension of time to file a motion for recusal in this case.  See Notice (dkt. 52).  Mikhak's request for an extension is granted.  However, in order to avoid unnecessary delay, the motion for recusal is due on or before January 17, 2022.

      **IT IS SO ORDERED.**

      Dated: December 17, 2021

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

1
2
3
4

Bahar Mikhak
25595 Compton Court
Apt. 103
Hayward, CA 94544
Phone Number: 415-845-0141
Email Address: mikhakb@hotmail.com

5

*Pro Se* Litigant

6

7   **UNITED STATES DISTRICT COURT**

8   **NORTHERN DISTRICT OF CALIFORNIA**

9

10

11

12

13

14

15

16

17

18

19

20

| | |
|---|---|
| BAHAR MIKHAK, | ) Case No. **3:21-CV-06919-CRB** |
| Plaintiff, | ) Honorable Judge: Charles R. Breyer |
| vs. | ) |
| UNIVERSITY OF PHOENIX, INC., | ) **PLAINTIFF'S MOTION FOR** |
| WILLIAM J. PEPICELLO, PH.D., DR. | ) **ADMINISTRATIVE RELIEF TO** |
| RYAN BERMAN, DR. CATHY | ) **EXTEND TIME TO RESPOND TO** |
| MALONE, MS. LINDY BEAM, NEDA | ) **THE MOVING DEFENDANTS'** |
| N. DAL CIELO, COOPER J. | ) **NOTICE OF MOTION TO DISMISS** |
| SPINELLI, KIMBERLY GEE RAMOS, | ) **THIS ACTION PURSUANT TO** |
| MARLENE S. MURACO, MATTHEW | ) **F.R.C.P. RULES 8 AND 12(B)(6)** |
| E. WALLS, LITTLER MENDELSON | ) |
| P.C., BARBARA TAYLOR, KIM | ) Complaint Filed: September 7, 2021 |
| SPENCE, AND DOES 1-20, | ) |
| Defendant(s). | ) |

21

22

23

24

25

26

27

28

Pursuant to Local Rules 6-3 and 7-11, Bahar Mikhak (Plaintiff) respectfully requests an emergency extension of time to respond to Moving Defendants' **Motion to Dismiss.** The due date to file Plaintiff's OPPOSITION RESPONSE to the defendants' Motion to Dismiss is Monday December 20, 2021. Because Plaintiff needs to file her Motion requesting Honorable Judge Breyer's recusal or disqualification from her NEW Complaint before or on the same day as she files her OPPOSITION RESPONSE to the defendants' Motion to Dismiss, this means she will be forced to file TWO very important pleadings on the SAME day, by

1   December 20, 2021. The due date (January 17, 2022) that Honorable Judge Breyer

2   has kindly granted plaintiff to file her Motion for his recusal or disqualification is

3   not beneficial to her because he will still be presiding on her case. Given the

4   opportunity, it will be likely for him to grant the defendants' Motion to Dismiss her

5   NEW Complaint as he did her <u>initial</u> Complaint (Mikhak Decl.), which will

6   prejudice her tremendously.  There is no way she can file such an important

7   pleading on the SAME day as filing her Motion for recusal and/or disqualification

8   without putting her health at great risk for sleep deprivation etc.

9   **I.      FACTUAL BACKGROUND**

10          So many changes have happened since November 30, 2021, when she first

11  filed for her Motion for time extension. This whole time, she has had to deal with

12  too many "hot potatoes" at once, and given her *pro se* litigant status, this has

13  caused her tremendous stress.  Just during the first two weeks of December, she

14  has filed MOTIONS, or OPPOSITION RESPONSE, or NOTICES, or LETTERS etc.

15  in Court. Please see **EXHIBIT 1 (TABLE)**. As a result of the new issues involving

16  the reassignment of honorable Judge Breyer who had previously ordered the

17  dismissal of her <u>initial</u> Complaint with prejudice, she has not had the chance to

18  finish the legal research and argument of her OPPOSITION RESPONSE.

19          This time extension is necessary because the Moving Defendants' Motion to

20  Dismiss her entire civil rights complaint was served on December 4, 2021, it is 24

21  pages long, sets forth numerous arguments, and raises many factual and legal

22  issues that need to be sorted out and addressed. Much time is required to address

23  the numerous issues in Sections A and B of Moving Defendants' Motion to Dismiss

24  (**Document** 44) covering Parts I and II of my Complaint.

25          On December 19, 2021, plaintiff sent an email to Ms. Muraco to ask for an

26  extension of time to respond to her numerous issues in her Motion to Dismiss. She

27  received a prompt response from Ms. Muraco stipulating to an extension of three

28  weeks only. Sadly, the due date of January 10, 2022 will not be sufficient for

plaintiff to study and analyze all the cases and laws that Ms. Muraco has cited in her Motion (Mikhak Decl.)

## II.   GOOD CAUSE EXISTS TO GRANT PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO MOVING DEFENDANTS' MOTION TO DISMISS.

In Ms. Muraco's own words and using the same legal authorities she cited in her Motion for time extension to file her Motion to Dismiss: "Federal Rule of Civil Procedure 6(b)(1)(A) states that '[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion procedural and statutory contexts.' Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith or prejudice to the adverse party.' *Ahanchian, supra,* 624 F.3d at 1249, *quoting,* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004).'"

This time extension will not prejudice the Moving Party because no hearing date has been scheduled yet and they had about 2.5 months to work on their Motion to Dismiss. In addition, the Moving Defendants, who required more time to review and analyze the number of allegations and causes of action contained in plaintiff's NEW Complaint, will not be prejudiced by the extension of time she is requesting. Federal Rule of Civil Procedure § 6(b)(l) states that a court may extend the time for Plaintiff to file a response or a motion with a showing of good cause. Accordingly, this motion should be granted in its entirety.

## III.   CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that her Motion For Relief from Toxic Time Pressure to Respond to Moving Defendants' Motion To Dismiss to be granted in its entirety.

Dated: December 19, 2021

/s/ *Bahar Mikhak*
Bahar Mikhak

1  Bahar Mikhak
2  25595 Compton Court
   Apt. 103
3  Hayward, CA 94544
   Phone Number: 415-845-0141
4  Email Address: mikhakb@hotmail.com

5  *Pro Se* Litigant

6

                    **UNITED STATES DISTRICT COURT**
7
                  **NORTHERN DISTRICT OF CALIFORNIA**
8

9

10  BAHAR MIKHAK,                    )  Case No. **3:21-CV-06919-CRB**
                                     )  Honorable Judge: Charles R. Breyer
11            Plaintiff,             )
                                     )
12       vs.                         )
                                     )
13                                   )
    UNIVERSITY OF PHOENIX, INC.,     )  **DECLARATION OF BAHAR**
14  WILLIAM J. PEPICELLO, PH.D., DR. )  **MIKHAK IN SUPPORT OF**
    RYAN BERMAN, DR. CATHY           )  **PLAINTIFF'S MOTION FOR TIME**
15  MALONE, MS. LINDY BEAM, NEDA     )  **EXTENSION PURSUANT TO CIVIL**
    N. DAL CIELO, COOPER J. SPINELLI,)  **LOCAL RULES 6-3 AND 7-11.**
16  KIMBERLY GEE RAMOS, MARLENE      )
    S. MURACO, MATTHEW E. WALLS,     )
17  LITTLER MENDELSON P.C.,          )
    BARBARA TAYLOR, KIM SPENCE,      )  Complaint Filed: September 7, 2021
18  AND DOES 1-20,                   )
                                     )
19            Defendant(s).          )
                                     )
20  _____

21
         I, Bahar Mikhak, hereby declare and state as follows:
22
         I submit this declaration in support of my Emergency Motion for
23
    Administrative Relief to Respond To Moving Defendants' Motion to Dismiss my
24
    NEW complaint. The due date to file my OPPOSITION RESPONSE is Monday
25
    December 20, 2021 but I need through March 16, 2022 (**87 additional days**). This
26
    Motion is an emergency because Honorable Judge Breyer was assigned to my NEW
27
    Complaint in a very short notice on December 16, 2021 (**Document** 51). And if I
28

1   don't file my Motion requesting for his recusal or disqualification before or on the

2   same day as I file my OPPOSITION RESPONSE to the defendants' Motion to

3   Dismiss, he may grant the defendants' Motion to Dismiss. This means I am

4   required to file TWO pleadings on the SAME day, by December 20, 2021 and such

5   a toxic time pressure is harmful to my health and prejudicial to me. The due date

6   (January 17, 2022) that Honorable Judge Breyer has kindly granted me to file my

7   Motion for his recusal or disqualification is not beneficial to me, because in the

8   meanwhile, he will be presiding on my case so he will be given the opportunity to

9   grant the defendants' Motion to Dismiss my NEW Complaint as he did my <u>initial</u>

10  Complaint (Mikhak Decl.), which will prejudice me.

11      Additional time is required to respond to the Moving Defendants' Amended

12  Motion to Dismiss my entire civil rights complaint served on December 4, 2021

13  because it is 24 pages long and it sets forth numerous arguments and raises many

14  factual and legal issues.

15  **I.    FACTUAL BACKGROUND**

16      Much time is required to address the numerous issues in Sections A and B of

17  Moving Defendants' Motion to Dismiss (**Document** 44) covering Parts I and II of

18  my Complaint,

19  respectively, suggesting that my complaint is subject to dismissal because it is

20  barred by Res Judicata and Statute of Limitation. And even more time is required

21  to explain the absurdity of her claim that my allegations are subject to dismissal

22  because of absolute privilege for statements allegedly made to the Court by UOP's

23  witnesses and attorneys. Because Ms. Muraco has failed to justify in her Motion to

24  Dismiss (**Document** 44) the ways in which none of my 77 claims have met the

25  minimum requirements for pleading requirements in *Bell Atlantic Corp v.*

26  *Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), for every

27  single cause of action, I would need to defend that I had alleged sufficient facts to

28

1    establish as a matter of law. And that is an endeavor that will require additional

2    time.

3          There are also a total of 38 cases, 5 statutes, and 9 other authorities that

4    she has cited in her Motion that I need to study and analyze. In Section C, she

5    suggests that my Complaint violates R.R.C.P. Rule 8 because it is verbose,

6    repetitive, and includes extraneous matter. But what she fails to state is that most

7    of what I provided in my Complaint in the additional 1,000+ pages of Flowcharts,

8    Appendices, and Exhibits is what is required for me to provide the Moving

9    Defendants under **General Order 71** or in the initial discovery stage.

10         In her Motion for Administrative Relief from Case Management Schedule

11   **(Document 22)**, Ms. Muraco requests that the hearing on the Motion to Dismiss

12   be held before the deadline to exchange Initial Discovery under **General Order**

13   **71.** If it is true that none of my 77 causes of actions I set forth alleged sufficient

14   factual support to satisfy the minimum requirements for pleading, then she should

15   agree to exchange information and documents before my OPPOSITION

16   RESPONSE is due and before our court hearing is scheduled. Under **General**

17   **Order 71,** I will be given an opportunity to identify, among other things, those

18   defendants referred to as **DOES (1-20)**: the UOP's drafter(s) of the Faculty

19   Handbook, specifically those who drafted Section SIX (6.3 | Mentorship), and those

20   at the UOP who made decisions to induce faculty candidate to contract formation.

21         The UOP's team of counsel has had almost **2.5 months** to work on their Motion

22   to Dismiss.

23      • They have already asked for an additional **90** days.

24      • If my request is granted, it will not change the hearing date because no

25         hearing date has been scheduled.

26         From November 1, 2021 until my due date for completing the service of

27   process (December 6, 2021) I spent about **30 additional days** on completing

28   service of process by taking the following time-consuming actions:

1) I served the subpoena so the UOP would provide me with the mailing address for Barbara Taylor and Kim Spence.

2) To correct the "insufficiency" of the service of process for Cooper J. Spinelli, Kimberley G. Ramos, Neda N. Dal Cielo, and Marlene Muraco I had to print at least four new packages at Office Depot. But because three out of the four attorneys were substitute served, I had to spend more time printing three more packages for mailing.

3) As soon as I learned from Ms. Muraco that the UOP will not be complying with the court-issued subpoena, I decided to travel to Arizona to validate the mailing addresses for Barbara Taylor and Kim Spence myself.

4) During the same trip, I asked the second process server I had hired to correct the "insufficiency" of service of process for William Pepicello whether he had at least delivered a package of the summons and the complaint to Pepicello's house. He responded that he did not do so because I had not asked him to and that would not be proper service. Thus, I drove all the way to Pepicello's neighborhood to decide for a package to be delivered to Pepicello's home. In doing so, I evaluated my options for hiring a private investigator. I learned that because he lives in a gated community, it would be impossible for a private detective to stake out his house to discern whether he is evading service of process or is out of town.

The extension of **87** additional days will be necessary for me to file my OPPOSITION RESPONSE and it will not prejudice the Moving Defendants because Ms. Muraco's request for a **90-day** time extension to the initial CMC on the first "Scheduling Order" was granted. The new due date of **Thursday March 16, 2022** to file my OPPOSITION RESPONSE will be necessary.

**Additional supporting evidence for the reason why an extension is necessary**

**Reason #1:** I am a *pro se* litigant so it will take me much longer to write a persuasive legal pleading than those who are formally trained and experienced.

**Reason #2:** I need to contact as many attorneys as possible and reach out to lawyer referral services, Bar Associations, and litigation clinics. Sadly, I have been unable to hire an affordable attorney that specializes in complex litigation cases like mine to either fully represent me or provide me with limited-scope consultation (email evidence and phone call logs are available upon request).

**Reason #3:** Because of my concern for my senior parents, I may need to travel to Massachusetts to stay with and care for them. Both my 88-year-old father and my 86-year-old mother have had heart-related issues involving hospitalization in the recent past and may need my help at any time.

**Reason #4:** I need to prioritize my health per the advice of my doctor (Dr. Alejandro Diaz). The stress of being a *pro se* litigant, appellant, and petitioner has taken a toll on my health. Please see enclosed my updated doctor's note stating that I am at risk of developing stress related health problems. The additional **87 days** will help me prepare my response without compromising my health.

**Reason #5:** I may also accept a teaching faculty job offer for this Spring semester to help pay for my living expenses and legal fees.

Ms. Muraco has had a total of **75 days**, or **11 weeks**, to file several Motions on behalf of the Moving Party and herself. I requested an extension from Ms. Muraco in email on December 19, 2021. Ms. Muraco kindly replied: "I would stipulate to an extension of three weeks but not several months." I thanked her for her prompt response and for her willingness to stipulate. Sadly, her proposed due date of January 10, 2022 falls before my due date of January 17, 2022 for filing a Motion for recusal so it will not be sufficient time for me to get both major pleadings done. For me, the court has not made any decisions yet despite of my motion, notices, and letters etc. reminding the court and the previous honorable judges of my health issues with toxic time pressure. By law the defendants are given 21 days to respond or file a motion to dismiss, but ultimately, she was granted about 2.5

months extension when she filed her amended Motion on December 4, 2021. That is why I had asked for at least **87 days** until **March 16.**

Since November 30, 2021, I have had to address many issues that have arisen by either filing a MOTION, or OPPOSITION RESPONSE, or filing NOTICES, or LETTERS etc. in Court. Please see **EXHIBIT (TABLE A).** As a result of all these new issues regarding the reassignment of the same judge who had previously ordered the dismissal of my <u>initial</u> Complaint with prejudice, I could not complete the legal research for writing my OPPOSITION RESPONSE to the defendants' Motion To Dismiss. For example, I filed a Motion for an Alternative Method of Service of Process and I filed my OPPOSITION RESPONSE to the defendants' support of 'Related Cases.' Also, because my ability to e-file onto the docket for the old case was blocked from a previous order from Honorable Judge Breyer, I had to spend time diagnosing and resolving the issue before he would issue his order on Relationship of the two cases which was quite stressful.

There has been one prior request for time extension by me but it has not been granted yet. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: December 19, 2021

/s/ *Bahar Mikhak*
Bahar Mikhak

Case No. 3:21-CV-06919-CRB
DECLARATION OF BAHAR MIKHAK IN SUPPORT OF PLAINTIFF'S
MOTION FOR TIME EXTENSION

## EXHIBIT - TABLE A

| Date Filed | Title | Dkt. # | Decision | Current Due date | Proposed Due Date |
|---|---|---|---|---|---|
| November 30, 2021 | PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND TIME TO RESPOND TO THE MOVING DEFENDANTS' NOTICE OF MULTIPLE SEQUENTIAL MOTIONS WITH NUMEROUS ISSUES, INCLUDING THEIR MOTION TO DISMISS THIS ACTION PURSUANT TO F.R.C.P. 12(B)6, AND/OR F.R.C.P. 8. | 40 | No decision. But Time Sensitive. | 12/20/21 | 03/03/22 |
| December 3, 2021 | PLAINTIFF'S LETTER TO JUDGE RICHARD SEEBORG | 43 | No decision. But Time Sensitive. | | |
| December 6, 2021 | PLAINTIFF'S MOTION FOR AUTHORIZATION TO SERVE COMPLAINT AND SUMMONS BY ALTERNATIVE METHOD AND EXTENSION OF TIME TO COMPLETE SERVICE | 46 | Not Time Sensitive | | |
| December 10, 2021 | PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S RESPONSE TO REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP PURSUANT TO CIVIL LOCAL RULES 3-12(C) | 49 | Denied | | |
| December 13, 2021 | I reached out to the ECFHELP Desk and I exchanged several emails with several Clerks about the block on my ability to e-file in the docket for the old case. | | My opposition response was kindly e-filed onto the docket for the old case with the help of a team of clerks. | | |
| December 15, 2021 | I followed up about my Proposed Order for my Motion for Time Extension | | | | |
| December 15, 2021 | I filed several NOTICES with the Clerk of the Court regarding Mr. Mark B. Busby's court order to reassign my NEW Complaint to the Honorable Charles R. Breyer based on his order in "Related Cases" (**Dkt. 50.**) | 52 | No decision. But Time Sensitive. | 12/20/21 | 03/03/22 |
| December 16, 2021 | I filed a letter to Honorable Judge Armstrong and Honorable Judge Seeborg about (**Dkt. 52**) and requested additional time to file my Motion for recusal or disqualification of Honorable Judge Breyer from my NEW Complaint before he grants the defendants' Motion to Dismiss. | 53 | No decision. But Time Sensitive. | 12/20/21 | 03/16/21 |
| December 17, 2021 | Order setting the due date for Motion to Recuse | 54 | | | 01/17/22 |

# EXHIBIT F

Name: Bahar Mikhak | DOB: 6/11/1970 | MRN: ███████ | PCP: Alejandro E Diaz, MD

## Letter Details



**ALAMEDA**
**HEALTH SYSTEM**

HIGHLAND HOSPITAL
HIGHLAND HOSPITAL ADULT MEDICINE CLINIC
1411 E 31ST ST
OAKLAND CA 94602
Dept: 510-437-5039
Loc: 510-437-4800

Dept: 510-437-5039

Dept Fax: 510-535-7313

December 2, 2021

Patient:        **Bahar Mikhak**
Date of Birth: **6/11/1970**
Date of Visit: **11/26/2021**

To Whom It May Concern:

I am writing this letter on behalf of my patient Ms. Bahar Mikhak. I have been Ms. Mikhak's primary care doctors for several years now and I am very familiar with her medical history. It is my opinion that Ms. Mikhak has medical conditions which would be worsened by stress. It would be beneficial for Ms. Mikhak to have any appropriate accomodation in order to help mitigate this Thanks in advance for your consideration. Please feel free to reach out with any questions.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

Alejandro E Diaz, MD

CC: No Recipients

*This letter was initially viewed by Bahar Mikhak at 12/2/2021 1:36 PM.*

MyChart® licensed from Epic Systems Corporation © 1999 - 2021

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BAHAR MIKHAK,

       Plaintiff,

    v.

UNIVERSITY OF PHOENIX INC., et al.,

       Defendants.

Case No. 21-cv-06919-CRB

**ORDER GRANTING EXTENSION TO FILE OPPOSITION TO MOTION TO DISMISS**

The Court hereby GRANTS pro se Plaintiff Bihar Mikhak's request for an extension of time to file an opposition to Defendants' motion to dismiss (dkt. 44). See Requests (dkts. 55, 40). Mikhak's opposition is due no later than March 16, 2022. Defendants' reply shall be due 14 days thereafter. The parties are directed to meet and confer about any other scheduling concerns. If there are any disputes about discovery matters, the parties shall follow the process outlined in the Court's standing order.

**IT IS SO ORDERED.**

Dated: January 4, 2022

CHARLES R. BREYER
United States District Judge