Bahar Mikhak
25595 Compton Court
Apt. 103
Hayward, CA 94544
Phone Number: 415-845-0141
Email Address: mikhakb@hotmail.com

Pro Se Litigant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BAHAR MIKHAK,<br><br>        Plaintiff(s),<br><br>    vs.<br><br>UNIVERSITY OF PHOENIX, INC.,<br>WILLIAM J. PEPICELLO, PH.D., DR.<br>RYAN BERMAN, DR. CATHY MALONE,<br>MS. LINDY BEAM, NEDA N. DAL CIELO,<br>COOPER J. SPINELLI,KIMBERLY GEE<br>RAMOS, MARLENE S. MURACO,<br>MATTHEW E. WALLS, LITTLER<br>MENDELSON P.C., BARBARA TAYLOR,<br>KIM SPENCE, AND DOES 1-20,<br><br>        Defendant(s). | Case Number: **3:21-CV-06919-CRB**<br><br>Honorable Judge: Charles R. Breyer<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REQUEST TO ALTER OR AMEND THE JUDGEMENT PURSUANT TO FRCP 59(e) AND REQUEST FOR RELIEF PURSUANT FRCP 60(b) OR LEAVE TO FILE A MOTION FOR RECONSIDERATION (IF THE PRIOR ORDERS ARE NOT CONSIDEREED TO BE FINAL FOR THE PURPOSE OF RULES 59 AND 60) AND REQUEST FOR ENTRY OF FINAL JUDGEMENT PURSUANT TO FRCP 54(b) FOR PORTION OF THE ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**[Civil Local Rule 7-9(b)(3)]**<br><br>Hearing Date: Friday September 16, 2022<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom 6<br>Judge: Charles R. Breyer<br>Trial Date: None<br><br>Complaint filed: September 7, 2021 |

Case No. 3:21-CV-06919-CRB

Page i        **PLAINTIFF'S MOTION TO REQUEST TO ALTER OR AMEND THE JUDGEMENT
AND REQUEST FOR RELIEF FROM THE JUDGEMENT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iv

NOTICE OF MOTION ........................................................................................................ 1

INTRODUCTION.................................................................................................................. 4

Motion for Reconsideration Pursuant to FRCP 59(e) ......................................................... 7

Motion for Reconsideration Pursuant to FRCP 60(b).......................................................... 8

(1) Relief under 60(b)(1) - mistake, inadvertence, surprise, or excusable neglect ..................... 9

(2) Relief under 60(b)(2) – newly discovered evidence........................................................... 9

(3) Relief under 60(b)(3) – fraud, misrepresentation, and misconduct by adverse parties ........ 10

(4) Relief under 60(b)(4) - when the "judgment is void"......................................................... 12

(5) Relief under 60(b)(5) - "applying it prospectively is no longer equitable".......................... 13

Request for Entry of Final Judgment Pursuant to FRCP 54(b)............................................... 13

PART I. Plaintiff's request for reconsideration of Judge Breyer's prior rulings (e.g., dkts. 68, 69, and 87) as they relate to his Order (dkt.96)........................................................................... 14

This new evidence, in and of itself, is sufficient to set aside all of Judge Breyer's Orders....... 20

RECONSIDERATION IS NECESSARY BECAUSE OF NEW EVIDENCE THAT WAS NOT AVAILABLE BEFORE THE ENTRY OF THE ORDER ON JULY 7, 2022 ........................ 20

Summary report by the expert financial analyst ................................................................... 20

PART II. Plaintiff's request for a reconsideration of portions of Judge Breyer's Order (dkt.96) where he based his dismissal of Plaintiff's initial Complaint on *res judicata* arguments ......... 23

PART III. Plaintiff's request for a reconsideration of portions of Judge Breyer's Order (dkt.96) to strike the "extraneous material" such as Plaintiff's commentary on Fraud Upon the Court in her amended Complaint. ......................................................................................................... 24

BECAUSE OF THE CRIME-FRAUD EXCEPTION, PLAINTIFF'S "COMMENTARIES ABOUT FRAUD UPON THE COURT" ARE NOT SUBJECT TO THE ANTI-SLAPP STATUTE ........................................................................................................................... 26

BECAUSE PLANITFF'S CLAIMS IN PART II RESEMBLE WHAT PLAINTIFF WOULD DESCRIBE AS "MALICIOUS DEFENSES," THEY SHOULD NOT BE SUBJECT TO ANTI-SLAPP STATUTE, JUST AS MALICIOUS PROSECUTATION CLAIMS ARE NOT ........ 32

PART IV. Plaintiff's request for a reconsideration of the Court's Orders (dkts.38 and 87) to grant Plaintiff early limited discovery to identify the attorney defendant(s) implicated for the fraud ................................................................................................................................... 33

PARTIES HAVE USED EARLY DISCOVERY WHEN SEEKING INFORMATION TO OPPOSE A MOTION TO DISMISS.................................................................................... 33

ALLEGATIONS OF FRAUD MAY BE BASED ON INFORMATION AND BELIEF WHEN PLAINTIFF LACKS ACCESS TO ALL FACTS NECESSARY TO DETAIL HER CLAIMS AGAINST ONE OR MORE THIRD PARTIES ................................................................... 34

PART V. Plaintiff's request for a reconsideration of Judge Breyer's Order (dkt.96) as it relates to his disregard for the *pro se* status of the Plaintiff when he mischaracterized her Complaint as confusing or over-long and in violation of Rule 8. ................................................................... 35

Plaintiff's complaint did not violate Rule 8. ................................................................... 35

Plaintiff's complaint provides the Defendants fair notice of the claims against them.............. 37

RELIEF SOUGHT ................................................................................................................ 38

Request for Oral Argument .................................................................................................. 41

CONCLUSION ...................................................................................................................... 41

# TABLE OF AUTHORITIES

**Cases**

*Abatti v. Commissioner,*
    859 F.2d 115 (9th Cir.1988) .................................................................................. 11

*Abney v. Alameida,*
    334 F.Supp.2d 1221 (S.D. Cal. 2004)..................................................................... 25

*Anderson v. City of Bessemer City,*
    470 U.S. 564 (1985)................................................................................................. 12

*Atchison, T. & S.F. Ry. Co. v. Barrett,*
    246 F.2d 846 (9th Cir. 1957) .................................................................................... 8

*Bateman v. United States Postal Serv.,*
    231 F.3d 1220 (9th Cir. 2000) ................................................................................... 2

*Biovail Corp. v. Andrx Pharmaceuticals,*
    239 F.3d 1297 (Fed. Cir. 2001) .............................................................................. 11

*BP Alaska Exploration, Inc. v. Sup.Ct. (Nahama & Weagant Energy Co.)*
    (1988) 199 CA3d 1240, 245 CR 682, 697 ................................................... 28, 29, 31

*Broadway v. Norris,*
    193 F.3d 987 (8th Cir. 1999) .................................................................................. 12

*Bunch v. United States,*
    680 F.2d 1271 (9th Cir.1982) ................................................................................. 11

*Bureerong v. Uvawas,*
    922 F.Supp. 1450 (C.D. Cal. 1996) ........................................................................ 25

*Cassidy v. Tenorio,*
    856 F.2d 1412 (9 Cir. 1988) ..................................................................................... 9

*Circuit City Stores, Inc. v. Mantor,*
    417 F.3d 1060 (9th Cir. 2005) .................................................................................. 8

*City of Alhambra v. D'Ausilio,*
    (2011) 193 Cal.App.4th 1301 ................................................................................. 32

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,*
    254 F.3d 882 (9th Cir. 2001) .................................................................................. 13

*Costco Wholesale Corp. v. Sup.Ct. (Randall)*
    (2009) 47 C4th 725, 101 CR3d 758........................................................................ 30

*Credit Suisse First Bos. Corp. v. Grunwald,*
    400 F. 3d 1119 (9th Cir. 2005) ............................................................................... 13

*Dickerson v. Sup.Ct. (Ferrito)*
    (1982) 135 CA3d 93, 185 CR 97............................................................................. 29

*Falk v. Allen,*
    739 F.2d 461 (9th Cir. 1984) .................................................................................... 8

Fed. R. Civ. P. 8............................................................................................................. 13, 24

*Finton Construction, Inc. v. Bidna & Keys, APLC,*
    (2015) 238 Cal.App.4th 200 ................................................................................... 31

*Fischer v. United States Department of Justice,*
    759 F.2d 461 (5th Cir. 1985) .................................................................................... 7

*Flatley v. Mauro,*
  (2006) 39 Cal.4th 299 ........................................................................................ 31, 32
*Fraige v. American-Natl. Watermattress Corp.,*
  996 F.2d 295 (Fed. Cir. 1993) ...................................................................................... 11
*Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.*
  262 F. Supp. 2d 1088 (E.D. Cal. 2001) ........................................................................ 25
*Geilim v. Sup.Ct. (People),*
  1991) 234 CA3d 166, 285 CR 602 ......................................................................... 27, 28
*Gila River Ranch, Inc. v United States,*
  368 F.2d 354 (9th Cir. 1966) ......................................................................................... 9
*Glade v. Sup.Ct. (Russell)*
  (1978) 76 CA3d 738, 143 CR 119 ................................................................................ 28
*Heat & Control, Inc. v. Hester Indus. Inc.,*
  785 F.2d 1017 (Fed.Cir.1986) ...................................................................................... 11
*Hunt v. National Broadcasting Co.,*
  872 F.2d 289 (9th Cir.1989) ......................................................................................... 11
*In re 2TheMart.com, Inc. Sec. Litig.,*
  114 F.Supp.2d 9555 (C.D. Cal. 2000) .......................................................................... 25
*In re Benvin,*
  791 F3d 1096 (9th Cir. 2015) ....................................................................................... 39
*In re Ellis,*
  356 F3d 1198 (9th Cir. 2004) ....................................................................................... 39
*In re Grand Jury Subpoena*
  (9th Cir. 1994) 31 F3d 826 ........................................................................................... 30
*Insite Vision, Inc. v. Sandoz, Inc.,*
  783 F.3d 853 (Fed. Cir. 2015) ...................................................................................... 11
*Liberty Mutual Insurance Co. v Equal Employment Opportunity Commission,*
  691 F.2d 438 (9th Cir. 1982) ......................................................................................... 9
*Lukovsky v. City and County of San Francisco,*
  535 F.3d 1044 (9th Cir. 2008) ...................................................................................... 26
*Mendoza v. ADP Screening & Selection Services, Inc.*
  (2010) 182 Cal.App.4th 1644 ....................................................................................... 32
*Mundan v. Ultra Alaska Associates,*
  849 F.2d 383 (9th Cir. 1988) ......................................................................................... 7
*Olsen v. Harbison,*
  (2010) 191 Cal.App.4th 325 ......................................................................................... 32
*Patin v. Allied Signal, Inc.,*
  77 F.3d 782  (5th Cir. 1996) ........................................................................................... 7
*People v. Clark,*
  (1990) 50 C3d 583, 268 CR 399 ................................................................................... 27
*People v. Sup.Ct. (Bauman & Rose),*
  (1995) 37 CA4th 1757, 44 CR2d 734 ................................................................. 27, 28, 30
*People v. Sup.Ct. (Laff)*
  (2001) 25 C4th 703, 107 CR2d 323 .............................................................................. 30

*Pfizer, Inc. v. Ranbaxy Labs. Ltd.*,
   457 F.3d 1284 (Fed. Cir. 2006) ............................................................................................. 11
*Pillsbury, Madison & Sutro v. Lerner*,
   31 F.3d 924 (9th Cir. 1994) .................................................................................................... 25
*Raiford v. Pounds,*
   640 F.2d 944 (9th Cir.1981) ..................................................................................................... 8
*Reuter v. Jax Ltd., Inc.*,
   No. 11-cv-331 SRN/SER, 2011 WL 4640882, at *1 (D. Minn. Oct. 6, 2011)........................ 12
*Rochin v. Pat Johnson Manufacturing Co.*
   (1998) 67 Cal.App.4th 1228 [79 Cal.Rptr.2d 719]................................................................. 24
*School Dist. No. 1 J. Multnomah County v. ACandS, INC.*,
   5 F.3d 1255 (9th Cir. 1993), cert. denied, 114 S.Ct. 2742 (1994) .......................................... 7
*Sea Ranch Association v. California Coastal Zone Conservation Comm'n.*,
   537 F.2d 1058 (9th Cir. 1978) .................................................................................................. 7
*Smith v. Pac. Props, & Dev. Corp.*,
   358 F.3d 1097 (9th Cir. 2004) ................................................................................................ 25
*State Comp. Ins. Fund v. Sup.Ct. (People)*
   (2001) 91 CA4th 1080, 111 CR2d 284.................................................................................... 30
*State Farm Fire & Cas. Co. v. Sup.Ct. (Taylor)*
   (1997) 54 CA4th 625, 62 CR2d 834............................................................... 27, 29, 30, 31
*Stone v Powell*,
    428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d ........................................................... 38
*Tanner Motor Livery, Ltd. v. Avis, Inc.*,
   316 F.2d 804 (9th Cir. 1963) .................................................................................................. 13
*Tripati v. Henman*,
    845 F.2d 205 (9th Cir. 1988) ................................................................................................... 7
*Tumey v. Ohio*,
   273 U.S. 510 (1927)........................................................................................................ 16, 18
*Turner v. Burlington Northern Santa Fe Railroad Co.*,
   338 F.3d 1058 (9th Cir. 2003) .................................................................................................. 7
*Umansky v. Urquhart*,
   (1978) 84 Cal.App.3d 368 ...................................................................................................... 32
*United States v. Bogucki*
   **(**Case No. 18-cr-00021-CRB-1)............................................................................................... 21
*Wilkerson v. Butler*,
   229 F.R.D. 166 (E.D. Cal. 2005) ............................................................................................ 25

**Statutes**

28 U.S.C. § 1291....................................................................................................................... 2
28 U.S.C. § 1292........................................................................................................... 1, 2, 3, 14
28 U.S.C. § 455................................................................................................................. 15, 17, 19
28 U.S.C. § 455(a) ............................................................................................................ 15, 17, 19
28 U.S.C. § 455(b)(1) ............................................................................................................ 15, 17
28 U.S.C. § 47..................................................................................................................... 16, 18

28 U.S.C.A. § 144 ................................................................................................... 15, 17
California Ev. Code § 915(a) ............................................................................................ 30
California Ev. Code § 956 ...................................................................................... 27, 28, 30
California Ev. Code § 956(a) ............................................................................................ 27
California Ev. Code § 968(a) ............................................................................................ 31

**Other Authorities**

9 J. Moore, Moore's Federal Practice ¶204.12[1] (1985) ............................................................. 7

**Rules**

Civil Local Rule 3-14 ................................................................................................ 15, 17
Civil Local Rule 7-9 ...................................................................................................... 20
Civil Local Rule 7-9(b)(3) ............................................................................................. i, 13
Fed. R. Civ. P. 12(f) ...................................................................................................... 25
Fed. R. Civ. P. 41(b) .................................................................................................. 16, 18
Fed. R. Civ. P. 54(b) ................................................................................................ passim
Fed. R. Civ. P. 59(e) ................................................................................................ passim
Fed. R. Civ. P. 60(b) ................................................................................................ passim
Fed. R. Civ. P. 60(b)(1) ............................................................................................... 9, 41
Fed. R. Civ. P. 60(b)(2) ............................................................................................... 9, 41
Fed. R. Civ. P. 60(b)(3) .............................................................................................. passim
Fed. R. Civ. P. 60(b)(4) ...................................................................................... 9, 12, 16, 18
Fed. R. Civ. P. 60(b)(5) .......................................................................................... 9, 13, 41
Fed. R. Civ. P. 60(b)(6) ............................................................................................ 16, 18
Fed. R. Civ. P. 60(c)(2) ................................................................................................. 12
Fed. R. Civ. P. 60(d)(3) ............................................................................................ 16, 18

**NOTICE OF MOTION**

**TO DEFENDANTS** University of Phoenix, Inc., William Pepicello, Ryan Berman, Cathy Malone, Lindy Beam, Neda Dal Cielo, Cooper Spinelli, Kim Ramos, Marlene Muraco, Matthew Walls, Littler Mendelson, Barbara Taylor, Kim Spence, and DOES (1-20) (collectively "Defendants"): **PLEASE TAKE NOTICE** that on Friday September 16, 2022 at 10:00 a.m., or as soon thereafter as the matter can be heard in the courtroom assigned to Honorable Judge Charles R. Breyer (hereinafter "Judge Breyer") in Courtroom 6 (17th Floor) at the United States District Courthouse located at 450 Golden Gate Avenue, San Francisco, California 94102, Bahar Mikhak (Plaintiff) will, and hereby do move the Court to alter or amend the judgment pursuant to Federal Rule of Civil Procedure (FRCP) 59(e) and/or do request for relief pursuant FRCP 60(b) from the Order (**dkt.**96) granting Defendants' motion to dismiss with leave to amend, and/or in the alternative for entry of final judgment for Judge Breyer's Order (**dkt.**96) only relating to Part I of Plaintiff's Complaint pursuant to FRCP 54(b).

Because Judge Breyer did not specify whether portions of his Order (**dkt.**96) involving his dismissal of Plaintiff's <u>initial</u> Complaint (Part I) was a final order pursuant to FRCP 54(b), Plaintiff is in a procedural abyss not knowing whether Part I is a final order of which Plaintiff can seek reconsideration pursuant to FRCP 59(e) and FRCP 60(b), or appeal, or whether it is not a final appealable order but an interlocutory order that Plaintiff must seek Judge Breyer to certify it for appeal pursuant to 28 U.S.C. § 1292.

Moreover, without knowing whether Part I of the Order (**dkt**.96) is a final, appealable order, Plaintiff cannot determine whether and when it must comply with appellate and other deadlines. Therefore, in an abundance of caution and to comply with all potentially applicable deadlines, Plaintiff brings this motion for reconsideration pursuant to FRCP 59(e) and FRCP 60(b), or in the alternative, for entry of final judgment of his Order (**dkt.**96) only relating to Part I of Plaintiff's Complaint pursuant to FRCP 54(b), or in the alternative, for certification of the Part I of his Order for appeal pursuant to 28 U.S.C. § 1292. Failure of a party to cite controlling

precedent does not relieve the district court of the duty to apply the correct legal standard (See *Bateman v. United States Postal Serv.* 231 F.3d 1220, 1224 (9th Cir. 2000)).

**If the portion of the Order (dkt.96) that involves Plaintiff's <u>initial</u> Complaint (Part I) is a final appealable order** pursuant to FRCP 54(b), Plaintiff requests that Judge Breyer enter language effectuating a final dismissal and consider her motion for reconsideration pursuant to FRCP 59(e) and FRCP 60(B). Ninth Circuit has jurisdiction over the order of dismissal of Plaintiff's <u>initial</u> Complaint pursuant to 28 U.S.C. § 1291. But if Part I of the Order is not a final appealable order because it is an interlocutory order, Plaintiff requests that Judge Breyer certify it for appeal pursuant to 28 U.S.C. § 1292.  Furthermore, in support of his dismissal of Plaintiff's <u>initial</u> Complaint, Judge Breyer had cited his Order (dkt.69) as the justification for his rejection of Plaintiff's arguments in defeating Ms. Muraco's *Res Judicata* arguments. Thus, Plaintiff asks that Judge Breyer clarify whether his Order (**dkt**.69) denying Plaintiff's Motion to VOID his prior orders and its related Orders (**dkts.**68 and 87) and the orders (**dkts.**38, 41, 50, and 51) preceding them are final orders pursuant to FRCP 54(b).

If they are final appealable orders pursuant to FRCP 54(b), Plaintiff requests that Judge Breyer enter language effectuating a final order and consider her motion for reconsideration of all those orders pursuant to FRCP 60(b) . If they are not final appealable orders but interlocutory orders, Plaintiff requests that Judge Breyer certify them for appeal pursuant to 28 U.S.C. § 1292. The Ninth Circuit has jurisdiction over the denial of the Motions to VOID prior judgements and related Motions pursuant to 28 U.S.C. § 1292.

**If portion of the Order (dkt.96) that involves striking out Plaintiff's commentary on Fraud Upon the Court in Plaintiff's NEW Complaint (Part II) is a final appealable order,** Plaintiff asks for clarification whether portions of Judge Breyer's Order (dkt.96) that warns the Plaintiff to strike out her commentary on the misconduct of Judge Breyer and the judges on the Ninth Circuit panel in her amended Complaint or else face the dismissal of her Complaint with prejudice is a final Order. The Ninth Circuit has jurisdiction over the order striking portions of the complaint pursuant to 28 U.S.C. § 1291. But if Part II of the Order

(**dkt.**96) is not a final appealable order because it is an interlocutory order, Plaintiff requests that Judge Breyer certify it for appeal pursuant to 28 U.S.C. § 1292.

The first available hearing date on the Court's calendar that is at least 35 days from the date of this filing is Friday September 9, 2022. However, Mikhak and Muraco have stipulated on Friday September 16, 2022 at 10 a.m. for the hearing date.

Also, contemporaneously with this instant Motion, Plaintiff has filed her Motion to Stay or her request to vacate the due date of August 21, 2022 for her amended Complaint. A Stay is necessary for an interim relief while this Court reviews her Motion or while Plaintiff prepares her Petition for Permission to Appeal and/or while her Petition is pending review so not to compete with her time in filing her amended Complaint. This Motion is also coupled with a Motion to seek permission from the Court to exceed page limit. All of Plaintiff's Motions are in good faith and not for strategic purposes.

Plaintiffs' Motion is based upon this Notice of Motion and a Memorandum of Law and Authorities, which is being filed contemporaneously with this notice and is incorporated below, Bahar Mikhak's Declaration in support of Plaintiff's Motion with EXHIBITS filed in support of the motion, all documents and records in the court record for this case (including all briefs, declarations, and supporting documents related to the parties previously filed), its Proposed Order, and on such further written and/or oral argument and evidence as may be submitted.

Finally, this Motion is based on any oral argument that may be presented at the hearing, all other papers, records, and pleadings on file in this action, and the additional new evidence in support of Judge Breyer's extrajudicial conflict of interest, and arguments that the Court may allow prior to and during the hearing on this motion.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGEMENT AND REQUEST FOR RELIEF FROM JUDGEMENT OR LEAVE TO FILE A MOTION FOR RECONSIDERATION (IF THE PRIOR ORDERS ARE NOT CONSIDEREED TO BE FINAL FOR THE PURPOSE OF RULES 59 AND**

**60) AND REQUEST FOR ENTRY OF FINAL JUDGEMENT PURSUANT TO FRCP 54(b) FOR PORTION OF THE ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

INTRODUCTION

Plaintiff's NEW Complaint (**dkt.**1) was initially assigned at random to Honorable Judge Saundra Armstrong (hereafter "Judge Armstrong"). Judge Breyer's dismissal of Plaintiff's <u>initial</u> Complaint with prejudice, as he had dismissed her *Original* Complaint with prejudice, prompted Plaintiff to file this Motion. Here, Plaintiff presents her newly discovered evidence in support of the District Court's manifest error in its sua sponte decision to refer Plaintiff's NEW Complaint to Judge Breyer for the purposes of determining relationship and all the decisions that hinged upon that manifest error.

Plaintiff's request for reconsideration of any of Judge Breyer's orders involves three types of abuse of power: of Plaintiff's right to process, of the laws, and of the facts as they relate to Plaintiff's case. It all goes back to Plaintiff's *Original* Complaint in which Plaintiff suspected Judge Breyer's deep-seated favoritism toward the defense counsel and the UOP's false witnesses when he abruptly granted a summary judgement to them without allowing the facts of Plaintiff's new allegations of fraud to develop. Plaintiff has described those abuses in detail in her prior pleadings (for example, Motion (**dkt.**59) to Recuse or Disqualify [hereinafter "first Motion (**dkt.**59)"] and its related Motion (**dkt.**60) to VOID Prior Judgments, Combined Reply Briefs (**dkt.**67) in support of her two related Motions (**dkts.**59 and 60), Motion (**dkts.**78-79) to Disqualify [hereinafter "second Motion (**dkts.**78-79)"], and other relevant Motions).

This instant Motion is in good faith and not for strategic purposes because Plaintiff has reason to believe that if Judge Breyer remains assigned to her NEW Complaint, she cannot have a fair and impartial trial or hearing. This Motion is based on Plaintiff's newly discovered evidence on Judge Breyer's extrajudicial source of bias or conflict of interest that did not become available to Plaintiff until after Judge Breyer entered his judgment in this case on July 7, 2022. (**dkt.**96). Plaintiff's instant Motion is organized into **FIVE** parts:

**PART I.** Plaintiff's request for a reconsideration of Judge Breyer's prior rulings (e.g., **dkts.** 68, 69, and 87) as they relate to his Order (**dkt.**96).

**PART II.** Plaintiff's request for a reconsideration of portions of Judge Breyer's Order (**dkt.**96) in which he based his dismissal of Plaintiff's <u>initial</u> Complaint on *res judicata* arguments.

**PART III.** Plaintiff's request for a reconsideration of portions of Judge Breyer's Order (**dkt.**96) to strike the "extraneous material," such as Plaintiff's commentary on Fraud Upon the Court, in her amended Complaint.

**PART IV.** Plaintiff's request for a reconsideration of the Court's Orders (**dkts.**38 and 87) to grant Plaintiff early limited discovery to identify the attorney defendant(s) implicated for the fraud.

**PART V.** Plaintiff's request for a reconsideration of Judge Breyer's Order (**dkt.**96), as it relates to the rights of *pro se* Plaintiff, when he mischaracterized her Complaint as confusing or over-long and in violation of Rule 8.

Unlike Judge Breyer false assertion: "… The motion to dismiss urges a number of grounds for dismissal, see generally Mot., but the Court dismisses the Complaint on just one: it violates Rule 8 of the Federal Rules of Civil Procedure, …" his Order (**dkt.**96) is not only based on the grounds that Plaintiff is in violation of Rule 8, because, in portions of Judge Breyer's Order (**dkt.**96), he held that: "… This raises concerns about res judicata, as the Court dismissed the prior case in a final judgment (footnote 3) that Ms. Mikhak appealed and the Ninth Circuit affirmed….." Judge Breyer must have failed to consider Plaintiff's arguments in defeat of *res judicata*. That is why his Order (dkt.96) asks that Plaintiff's <u>initial</u> Complaint is subject to *Res Judicata,* and thus, to be in compliance with Rule 8, Plaintiff must strike out all her claims in her <u>initial</u> Complaint.

And in footnote 3 of his Order (**dkt.**96), Judge Breyer held that: "Ms. Mikhak's assertion that there was no final judgment because the Court's prior order/orders was/were void, see Opp'n at 8–9, is incorrect. The Court has already rejected this argument. See Order

Denying Motion to Set Aside Judgment (dkt. 69)…" Judge Breyer must have failed to consider Plaintiff's many legal and factual arguments (dkts.60 and 78) and her Petition for a Writ of Mandamus at the Ninth Circuit (Docket No. 22-70104) in support of the fact that Judge Breyer was not authorized to rule on Plaintiff's Motion (**dkt.**60) to VOID or set aside his prior judgement, and that's why his Order (dkt.96) asks Plaintiff to be in compliance with Rule 8, she must strike out all her claims in her <u>initial</u> Complaint.

Furthermore, Judge Breyer's Order (**dkt.**96) is not only based on Plaintiff's alleged violations of Rule 8, but also on his misapplication of CA Civil Code Section 47 because he held that: "… All of the extraneous material in the current Complaint—the commentary on the law and on this Court, the repetition, the legal argument, … should come out, as they distract from any valid legal claims Ms. Mikhak seeks to make."

Thus, Judge Breyer has not just used the requirements for Rule 8, but he has also used other issues such as *res judicata* to dismiss Plaintiff's <u>initial</u> Complaint, or litigation privilege to order Plaintiff to strike out material facts about Fraud Upon the Court. When Judge Breyer consistently brings attention to his ruling on Rule 8, it appears as if he intends to distract *pro se* Plaintiff away from portions of his Order (**dkt.**96) that involve issues other than Rule 8 so to discourage the *pro se* Plaintiff from filing timely post-judgement Motions and to preserve the issues for appeal of any of his rulings.

**Standard of Review**

Where a motion is submitted after entry of judgment, the only appropriate procedural devices are: (1) motion to alter or amend judgment pursuant to FRCP Rule 59(e), or (2) a motion for relief from judgment pursuant to FRCP Rule 60(B). Plaintiff's Motion under Rules 59 to amend or alter those portions of Judge Breyer's Order (**dkt.**96) that involve issues indirectly related to Rule 8 is valid and in good faith because her motion is founded on the two grounds below:

Case No. 3:21-CV-06919-CRB

Page 6        **PLAINTIFF'S MOTION TO REQUEST TO ALTER OR AMEND THE JUDGEMENT AND REQUEST FOR RELIEF FROM THE JUDGEMENT**

**Motion for Reconsideration Pursuant to FRCP 59(e)**

To the extent that Plaintiff's Motion calls into question the correctness of the underlying judgment, it is a Rule 59(e) motion to alter or amend judgment. *Fischer v. United States Department of Justice*, 759 F.2d 461, 464 (5th Cir. 1985) See also *Mundan v. Ultra Alaska Associates*, 849 F.2d 383, 387 (9th Cir. 1988); *Sea Ranch Association v. California Coastal Zone Conservation Comm'n.*, 537 F.2d 1058, 1061 (9th Cir. 1978); 9 J. Moore, Moore's Federal Practice ¶204.12[1] (1985) ("Any motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label.")

Reconsideration pursuant to Rule 59(e) "is appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration" *School Dist. No. 1 J. Multnomah County v. ACandS, INC.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted), cert. denied, 114 S.Ct. 2742 (1994).

If Part I of the Order (dkt.96) is a final order Plaintiff submits this request for reconsideration pursuant to FRCP 59(e) and has noticed the motion accordingly. After judgment has been entered, a motion for reconsideration is essentially considered as a motion to alter or amend the judgment under FRCP 59(e). *Tripati v. Henman*, 845 F.2d 205, 206, n 1 (9th Cir. 1988) ("A Rule 59(e) motion is a proper vehicle for seeking reconsideration of a summary judgment ruling."). *See also*, *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785, n.1 (5th Cir. 1996) (holding that a motion for reconsideration styled as a motion for a new trial following a summary judgment was correctly analyzed as a Rule 59(e) motion to reconsider entry of summary judgment). A motion under Rule 59(e) is timely filed within 28 days of entry of judgment.

One purpose of a motion for reconsideration pursuant to FRCP 59(e) is to correct manifest errors of law or fact. *Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A court may alter or amend its judgment if the movant demonstrates

at least one of the following: (1) availability of new evidence not available when judgment was granted, (2) a need to correct a clear error of law or fact or to prevent manifest injustice, or (3) a change in the controlling law; *Id.; see also Circuit City Stores, Inc. v. Mantor,* 417 F.3d 1060, 1064 (9th Cir. 2005) (citing *School District No. IJ, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Part I of the Order is premised on clear factual and legal errors. These errors, left unchanged, would result in a manifest injustice to Plaintiff, namely her right to a have a new and unbiased judge preside over her case and rule on her Motion (dkt.60) to VOID prior judgements. These issues are addressed in more depth in Plaintiff's memorandum of points and authorities in support of her motion for reconsideration.

**Motion for Reconsideration Pursuant to FRCP 60(b)**

A motion for relief from judgment or order under Rule 60 of the Federal Rules of Civil Procedure does not argue with the Court's decision. Instead, it asks the Court not to require the party to obey it. Rule 60(b) collects various different grounds under which relief could be granted from the operation of a Judgment or a final order. The law governing such relief is summarized below. In the case of default judgments and early terminations such as the dismissals that were entered in this case, considerations of "finality" etc., play a much weaker role, and the interest of determining matters on their merits should be favored.

The injustice to a litigant who has not had their "day in court" is the larger concern. Especially when a case is still young, 'a district court must consider ... less drastic alternative sanctions' before dismissing. *Raiford v. Pounds,* 640 F.2d 944, 945 (9th Cir.1981) (per curiam) (citations omitted). The importance of this "remedial measure" has been recognized. Rule 60(b) is "remedial in nature and... must be liberally applied." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). *See, also, Atchison, T. & S.F. Ry. Co. v. Barrett,* 246 F.2d 846 (9th Cir. 1957). In addition, Rule 60(b) provides various avenues as described below by which the district court can set aside a prior judgment. A motion based on the first three reasons must be

made within one year after the judgment or order was entered. A motion based on the other three reasons must be made within a reasonable time.

Those portions of Judge Breyer's Order (**dkt.**96) involving issues indirectly related to Rule 8 dismissing Plaintiffs case with prejudice must be vacated for relief under FRCP 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4) and 60(b)(5). Plaintiff has demonstrated below that her Motion under Rules 60 for relief is valid and in good faith:

### (1) Relief under 60(b)(1) - mistake, inadvertence, surprise, or excusable neglect

Rule 60(b)(1) permits courts to relieve a party from an order or judgment for "mistake, inadvertence, surprise, or excusable neglect." The movant bears the burden of alleging a basis to set aside an order or judgment. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9 Cir. 1988). Relief can be provided under this subsection not only for the error of the moving party but also for errors of law by the district court itself. ("The law in this circuit is that errors of law are cognizable under Rule 60(b).") *Liberty Mutual Insurance Co. v Equal Employment Opportunity Commission,* 691 F.2d 438 (9th Cir. 1982), citing *Gila River Ranch, Inc. v United States,* 368 F.2d 354, 356 (9th Cir. 1966).

Furthermore,... Rule 60(b)(1) is not limited to mistake or inadvertence by the judgment debtor. Because the words "mistake" and "inadvertence" are not so limited, they may include mistake and inadvertence by the judge. We held that a district court can correct its own mistake months after judgment, under Rule 60(b), in *Gila River Ranch, Inc. v. United States,* 368 F.2d 354, 357 (9th Cir. 1966); see also *Restatement of Judgments 2d § 68, illustration 5* (1982), *View Ltd., v. Lake Alice Bar,* 168 F.3d 347 (9th Cir. 1999).

### (2) Relief under 60(b)(2) – newly discovered evidence

Under Rule 60(b), the district court may relieve a party from judgment on the basis of newly discovered evidence. See FRCP 60(b)(2); see also *Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878 (9th Cir.1990) (per curiam). The test for newly discovered evidence requires that the moving party show that (1) the evidence constitutes "newly discovered evidence" within the meaning of Rule 60(b)(2), (2) it exercised "due diligence" to discover the evidence, and (3) the

evidence is of such magnitude that it would have likely changed the outcome of the case. *See Coastal Transfer v. Toyota Motor,* 833 F.2d 208, 211 (9th Cir.1987). *Zamora v. INS,* 122 F.3d 1070 (9th Cir. 1997). Plaintiff has discovered new evidence in support of Judge Breyer's extrajudicial source of bias. This discovery happened after the entry of Judgement, despite Plaintiff's due diligence. It is clear and convincing evidence that Judge Breyer must recuse himself or be disqualified from presiding over Plaintiff's case.

**(3) Relief under 60(b)(3) – fraud, misrepresentation, and misconduct by adverse parties**

Under this subpart, the court can relieve a party from any final orders made herein for *"fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;"* Rule 60(b)(3). Movant has demonstrated which of these elements are present herein. "Misconduct" does not demand proof of nefarious intent or purpose as a prerequisite to redress.... The term can cover even accidental omissions-- elsewise it would be pleonastic, because "fraud" and "misrepresentation" would likely subsume it... Accidents--at least avoidable ones--should not be immune from the reach of the rule. *Id.* at 923.

The court in *Anderson* found misconduct within the meaning of Rule 60(b)(3) because plaintiffs demonstrated (1) they exercised due diligence in their discovery requests; (2) defendant knew, or was charged with knowledge, of the missing document, and had constructive (if not actual) possession of it; and (3) defendant did not divulge the document's existence. *Id.* at 928. *Jones, v. Aero/Chem Corp. et al.,* 921 F.2d 875 (9th Cir. 1990).

To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense. "Rule 60(b)(3) require[s] that fraud ... not be discoverable by due diligence before or during the proceedings." *Casey v Albertson's, 362* F.3d 1254 (9th Cir. 2004). In the context of discovery (extending by analogy to non-disclosure) it has been held that: [...] Although when the case involves the withholding of information called for by discovery, the party need not establish that the result in the case would be altered, *Bunch v. United States,* 680 F.2d 1271, 1283 (9th

Cir.1982). Failure to disclose or produce materials requested in discovery can constitute "misconduct" within the purview of this subsection. *See Rozierv. Ford Motor Co.,* 573 F.2d 1332, 1339 (5th Cir.1978).

Judge Breyer should use his inherent power to reconsider the Orders (dkts.68, 69, 87, and 96) so that they are not ultimately vacated by the Court of Appeals for the Federal Circuit for (1) being based on erroneous conclusions of law, (2) being based on clearly erroneous findings of fact, and (3) containing findings for which there was no supporting evidence in the record. As the Federal Circuit explained in *Fraige v. American-Natl. Watermattress Corp.*, 996 F.2d 295 (Fed. Cir. 1993): "An order denying a motion to set aside a judgment under Rule 60(b) is reviewed under an abuse of discretion standard. *Bunch v. United States*, 680 F.2d 1271, 1283 (9th Cir.1982).

An abuse of discretion exists when (1) the lower court's decision is based on an erroneous conclusion of law, or (2) on a clearly erroneous finding of fact; (3) the record contains no evidence on which the lower court rationally could have based its decision; or (4) the court's decision is clearly unreasonable, arbitrary or fanciful. *Heat & Control, Inc. v. Hester Indus. Inc.*, 785 F.2d 1017, 1022 (Fed.Cir.1986); accord *Hunt v. National Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir.1989); *Abatti v. Commissioner*, 859 F.2d 115, 117 (9th Cir.1988)"

An abuse of discretion exists if a conclusion of law is erroneous in any way. Errors of law are reviewed *de novo*, with no deference paid to the interpretation of the lower court.  The Order will be vacated on appeal if it depends upon a finding of fact that is "clearly erroneous." "A factual finding is clearly erroneous if, despite some supporting evidence, we are left with the *definite and firm conviction* that a mistake has been made." *Insite Vision, Inc. v. Sandoz, Inc.*, 783 F.3d 853, 858 (Fed. Cir. 2015); *Pfizer, Inc. v. Ranbaxy Labs. Ltd.*, 457 F.3d 1284, 1288 (Fed. Cir. 2006). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the *definite and firm conviction* that a mistake has been committed." *Biovail Corp. v. Andrx Pharmaceuticals*, 239 F.3d 1297, 1300 (Fed. Cir. 2001). "A finding is 'clearly erroneous' when although there is

evidence to support it, the reviewing court on the entire evidence is left with a *definite and firm conviction* that a mistake has been committed . . ." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). Thus, a finding of fact by a district judge is "clearly erroneous" if, despite some supporting evidence, the appeals court is left with the definite and firm conviction that a mistake was made.

Courts consider motions for reconsideration the functional equivalent of a F.R.C.P. Rule 60 motion (Relief from a Judgment or Order), which does not "affect the judgment's [or order's] finality or *suspend its operation*" while it is being adjudicated. *See, e.g.*, *Reuter v. Jax Ltd., Inc.*, No. 11-cv-331 SRN/SER, 2011 WL 4640882, at *1 (D. Minn. Oct. 6, 2011) (noting that "[w]here . the motion [for reconsideration] is 'not directed to a final judgment, but rather to a nonfinal order,' a 'motion for reconsideration' should be construed as a Rule 60(b) motion' ") (citing *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir. 1999); Fed. R. Civ. P. 60(c)(2).

### (4) Relief under 60(b)(4) - when the "judgment is void"

It is well settled that a judgment is void "… if the parties or if [the court] acted in a manner inconsistent with due process of law." Vol. 11, Wright and Miller, Federal Practice and Procedure at 198, 200; **"**A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside." *Jordan [ v. Gilligan,* 500 F.2d 701] at 704, citing 7 J. Moore, Moore's Federal Practice, p 60.25 at 301 (2d ed. 1973). *Watts v Pinckney,* 752 F.2d 406 (9th Cir. 1985).

Furthermore, the one-year time limit is not applicable to a judgment that is void because a void judgment can be attacked at any time. The rule requires that a 60(b)(4) motion "be made within a reasonable time," but if a judgment is void, a motion to set it aside may be brought at any time. See 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2862 at 197 (1973) and cases cited therein. Moreover, a void judgment cannot acquire validity because of laches on the part of the judgment debtor. Therefore, [the] delay in bringing [the] Rule 60(b)(4) motion is irrelevant and the motion was timely. *In re Center Wholesale,*

*Inc.,* 759 F.2d 1440 (9th Cir. 1985). See also *In re Lovitt,* 757 F.2d 1035 (9th Cir. 1985), certiorari denied, 474 U.S. 849, 106 S.Ct.145, 88 L.Ed.2d 120.

### (5) Relief under 60(b)(5) - "applying it prospectively is no longer equitable"

When it is no longer fair that the judgment should be applied, a motion under 60(b)(5) "codifies the long-established principle of equity practice that a court may, in its discretion, take cognizance of changed circumstances and relieve a party from a continuing decree," *Gilmore v. California ,* 220 F.3d 987, 1007 (9th Cir. 2000). Harvest v Castro, 9th Circuit Opinion (July 9, 2008, No. 05-16879).

### Request for Entry of Final Judgment Pursuant to FRCP 54(b)

Portions of Judge Breyer's Order (dkt.96) that are interlocutory in nature and are indirectly related to Plaintiff's alleged violation of Rule 8 should be rescinded pursuant to FRCP 54(b) based on the Court's "inherent procedural power" to reconsider and modify an interlocutory order that it has made. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.").

In the words of the Court of Appeals for the Ninth Circuit: "Federal Rule of Civil Procedure 54(b) states that a district court can modify an interlocutory order 'at any time' before entry of a final judgment, and we have long recognized 'the well-established rule that a district judge always has the power to modify or to overturn an interlocutory order or decision while it remains interlocutory'." (*Credit Suisse First Bos. Corp. v. Grunwald*, 400 F. 3d 1119 (9th Cir. 2005)) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)).

Based on FRCP 54(b), Plaintiff respectfully requests Judge Breyer to use his "inherent authority to reconsider interlocutory rulings at any time prior to final judgment" to reconsider and to rescind those portions of his Order (dkt.96). In addition, this motion for reconsideration is brought under Local Rule 7-9(b)(3) because the Order (dkt.96) shows Judge Breyer's failure to consider material facts presented to him before the decision. The Court made a clearly

erroneous finding of fact as a result of a manifest failure to consider facts presented to the Court before the decision.

Those portions of Judge Breyer's Order (dkt.96) involving Plaintiff's initial Complaint should be rescinded pursuant to FRCP 54(b). Judge Breyer dismissed Plaintiff's *Original* Complaint with prejudice even though Plaintiff presented facts and law that Judge Breyer's decision was an abuse of power. Even though Plaintiff showed that her delay in initiating arbitration was an excusable delay. There is more to the story than Plaintiff's *Original* and initial Complaints "both involve the same transactional nucleus of facts," thus Plaintiff's initial Complaint should be dismissed too.

Plaintiff requests that Judge Breyer would enter a final judgment pursuant to FRCP 54(b) for Part I of his Order (**dkt.**96). The Part I of the Order does not specify whether it is a final judgment against Plaintiff pursuant to FRCP 54(b). Without clarification of this issue, Plaintiff cannot determine whether Part I of the Order is an appealable final judgment, and therefore whether this motion will be considered as a motion for reconsideration pursuant to FRCP 59(e), tolling the deadline to appeal the order, or whether Part I of the Order is not an appealable final order, and therefore Plaintiff must request from Judge Breyer to certify it for appeal pursuant to 28 U.S.C. § 1292. Without clarification of the effect of the Order, Plaintiff has no idea which procedures and obligations she needs to follow to seek relief from the judgement.

**PART I. Plaintiff's request for reconsideration of Judge Breyer's prior rulings (e.g., dkts. 68, 69, and 87) as they relate to his Order (dkt.96).**

1. Now that Judge Breyer has determined not to recuse himself, he has been given an opportunity to efficiently expedite Plaintiff's NEW Complaint out of the court system by systematically stripping her of all due process rights.

2. In his Order (dkt.96), he abused his power when he ordered Plaintiff's entire civil rights action to be stricken out based on a flawed argument that he had already denied Plaintiff's Motion to Void his prior ruling (dkt.69).

**ISSUE - Arguments that explain Judge Breyer's error of failing to refer Plaintiff's first and second Motions (dkts.59 and 78-79) to the Clerk of the Court for a random assignment to a neutral judge.**

**QUESTION 1:** Is the **Civil Local Rule 3-14,** as it is written, in contradiction with the Federal Rules of Civil Procedure, statutory provision **28 U.S.C.A. § 144,** such that the **Civil Local Rule 3-14** is void because under **28 U.S.C.A. § 144,** parties can get **two bites** of the apple, but the **Civil Local Rule 3-14,** as it is written, is in violation of the parties' right to due process? After Judge Breyer determined not to recuse himself by denying Plaintiff's first Motion (**dkt.**59) pursuant to **28 U.S.C. § 455(a) and § 455(b)(1)**, did he commit an obvious error of law in his interpretation of **28 U.S.C.A. § 144** when he failed to deem Plaintiff's first Motion (**dkt.**59), filed pursuant to **§ 144**, as legally sufficient and failed to refer her Motions to the Clerk of the Court for a random assignment to a neutral judge for determination of merits under **§ 144**? Was Judge Breyer in violation of **§ 144,** when he instead passed on the question of his own disqualification?

**QUESTION 2:** Did Judge Breyer make clear error in his interpretation of **28 U.S.C. § 455** when he justified his failure to refer Plaintiff's first Motion (**dkt.**59) to the Clerk of the Court by falsely suggesting that **§ 455** did not have an affidavit requirement and a provision for the referral of the question of recusal to another judge?

**QUESTION 3:** Did Judge Breyer commit the same plain error twice, when he failed to deem Plaintiff's second Motion (**dkts.**78-79), as legally sufficient, and once again, he failed to refer her Motion for Disqualification to the Clerk of the Court for a random assignment to a neutral judge for determination of merits under **§ 144**? This is despite of Plaintiff's due diligence in exhausting her options in District Court and providing Judge Breyer a second chance to correct its plain error before filing her Writ Petition and this instant Motion/Appeal at the Ninth Circuit.

**QUESTION 4:** Did the Clerk of the Court make clear error when, instead of assigning Plaintiff's second Motion (**dkts.**78-79) to a neutral judge at random, he docketed it so to give

Case No. 3:21-CV-06919-CRB

Page 15    **PLAINTIFF'S MOTION TO REQUEST TO ALTER OR AMEND THE JUDGEMENT AND REQUEST FOR RELIEF FROM THE JUDGEMENT**

Judge Breyer the discretion whether to refer it back to the Clerk of the Court? Was Plaintiff's right to due process violated because instead of giving a chance to Plaintiff for **her second bite of the apple** under the law, the Clerk of the Court gave Judge Breyer a second chance to abuse his judicial power and deem Plaintiff's second Motion (**dkts.**78-79) as legally insufficient, as he did with her first Motion (**dkt.**59)?

**QUESTION 5:** Was Judge Breyer in violation of the law when he passed (**dkt.**87) on his own qualification question because no judge can serve as a judge in their own case [*Tumey v. Ohio*, 273 U.S. 510, 532 (1927)], and because per **28 U.S.C. § 47**; "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him"?

**QUESTION 6:** Was Judge Breyer in violation of the law when he ruled on Plaintiff's Motion (**dkt.**60) because no judge can serve as a judge in their own case [*Tumey v. Ohio*, 273 U.S. 510, 532 (1927)], and because per **28 U.S.C. § 47**; "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him"? Thus, are all his orders of denial of relief to the Plaintiff from his prior judgments under FRCP 60(B)(3), FRCP 60(D)(3), FRCP 60(B)(4), FRCP (41)(B), and FRCP 60(B)(6) VOIDED under FRCP (60)(B)(4)?

### Standard of Review

Judge Breyer's dismissal (dkt.96) of Plaintiff's <u>initial</u> Complaint is based on his denial (dkt.69) of Plaintiff's Motion (dkt.60) to VOID his prior judgements. But Plaintiff showed that Judge Breyer was not qualified to rule on his prior judgements. And he abused his power when he denied Plaintiff's Motion to VOID prior rulings. In response to Judge Breyer's Order (**dkt.**96) stating that "the Court has already rejected this argument. See Order Denying Motion to Set Aside Judgment (dkt. 69)," Plaintiff maintains that Judge Breyer was not qualified to rule on his own prior rulings and that he should have recused himself or been disqualified.

Plaintiff maintains that if she wins her NEW Complaint with Fraud and Fraud Upon the Court as new causes of action, she has the right to litigate her employment and religious discrimination claims. Even if she is forced to strike out her claims from her <u>initial</u> Complaint

for her amended Complaint to be perceived as "compliant" with Rule 8, Plaintiff intends to preserve her discrimination claim for appeal from Part I.

**CLEAR ERROR 1:** The **Civil Local Rule 3-14,** as it is written, is in contradiction with the Federal Rules of Civil Procedure, statutory provision **28 U.S.C.A. § 144,** such that the **Civil Local Rule 3-14** is void because under **28 U.S.C.A. § 144,** parties can get **two bites** of the apple but the **Civil Local Rule 3-14,** as it is written, is in violation of the parties' right to due process. After Judge Breyer determined not to recuse himself by denying Plaintiff's first Motion (**dkt.**59) pursuant to **28 U.S.C. § 455(a) and § 455(b)(1),** he committed an obvious error of law in his interpretation of **28 U.S.C.A. § 144** because he violated the Plaintiff's right to due process when he failed to deem her first Motion (**dkt.**59), as legally sufficient on its face, per **28 U.S.C. § 144**, and he failed to refer it to the Clerk of the Court for a random assignment to a neutral judge for determination of merits under **§ 144**. Instead, he passed on the question of his own disqualification in violation of **§ 144**.

**CLEAR ERROR 2:** Judge Breyer made clear error in his interpretation of **28 U.S.C. § 455** when he justified his failure to refer Plaintiff's first Motion (**dkt.**59) to the Clerk of the Court by falsely suggesting that it did not have an affidavit requirement and a provision to for the referral of the question of recusal to another judge.

**CLEAR ERROR 3:** Judge Breyer committed the same clear error of law twice because, as of the date of filing this Writ Petition, Judge Breyer has not yet deemed Plaintiff's second Motion (**dkts.**78-79) as legally sufficient on its face, per **28 U.S.C. § 144**, and, once again, he has failed to refer her Motion for Disqualification to the Clerk of the Court for a random assignment to a neutral judge for determination of merits under **§ 144**. (*See* **EXHIBIT-COUNT 8, dkt.**78-5). This is despite Plaintiff's due diligence in exhausting her options in District Court and providing Judge Breyer a second chance to correct his plain error before filing her Writ Petition at the Ninth Circuit.

**CLEAR ERROR 3:** The Clerk of the Court made clear error when, instead of assigning Plaintiff's second Motion (**dkts.**78-79) to a neutral judge at random, her second Motion was

docketed to Judge Breyer's court for his determination on whether to refer it back to the Clerk of the Court. Plaintiff's right to due process was violated because the Clerk of the Court gave Judge Breyer a second opportunity to abuse his judicial power and deem Plaintiff's Motion (**dkts.**78-79) as legally insufficient to justify his failure to refer Plaintiff's Motion back to the Clerk of the Court.

**CLEAR ERROR 4:** Judge Breyer **was not authorized** to pass on the question of his own disqualification and to rule on Plaintiff's Motion (**dkt.**60) to pass on the question whether to VOID his own prior judgement because no judge can serve as a judge in their own case [*Tumey v. Ohio*, 273 U.S. 510, 532 (1927)]. (*See* **EXHIBIT- COUNT 6, dkt.**78-5). And also, Judge Breyer did not have the authority to pass on the question of qualification on himself per **28 U.S.C. § 47** "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him." But he abused his power and denied (**dkt.**69) Plaintiff the relief from his prior judgments, thus creating an appearance of partiality.

**CLEAR ERROR 5:** Judge Breyer **was not authorized** to rule on Plaintiff's Motion (**dkt.**60) because no judge can serve as a judge in their own case [*Tumey v. Ohio*, 273 U.S. 510, 532 (1927)], and because per **28 U.S.C. § 47**; "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him"? Thus, his denial of relief to the Plaintiff from his prior judgments under FRCP 60(B)(3), FRCP 60(D)(3), FRCP 60(B)(4), FRCP (41)(B), and FRCP 60(B)(6) are all VOIDED orders under FRCP (60)(B)(4). [*See* **EXHIBIT – COUNT 10 - FRCP 60(B)(3), FRCP 60(D)(3), FRCP 60(B)(4), FRCP (41)(B), and FRCP 60(B)(6), dkts.78(6-7)]**

After Judge Breyer determined not to recuse himself, he failed to refer Plaintiff's first and second Motions (**dkts.**59 and 78-79) to the Clerk of the District Court for a random assignment to a neutral judge. Thus, among other equally important questions of first impression includes the question whether the challenged judge should have been granted the authority to determine the legal sufficiency of his own disqualification for the referral purposes. And whether he was qualified to rule on a Motion (**dkt.**60) to VOID his own prior rulings.

In her prior pleadings, Plaintiff had presented evidence (1) in support of what matters under **28 U.S.C. §§ 144** and **455** is an appearance of partiality, not an actual bias; (2) in support of the illegitimacy of the extrajudicial source of bias requirement that suggests the bias must stem from a financial conflict of interest, which Judge Breyer used as an excuse to deny Plaintiff's Motion for judicial disqualification under **28 U.S.C. § 455**; (3) in support of the fact that other substantial interests, such as saving one's reputation or a desire to feel vindicated, could also qualify as an "extrajudicial source" of bias (e.g., Judge Breyer's confirmation bias and his appointment in the Ninth Circuit Ad Hoc Committee on Workplace Environment Report); (4) in support of the Due Process Clause qualifying as an exception to the extrajudicial source of bias requirement, which should not be confused with Plaintiff's disagreement with adverse rulings; and (5) that the application of the extrajudicial source requirement to **§ 455(a)** detracts from public confidence in the integrity of the judicial system.

But in her instant Motion, Plaintiff presents new evidence and arguments that further explain the connection between the conduct of Defense counsel and Judge Breyer in support of Judge Breyer's deep-seated favoritism towards the Defense counsel and prejudice towards the *pro se* Plaintiff, which raise several important questions of first impression to show that if Plaintiff's NEW Complaint (**dkt.**1), with new allegations of Fraud and Fraud Upon the Court can proceed before Judge Breyer, the same judge who appears to be tainted, it will irreparably harm the public's confidence in the judiciary.

Plaintiff's new evidence involves the finding that Judge Breyer acted as defense attorney for white collar criminals in his private practice in the past. Furthermore, what stands out from Judge Breyer's prior rulings is his consistent rulings in favor of big businesses and companies for profit. The delay in making this discovery was outside of Plaintiff's control. Previously, Plaintiff had mentioned that she had no reason to believe that Judge Breyer may have extrajudicial sources of bias. However, upon the receipt of Judge Breyer's financial disclosure reports, she was prompted to hire a financial expert analyst, who alerted her that Judge Breyer appears to have not reported all his assets to the Committee on Financial Disclosure.

As a result, Plaintiff waited to receive the report from this expert before filing her Motion under Rule 59, in time to make her due date of 28 days from the date of entry of the judgement on July 7, 2022. This explains the delay in her filing her Motion for reconsideration in 10 days post entry of judgement under Civil Local Rule 7-9 was outside of her control because the important **new facts** did not emerge until after Judge Breyer's order was entered.

**This new evidence, in and of itself, is sufficient to set aside all of Judge Breyer's Orders**

RECONSIDERATION IS NECESSARY BECAUSE OF NEW EVIDENCE THAT WAS NOT AVAILABLE BEFORE THE ENTRY OF THE ORDER ON JULY 7, 2022

**Summary report by the expert financial analyst**

Plaintiff submitted her request to obtain financial disclosure reports on Judge Breyer on January 6, 2022. After waiting for more than six months, Plaintiff finally received the reports on July 19, 2022. A review of the email exchanges between Plaintiff and the Committee on Financial Disclosure (*See* EXHIBIT) is proof of her due diligence in following up and proof that the delay beyond the six months was outside of her control. On July 12, 2022, the Committee initially told Plaintiff that: "The available reports on your request are being sent out today by the U. S. Postal Service.  You should receive the reports in a few days." But the next day, the committee sent her an email update to suggest more delay: "You should receive the available reports sent to you in a few days…" and then two days later, the committee sent a third email: "There has been a delay in releasing the reports that you requested.  We apologize for the inconvenience.  We will forward to you the available reports as soon as possible…"

Upon receiving the reports, Plaintiff noticed there were some issues with the financial disclosure reports made available to her. For example, two financial disclosure reports from 2016 and 2017 were provided as TIFF images and were unreadable. Also, Judge Breyer's financial disclosure reports for the most recent three years (2020, 2021, and 2022) were missing so she immediately hired a financial expert analyst to review the information and provide her with a summary report based on the limited information from 2018 and 2019 only. The expert analyst identified a few possible issues and stated: "I am not sure he [Judge Breyer] is disclosing

everything but without more information to go on and review of other documents I can't verify it. I am not sure he [Judge Breyer] is disclosing all of his reportable. There does not appear to be irregularities per se but the companies he invested in seem to be likely managed funds of which he wouldn't likely have control over but it's odd he hasn't invested more given his assets."

Because it appeared that Judge Breyer had under reported his assets to the Committee on Financial Disclosure, the financial expert did further investigations into Judge Breyer's finances found several areas of concerns. The financial expert stated:

1) "He [Judge Breyer] has links to White Collar defense, meaning he was essentially defending criminals with significant ties to high profile financial crimes- i.e., money laundering, racketeering."

2) The financial expert came to this conclusion because of a Podcast: https://podcasts.apple.com/us/podcast/judge-charles-breyer/id1536699806?i=1000527976826 in which Judge Breyer joined David Oscar Markus to discuss how the criminal justice system works from the perspective of a federal trial judge.

3) Plaintiff has verified this information and has identified a few of the cases that were discussed in the Podcast.

4) In United States v. Bogucki (Case No. 18-cr-00021-CRB-1) Judge Breyer used a rare move to dismiss a market manipulation case against a Barclays trader before the jury rendered its verdict, a decision that will prevent federal prosecutors from filing an appeal. Defense lawyers routinely ask a judge to dismiss charges after the prosecution presents its case, but judges usually rule on the request, called a Rule 29 motion, only after the jury reaches a verdict. Doing so permits prosecutors to appeal in the event the judge does dismiss the case. Even the host of the podcast showed his surprise that Judge Breyer had allowed no deposition in criminal cases in Federal Court and had granted a Motion to Dismiss before allowing the facts of the case to develop. And that he had granted Rule 29 before the closing arguments, which is not appealable.

5) In UNITED STATES of America v. Keith Joon KIM (No. CR-01-0193 CRB), Judge

Breyer granted a Motion to Dismiss against defendant, Keith Joon Kim, who was Chief Executive Officer (CEO) of Granny Goose Foods, Inc., a California venture capital investor, charged with insider trading in shares of Meridian Data, a small technology concern, based on information he gleaned from Young Presidents Organization (YPO), a national organization of company presidents under 50 years old.

6) The financial expert also found information that suggests that quite a long time ago, Judge Breyer was involved in some tax issues. This finding was based on a report the expert discovered online that could potentially provide more information into his finances and his financial conflict of interest, but it would have to be reviewed more closely:

https://www.google.com/books/edition/105_1_Hearings_Confirmation_Hearings_On/eOk6AQAAMAAJ?hl=en&gbpv=1&dq=sydney%2Br.%2Bgoldstein%2Band%2Bcharles%2Bbreyer&pg=PA1182&printsec=frontcover

7) Plaintiff has not yet verified the information regarding Judge Breyer's possible tax issues. And the financial expert acknowledged that the tax issue would have to be reviewed in depth to see if there is anything there.

8) Finally, based on her research on LexisNexis, the financial expert found that Judge Breyer has never granted a motion to recuse himself.

All along, Judge Breyer has "protected" Dal Cielo and the UOP's false witnesses during Plaintiff's initial Complaint, and to this date, his rulings are prejudicial towards the *pro se* Plaintiff. For example:

1. He ordered *pro se* Plaintiff to strike out all her commentaries on this Court (i.e., the Fraud Upon the Court) to "be compliant with Rule 8,"

2. He indirectly gave instructions in one of his rulings (dkt.99) to the staff attorney in Legal Help Center to only assist *pro se* Plaintiff with amending her Complaint to comply with Rule 8 to discourage and indirectly "block" *pro se* Plaintiff from filing post-judgement Motions or appeal of his rulings.

3.  He denied Plaintiff's Motions to request for time extension, even though her requests were in good faith and not prejudicial to the Defendants, and despite Ms. Muraco having stipulated to the new due date of July 24, 2022.

Plaintiff's assertion that Judge Breyer is disqualified to preside over her initial and NEW Complaint because he has been acting as the "defense counsel" for the team of defense counsel and the defendants thereby questioning the appearance of impartiality, is now proven with clear and convincing evidence, not just from Plaintiff's judicial proceedings but also from extrajudicial sources or other judicial proceedings.

Judge Breyer's stance in protecting the interest of criminal defendants and big businesses will prove prejudicial towards Plaintiff, who has alleged Fraud and Fraud Upon the Court. Plaintiff has presented both interjudicial and extrajudicial sources of bias for Judge Breyer as proof that he should have recused himself or been disqualified from her case and that he was not authorized to rule on Plaintiff's Motion (**dkt.**60) to Set Aside his own prior judgements. And his initial denials (**dkts.**68-69) of Plaintiff's Motions (**dkts.**59-60) and his later denial (**dkt.**87) of Plaintiff's Motion (**dkt.**78) are all voided judgements.

Plaintiff is still waiting to receive financial disclosure reports on all three judges on the panel at the Ninth Circuit and consult with the financial expert analyst about their financial conflict of interest. This endeavor although time consuming will be necessary given Judge Breyer's deceptive disclosure of information that: "… USCA Memorandum in Case No. 16-901 at 1 ("We review for an abuse of discretion. . . . We affirm.")" even though Plaintiff has already shown why two of the judges were disqualified to preside over Plaintiff's appeal of her initial Complaint, and that, on its own, should be sufficient to void their ruling affirming Judge Breyer's order of dismissal of Plaintiff's *original* Complaint.

**PART II. Plaintiff's request for a reconsideration of portions of Judge Breyer's Order (dkt.96) where he based his dismissal of Plaintiff's initial Complaint on *res judicata* arguments**

**Standard of Review**

**BECAUSE JUDGE BREYER ABUSED HIS DISCRETION IN GRANTING DAL CIELO'S SUMMARY JUDGMENT, HIS ORDER (DKT.47) WAS, IN ANY EVENT, VOID, AND NOT ENTITLED TO ANY EFFECT.**

A judgment that is void is subject to attack at any time, either directly or collaterally, and has no preclusive effect. A void judgment has no *Res Judicata* effect. *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239 [79 Cal.Rptr.2d 719].

**JUDGE BREYER FAILED TO CONSIDER MATERIAL FACT OR KEY LEGAL ARGUMENT:** Defendants have failed to meet their burden to establish that *res judicata* bars Plaintiff's <u>initial</u> Complaint. *See* Bahar Mikhak's Declaration on behalf of Plaintiff's Motion.

**PART V – Plaintiff's *Original* and <u>Initial</u> Complaints May Involve Some of the Same Parties or Their Privies. But Plaintiff's <u>Initial</u> Complaint Is Not Barred by *Res Judicata*. RECONSIDERATION IS NECESSARY TO CORRECT A CLEAR ERROR OF LAW OR FACT TO PREVENT A MANIFEST INJUSTICE.**

Judge Breyer has clearly failed to consider **material facts** and **key legal arguments** that were presented to the Court before he issued his Order (**dkt.**96) on July 7, 2022. Plaintiff has shown that Judge Breyer's dismissal of her <u>initial</u> Complaint (Part I) was a manifest failure because he failed to consider all the material facts and key legal arguments in Plaintiff's Opposition Response (**dkt.**92) to Defendants' Motion to Dismiss, and her other pleadings (dkts.60, 67, and 87) in support of her assertion that Defendants have failed to meet their burden to establish that *res judicata* bars Plaintiff's <u>initial</u> Complaint.

**PART III. Plaintiff's request for a reconsideration of portions of Judge Breyer's Order (dkt.96) to strike the "extraneous material" such as Plaintiff's commentary on Fraud Upon the Court in her amended Complaint.**

**QUESTION:** Did Judge Breyer abuse his discretion to order Plaintiff to strike out her clear and convincing evidence of Fraud Upon the Court (i.e., her "commentary on this Court") to make it compliant with Rule 8?

**Standard of Review**

"Upon a motion made by a party... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A "motion to strike is appropriate to address requested relief... which is not recoverable as a matter of law." *Wilkerson v. Butler,* 229 F.R.D. 166, 172 (E.D. Cal. 2005). When ruling on a motion to strike, the court must again view the challenged pleadings in the light most favorable to the pleader. See *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994). Motions to strike are disfavored and "should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." *Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.,* 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001); *Abney v. Alameida*, 334 F.Supp.2d 1221, 1234 (S.D. Cal. 2004); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996) ("Rule 12(f) motions are generally 'disfavored' because they are 'often used as delaying tactics, and because of the limited importance of pleadings in federal practice.' (citation omitted). "If there is any doubt as to whether the allegations might be an issue in the action, [the] court [should] deny the motion." *In re 2TheMart.com, Inc. Sec. Litig.,* 114 F.Supp.2d 955, 965 (C.D. Cal. 2000), citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517, 534- (1994).

The Ninth Circuit has even gone so far as to hold that district courts abuse their discretion when dismissing a complaint when it was not impossible to correct the deficiency, and the pleader is willing correct (or attempt to correct) the deficiency with new facts. Ibid.; *see also Smith v. Pac. Props, & Dev. Corp.,* 358 F.3d 1097, 1106 (9th Cir. 2004). The district court dismissed Plaintiff's *Original* Complaint with prejudice when instead it could have granted Plaintiff leave to amend her Complaint to add her new allegations of Fraud and Fraud Upon the Court.

And now that Plaintiff filed a NEW Complaint which includes her initial and her NEW Complaints, Judge Breyer has granted Defendants' Motion to Strike Plaintiff's initial Complaint

Case No. 3:21-CV-06919-CRB

Page 25        **PLAINTIFF'S MOTION TO REQUEST TO ALTER OR AMEND THE JUDGEMENT AND REQUEST FOR RELIEF FROM THE JUDGEMENT**

with prejudice.  Plaintiff has asserted in good faith that suppression of evidence will significantly affect Plaintiff's case. When suppression of evidence has an effect similar to the litigation-ending effect of a final judgement, interlocutory review of the suppression may be granted. (Commonwealth v. Bosurgi) The problem with removing some of the commentary on Judge Breyer's misconduct is that, without it, the *pro se* Plaintiff will not be able to present some of her Statute of Limitation defenses, for example, equitable tolling etc.

Some of Plaintiff's arguments about *Res Judicata*, Statute of Limitation, and absolute privilege hinge upon Plaintiff's explanations of Fraud Upon the Court. For example, in Plaintiff's Opposition Response (*See* page 27): "the Plaintiff argues that her NEW Complaint with fraud as a new cause of action and its related Motion (**dkt.**60) are timely under both equitable doctrines: (1) equitable tolling, and (2) equitable estoppel. *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008)."

Also, Muraco has cited Section 47(b) of the California Civil Code for the holding that the defense attorneys' and the UOP's fraudulent and material misrepresentations during the arbitration arguments of Plaintiff's *Original* Complaint were absolutely privileged. But Plaintiff showed that because the existence of state law litigation privilege is irrelevant in a pure matter of federal law. *Kimes v. Stone,* 84 F.3d 1121, 1126 (9th Cir 1996) , the Muraco's reliance on litigation privilege to excuse their conduct in a federal court is misplaced.

BECAUSE OF THE CRIME-FRAUD EXCEPTION, PLAINTIFF'S "COMMENTARIES ABOUT FRAUD UPON THE COURT" ARE NOT SUBJECT TO THE ANTI-SLAPP STATUTE

Plaintiff has copied/pasted below all the relevant information from **Cal. Prac. Guide Civ. Trials & Ev. Ch. 8E-A** California Practice Guide--Civil Trials and Evidence that best explains **General Principles Concerning Privileges**.

Because courts are very cognizant of the potential for litigators to abuse the crime-fraud exception by using it as a litigation tactic, they generally exercise "extreme caution" when "an accusation is made which will invade the attorney-client relationship in connection with

ongoing litigation." [*State Farm Fire & Cas. Co. v. Sup.Ct. (Taylor)* (1997) 54 CA4th 625, 644-645, 62 CR2d 834, 847]

**Crime-fraud exception to attorney-client privilege:** Attorney-client communications are *not* privileged if the attorney's services were sought to enable or aid anyone in the commission of a crime or fraud. [Ev.C. § 956, *discussed at* ¶ *8:2065 ff.*] An in camera review is often the only way the court can assess whether privileged documents fall within the crime-fraud exception. [*Geilim v. Sup.Ct. (People)* (1991) 234 CA3d 166, 174, 285 CR 602, 607; *People v. Sup.Ct. (Bauman & Rose)* (1995) 37 CA4th 1757, 1769, 44 CR2d 734, 741—in camera hearing required to determine whether attorney-client privilege applied to client files seized pursuant to valid search warrant; but see *State Farm Fire & Cas. Co. v. Sup.Ct. (Taylor)* (1997) 54 CA4th 625, 645, 62 CR2d 834, 848—"From these enumerated exceptions … we conclude that the Legislature does not contemplate disclosure of privileged material in ruling on the crime/fraud exception"]

**"Crime-fraud" exception:** There is no attorney-client privilege if the attorney's services were sought or obtained "to enable or aid anyone" in the commission of a crime or fraud. [Ev.C. § 956(a); *State Farm Fire & Cas. Co. v. Sup.Ct. (Taylor)* (1997) 54 CA4th 625, 643, 62 CR2d 834, 847]

**Applies only where legal services sought to *aid in perpetration of crime or fraud*:** The "crime-fraud" exception is quite limited. Communications with counsel that simply *reveal the client's plan* to commit a crime or fraud remain fully protected by the privilege. The § 956 exception applies only where the client seeks *legal assistance* to *plan or perpetrate* a crime or fraud. [*People v. Clark* (1990) 50 C3d 583, 621-623, 268 CR 399, 425]

**Attorney-initiated crime or fraud:** The crime-fraud exception is satisfied if:

- the attorney-client relationship is embarked upon in *furtherance of criminal activity;* and
- the client takes an active part in the crime or fraud. [*People v. Sup.Ct. (Bauman & Rose)* (1995) 37 CA4th 1757, 1768, 44 CR2d 734, 741, fn. 4] Consequently, § 956 applies where the client actively participates in the illegal activity notwithstanding

the fact it was the *attorney* who initiated the crime or fraud. [*People v. Sup.Ct. (Bauman & Rose)*, supra]

**Compare—attorney's misuse of client information:** The privilege is vitiated by § 956 only if the *client* intends to utilize the attorney-client relationship in the commission of a crime or fraud. Thus, an *attorney's misuse* of client confidential information to defraud others does not destroy the privilege so long as the client did not seek legal assistance for this purpose and was unaware of the attorney's wrongdoing. [*Glade v. Sup.Ct. (Russell)* (1978) 76 CA3d 738, 745, 143 CR 119, 124; *Geilim v. Sup.Ct. (People)* (1991) 234 CA3d 166, 174, 285 CR 602, 607—statutory language clearly requires intention on part of *client* to abuse attorney-client relationship]

**Consummation of crime or fraud not required:** Section 956 does not require a completed crime or fraud. The exception is triggered where the attorney's services are *sought to enable* the client (or any other third person) to *plan to commit* a crime or fraud, whether or not the crime or fraud is ultimately successful. Thus, the client's mere *attempt* to defraud or perpetrate a crime by seeking the enlistment of counsel's services suffices to defeat the privilege. [*BP Alaska Exploration, Inc. v. Sup.Ct. (Nahama & Weagant Energy Co.)* (1988) 199 CA3d 1240, 1262-1263, 245 CR 682, 697—party seeking to invoke "fraud" exception need *not* show justifiable reliance and resulting damages essential to support fraud cause of action]

**Misrepresentations to dissuade suit:** A client may effectively be seeking counsel's services to assist in the commission or planning of a fraud by making *misrepresentations of fact* aimed at *discouraging* an adversary's lawsuit. For purposes of § 956, the opposing party need not show it has in fact relied on and suffered damages from the misrepresentations. [*BP Alaska Exploration, Inc. v. Sup.Ct. (Nahama & Weagant Energy Co.)*, supra, 199 CA3d at 1263, 1268-1269, 245 CR at 697, 701 (sufficient showing that defendant in alleged mining fraud scheme intended to use attorney advice to avoid liability by falsely representing facts

concerning use of plaintiff's confidential data in putting together other deal behind plaintiff's back)]

**"Reasonable relationship" requirement:** The crime-fraud exception does not open up all confidential communications between the client and the attorney. The privilege is vitiated only as to communications that have a "reasonable relation" to the contemplated crime or fraud. [*State Farm Fire & Cas. Co. v. Sup.Ct. (Taylor)* (1997) 54 CA4th 625, 641, 62 CR2d 834, 845] In the event of a dispute over that issue, the court may examine the subject material in camera and excise the unrelated matter (which remains privileged). [*BP Alaska Exploration, Inc. v. Sup.Ct. (Nahama & Weagant Energy Co.)*, supra, 199 CA3d at 1269-1270, 245 CR at 701-702; *People v. Sup.Ct. (Bauman & Rose)* (1995) 37 CA4th 1757, 1769, 44 CR2d 734, 741]

**Burden of proof:** The party seeking disclosure need simply make a *prima facie* showing the lawyer's services were sought or obtained to aid in the commission of a crime or fraud. [*State Farm Fire & Cas. Co. v. Sup.Ct. (Taylor)*, supra, 54 CA4th at 643, 62 CR2d at 847; *BP Alaska Exploration, Inc. v. Sup.Ct. (Nahama & Weagant Energy Co.)*, supra, 199 CA3d at 1262, 245 CR at 696-697—prima facie fraud for § 956 purposes shown by letter containing material misrepresentations in attempt to dissuade adversary from pursuing its claims]

The quantum of proof required is not entirely clear. However, the mere assertion of a crime or fraud is insufficient; there must be a showing the crime or fraud "has some foundation in fact." [*BP Alaska Exploration, Inc. v. Sup.Ct. (Nahama & Weagant Energy Co.)*, supra, 199 CA3d at 1262, 245 CR at 696-697—prima facie case requires "evidence from which reasonable inferences can be drawn to establish the (crime or fraud) asserted"; see also *Dickerson v. Sup.Ct. (Ferrito)* (1982) 135 CA3d 93, 100, 185 CR 97, 101—"[I]t would be destructive of the privilege to require disclosure on the mere assertion of opposing counsel"; *United States v. Zolin* (1989) 491 US 554, 572, 109 S.Ct. 2619, 2631—prima facie showing requires "factual basis adequate to support a good faith belief by a reasonable person"]

For example:

The nonprivileged portions of Former Employee's declarations, disclosing Insurance Company's practices and procedures relating to claims handling, discovery and litigation strategy, were sufficient to support a finding that the crime-fraud exception applied to the privileged portions of those declarations. [*State Farm Fire & Cas. Co. v. Sup.Ct. (Taylor)* (1997) 54 CA4th 625, 649, 62 CR2d 834, 850] Affidavits presented by Government based on testimony of two former employees of Corporation, as well as telephone records, invoices and other documents, supported a reasonable belief that Corporation sought legal assistance to obtain an export license for illegal purposes. [*In re Grand Jury Subpoena* (9th Cir. 1994) 31 F3d 826, 836]

*Compare—search warrants:* An affidavit sufficient for issuance of a search warrant does not itself satisfy the movant's burden of proof because issuance of a search warrant only requires a showing of *probable cause*, not the prima facie showing required to invoke the crime/fraud exception of Ev.C. § 956. [*State Comp. Ins. Fund v. Sup.Ct. (People)* (2001) 91 CA4th 1080, 1091, 111 CR2d 284, 291; *People v. Sup.Ct. (Bauman & Rose)* (1995) 37 CA4th 1757, 1768-1769, 44 CR2d 734, 741; *People v. Sup.Ct. (Laff)* (2001) 25 C4th 703, 719, 107 CR2d 323, 336, fn. 6]

**In camera hearing to rule on exception:** Some cases have held that once the party seeking disclosure has made a "prima facie" showing, the court may hold an in camera hearing to examine the purported privileged materials in order to determine applicability of the exception. [See *People v. Sup.Ct. (Bauman & Rose)*, supra, 37 CA4th at 1767, 44 CR2d at 740; *State Comp. Ins. Fund v. Sup.Ct. (People)*, supra, 91 CA4th at 1090, 111 CR2d at 290-291]

*Caution:* The California Supreme Court's later decision in *Costco Warehouse* calls into doubt the propriety of a trial court's examining a privileged document in camera to decide whether it is subject to the crime-fraud exception. [See *Costco Wholesale Corp. v. Sup.Ct. (Randall)* (2009) 47 C4th 725, 736-737, 101 CR3d 758, 767-768 & fn. 3—under Ev.C. § 915(a), subject to certain specified exceptions, the judge cannot order "disclosure of information

claimed to be privileged under this division … in order to rule on the claim of privilege" (*see* ¶ *8:1958 ff.*)]

**Appellate review:** On appeal, the focus is on whether there is sufficient evidence to support the trial court's implied finding that there was a prima facie showing of the following requirements:

- the lawyer's services were retained and utilized to enable the client to commit a crime or a fraud; and

- there was a reasonable relationship between the crime or fraud and the attorney-client communication. [*State Farm Fire & Cas. Co. v. Sup.Ct. (Taylor) (1997) 54 CA4th 625, 649, 62 CR2d 834, 850*]

If there is substantial evidence in favor of the finding, no matter how slight it may appear in comparison with the contradictory evidence, the finding must be affirmed. [*BP Alaska Exploration, Inc. v. Sup.Ct. (Nahama & Weagant Energy Co.) (1988) 199 CA3d 1240, 1261-1262, 245 CR 682, 696*]

**"Crime-fraud" exception:** The privilege is subject to a crime-fraud exception if the client seeks the services of the lawyer referral service "to enable or aid" anyone to commit or plan to commit a crime or fraud. [Ev.C. § 968(a); The argument that the crime exception to the anti-SLAPP statute applies would be with merit. The *narrow* criminal illegality exception to the anti-SLAPP statute applies here when either the defendants and Dal Cielo will concede that their conduct was illegal or the illegality is conclusively shown by the evidence. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 316; accord, *Finton Construction, Inc. v. Bidna & Keys, APLC* (2015) 238 Cal.App.4th 200, 210 [*Flatky* "is a very narrow exception. It applies only 'where either the defendant concedes the illegality of its conduct or the illegality is conclusively shown by the evidence'"].)

Judge Breyer's order for Plaintiff to remove her commentaries on Fraud Upon the Court, will irreparably harm Plaintiff because her commentary is where she has presented her clear and convincing evidence for her Fraud and Fraud Upon the court as her new causes of action. Although the attorney defendants have not conceded that their conduct was illegal.

Plaintiff has met the burden to show that the *Flatley* crime exception applies. (*Soukup v. Law Offices of Herbert Hafif supra*, 39 Cal.4th at p. 286 ["The burden of establishing that the underlying action was illegal as a matter of law should be shouldered by the plaintiff"].)

In order to meet that burden, Plaintiff was required to introduce evidence that the asserted activity was criminally unlawful and so she did in her Complaint. (*Id.* at pp. 286-287; *Mendoza v. ADP Screening & Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1654 ["'illegal' [in *Flatley*] was intended to mean criminal, and not merely violative of a statute"].)  Plaintiff has produced indisputable evidence of criminally illegal intent by Attorney Defendants who were not simply doing the job that they were hired to do, because they fraudulently and materially misrepresented Plaintiff's faculty status. And Plaintiff's Complaint include all the clear and convincing evidence to prove it. Plaintiff no longer has the burden to prove fraud because she has already overcome Dal Cielo's defenses and has shown a high likelihood of probability of prevailing, (*City of Alhambra v. D'Ausilio* (2011) 193 Cal.App.4th 1301, 1306.)

BECAUSE PLANITFF'S CLAIMS IN PART II RESEMBLE WHAT PLAINTIFF WOULD DESCRIBE AS "MALICIOUS DEFENSES," THEY SHOULD NOT BE SUBJECT TO ANTI-SLAPP STATUTE, JUST AS MALICIOUS PROSECUTATION CLAIMS ARE NOT

The communications during judicial proceedings are protected speech as long as they are factual. Privilege clearly does not apply to Plaintiff's claims of abuse of process, fraud, and conspiracy because collectively they can be described as "malicious defenses". (*Silberg v. Anderson, supra*, 50 Cal.3d at p. 216 [litigation privilege applies to all torts, with the lone exception being malicious prosecution]; *Umansky v. Urquhart* (1978) 84 Cal.App.3d 368, 371 ["A publication in a judicial proceeding is privileged. (Civ. Code, § 47, subd. 2.) It applies to abuse of process"]; *Olsen v. Harbison* (2010) 191 Cal.App.4th 325, 333. Judge Breyer's anti-SLAPP order is an appealable order.

**PART IV. Plaintiff's request for a reconsideration of the Court's Orders (dkts.38 and 87) to grant Plaintiff early limited discovery to identify the attorney defendant(s) implicated for the fraud**

Judge Breyer's assertions that: "each claim should specify which defendant is implicated and how" … "But the Complaint needs to spell out what Ms. Mikhak is alleging that each defendant did, so that each defendant can defend himself or herself." Plaintiff maintains that to provide any more specificity than what she had provided in her Complaint to the attorney defendants in her Complaint, the Court must in turn, grant her early discovery so she can identify which attorney defendant(s) were the masterminds behind the fraud scheme or the extent of each attorney defendant's involvement in coming up with the fraud scheme.

Plaintiff could designate all of them as "co-conspirators" to the Fraud, but she does not wish to make false assumptions about any of them. For example, Ms. Ramos was the UOP's attorney consultant and the only way Plaintiff can determine if Ms. Ramos had played a meaningful role in the Fraud scheme is if the Court would grant me her opportunity to subpoena all the attorney defendants for document production (e.g., emails exchanged about their plans etc.). It would also be against her religious beliefs if Ms. Ramos was a consultant on an issue other than the Fraud, but Plaintiff had falsely designated her as one of the co-conspirators to the Fraud.

## PARTIES HAVE USED EARLY DISCOVERY WHEN SEEKING INFORMATION TO OPPOSE A MOTION TO DISMISS

### Standard of Review

Plaintiff maintains that district court abused its power when it limited her many attempts to do early discovery because Rule 26(b) provides, "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible

evidence." Furthermore, Fed.R.Civ.P. 26(b)(1), discovery rulings are reviewed by courts for an abuse of discretion. *See Pippinger v. Rubin,* 129 F.3d 519, 533 (10th Cir.1997).

A party may seek early discovery by court order. See Fed. R. Civ. P. Rule 26(d). Parties have used early discovery when seeking information to oppose a motion to dismiss. A party seeking early discovery must show good cause. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am.,* 208 F.R.D. 273, 276 (N.D. Cal. 2003). Good cause exists here, because Plaintiff needs the information to oppose Defendants' motion, and because the limited request should pose no burden on Defendants.

## ALLEGATIONS OF FRAUD MAY BE BASED ON INFORMATION AND BELIEF WHEN PLAINTIFF LACKS ACCESS TO ALL FACTS NECESSARY TO DETAIL HER CLAIMS AGAINST ONE OR MORE THIRD PARTIES

The particularity requirement of FRCP 9(b) must be relaxed where, (as here in the instant case), the plaintiff lacks access to all facts necessary to detail her claims and alleges fraud against one or more third parties. *Corley v. Rosewood Care Ctr., Inc.,* 142 F.3d 1041 (7th Cir.1998). *See also Koch v. Koch Indus., Inc.,* 203 F.3d 1202 (10th Cir.2000) (when the fraud facts are within an opponent's knowledge and control, those facts can be premised on information and belief). Also, *Scheidt v. Klein,* 956 F.2d 963 (10th Cir.1992) suggests that Rule 9(b) particularity requirements are relaxed when the facts supporting a fraud claim are within the opponent's knowledge and control by holding that "[a]llegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the plaintiff's belief." *Id.* at 967.

As part of his investigation and trial preparation, the Supreme Court has long recognized that, counsel may choose to take sworn statements from individuals having knowledge of the claims or defenses at issue. *See Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In *Hickman*, in fact, the issue before the Court was the extent to

which a party's opponent would be entitled to discover information relating to such oral and written statements. *Id.* at 497, 67 S.Ct. at 387.

And the present version of F.R.C.P.26 addresses that issue in the aftermath of *Hickman*, that "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means," provides that "documents and tangible things" prepared in anticipation of litigation or trial are discoverable FRCP 26(b)(3); *see also generally* Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2023, at 329–30 (2d ed.1994) (hereinafter "Wright & Miller").

The rule further provides that a party may obtain his own prior statement about the action or its subject matter without making such a showing, as may a non-party who has made a similar prior statement. F.R.C.P. 26(b)(3). Importantly, the term "statement" in Rule 26(b)(3) is defined to mean: (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**PART V. Plaintiff's request for a reconsideration of Judge Breyer's Order (dkt.96) as it relates to his disregard for the *pro se* status of the Plaintiff when he mischaracterized her Complaint as confusing or over-long and in violation of Rule 8.**

Judge Breyer appears to be waiting for the next opportunity to dismiss Plaintiff's amended Complaint with a subjective excuse that it is still "confusing" or "over-long."

**Standard of Review**

**Plaintiff's complaint did not violate Rule 8.**

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Muraco, who brought the Motion under Rule 12(b)(6), had the burden to

show that Rule 8(a)(2) has not been met. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3rd Cir. 1991).

Despite some repetition, Plaintiffs' Complaint met the requirements for Rule 8 in that it contained short and concise sentences intended to build upon one another and allegations that were not confusing to understand. (The Defendants' motion to dismiss under Rule 8(a)(2) and (e)(l) asserting that plaintiff's 368-page complaint was too long and confusing was denied because, although the complaint was lengthy, it did not overwhelm defendants' ability to understand or to mount defense. *In re Parmalat Sec. Litig* (2005, SD NY) 375 F Supp 2d 278.) If Judge Breyer could find allegations sufficient to state a claim, then Plaintiff's Complaint met the requirements of Rule 8.

"In reviewing a motion to dismiss, the court should view the allegations of the complaint in the light most favorable to the plaintiff. *De Sole v. United States of America,* 947 F.2d 1169 (4th Cir.1991). A motion to dismiss should only be granted where the plaintiff can prove no set of facts which would entitle him to relief. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130 (4th Cir.1993), *cert. denied,* 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994).

It seems ironic that while Judge Breyer has dismissed the Complaint because it is in violation of Rule 8 for being "over-long," neither Rule 8 nor any other rule limits the number of pages in a complaint, much less requires dismissal of lengthy complaint that violates no rule. Muraco and Judge Breyer are the ones who are in violation of the FRCP ("Rules") for imposing a page limit in order to cut off claims against the Defendants or conceal the truth about their violation of Plaintiff's right to due process.

In fact, the overarching purpose of the Rules is to promote access to the courts and to ensure the right to have disputes resolved by a fair public hearing before a court. The Rules are not to actively prevent access to the courts. (Rule 1(1))[1]. The law is well settled: there is no doubt *pro se* litigants have the right to have their complaint held by liberal pleading standards

---

[1] The Rules should be administered to do justice. For example, Rule 1 instructs courts to construe and administer the Rules to ensure just determinations; Rule 8(e) demands that "[p]leadings...be construed so as to do justice." *Cf* Rule 8(f) ("All pleadings shall be so construed as to do substantial justice").

under Rule 8(a)(2). A document filed *pro se* is "to be liberally construed." *Estelle,* 429 U.S., at 106. 97 S. Ct. 285.50 L. Ed. 2d 251. And *"a pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *ibid.* (internal quotation marks omitted). *Erickson v. Pardus, 551 U.S. 89,94 (U.S. 2007*), *Haines v. Kerner,*404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Judge Breyer's role at the 12(b)(6) stage is not to evaluate the strength or weakness of claims. *Jacobson v. Hughes Aircraft Co.,* 105 F.3d 1288, 1292 (9th Cir. 1997). A Plaintiff's brief may always be used "to clarify allegations in her complaint whose meaning is unclear." *Pegram v. Herdrich,* 530 U.S. 211, 230, fn. 10 (2000). "New" facts in Plaintiff's opposition must be considered to determine whether to grant leave to amend or to dismiss with or without prejudice. *Orion Tire Corp. v. Goodyear Tire & Rubber Co.,* 268 F.3d 1133, 1137 (9th Cir. 2001).

Judge Breyer abused his power by mischaracterizing Plaintiff's Complaint as too confusing and ambiguous.

**Plaintiff's complaint provides the Defendants fair notice of the claims against them.**

Judge Breyer abused his discretion in dismissing Plaintiffs' Complaint for allegedly violating Rule 8 when Plaintiff's Complaint provided adequate notice to Defendants of the claims against them. Plaintiff's Complaint fulfills the purpose of Rule 8, which is to provide defendants fair notice of the allegations against them. Here, Muraco has criticized the complaint for being too long; yet, has claimed Plaintiff's complaint alleging fraud should have been pled with particularity—a classic Catch 22.  It is illogical and unrealistic that Plaintiff should limit her complaint to a few pages and not present evidence of fraud and expect her complaint will be taken seriously.

A *pro se* Plaintiff, who has to explain events that have transpired over eight years, has good reason for filing a lengthy Complaint, especially if she took great pains to detail the predicate (pre-discovery) factual allegations against the Defendants and Attorney Defendants for both (initial and NEW) Complaints that support entitlement to relief in order to give

defendants fair notice. Judge Breyer's assertion that: "each claim should specify which defendant is implicated and how" … "But the Complaint needs to spell out what Ms. Mikhak is alleging that each defendant did, so that each defendant can defend himself or herself" is false.

Because if this were true, Muraco would have moved for a more definite statement." If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506. 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) Muraco and the rest of the attorney defendants cannot credibly pretend that Plaintiff's complaint has failed to give them fair notice of the substance of the claims against them.

Plaintiff had excuse to have been in violation of Rule 8. This was Plaintiff's first time to file a Complaint on her own, so she assumed she is required to provide all clear and convincing evidence of fraud for her Complaint to be considered and evaluated. She was following the instructions to "prove" fraud as the cause of action with evidence.

## RELIEF SOUGHT

The United States Constitution guarantees an unbiased and righteous judge who will provide litigants with full protection of ALL RIGHTS and who adheres to the law and will always provide ALL litigants (regardless of their *pro se* status) with full protection of ALL RIGHTS. Therefore, Plaintiff respectfully requests Judge Breyer to grant her motion in light of the evidence detailing Judge Breyer's misconduct in violation of the law and the judicial code of conduct as detailed here and in prior pleadings (**dkts.**59, 60, 67, 77, 78, and 79) in District Court, "in which his impartiality might reasonably be questioned," and "if a reasonable person, apprised of all the facts and circumstances, would question the Judge's impartiality."[2]

**RELIEF 1:** To direct the Honorable Judge Charles R. Breyer, Judge of the United States District Court for the Northern District of California, to recuse himself or be disqualified

---

[2]Article 6 of the United States Constitution: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law." This is applicable to this court by application of Article VI of the United States Constitution and *Stone v Powell*, 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d 1

from presiding over further proceedings in Mikhak v. University of Phoenix et al. 21-CV-06919-CRB.

RELIEF 2: In light of Plaintiff's discovery of a new evidence for Judge Breyer's extrajudicial source of bias, to void Judge Breyer's decision on his own disqualification Motion for the second time because he has already denied Plaintiff's First Motion (**dkt.**59) once.

RELIEF 3: If Judge Breyer determines not to recuse himself, even despite of Plaintiff's discovery of new evidence of his extrajudicial source of bias, he should direct the Clerk of the District Court to assign Plaintiff's Second Motion (**dkts.**78-79) at random to a neutral and unbiased judge to decide on its legal sufficiency and the question of disqualification. And to vacate all of Judge Breyer's prior orders related to Plaintiff's Motion to recuse or disqualify.

RELIEF 4: To direct the District Court to vacate all of Judge Breyer's prior orders where he denied Plaintiff's Motion to VOID his prior orders (**dkts.**68-69) and assign them for decision to a new and an unbiased judge.

RELIEF 5: To direct the District Court to vacate Judge Breyer's denial of Plaintiff's Motion to issue subpoenas and direct the court to issue the Plaintiff the subpoenas she requested.

RELIEF 6: Plaintiff demands the immediate cessation of Judge Breyer making any more rulings and his removal from the present case.

RELIEF 7: To order Plaintiff's NEW Complaint (**dkt.**1) to be assigned to a different district judge **who is not acting as the defense attorney for the defense counsel** and who is unbiased towards *pro se* Plaintiffs and who can preside over Plaintiff's NEW Complaint with fresh eyes and a fair objective examination of the facts. [*In re Ellis*, 356 F3d 1198, 1211 (9th Cir. 2004) (en banc)—without reaching any determination regarding district judge's ability to proceed impartially on remand, en banc court concluded reassignment was appropriate to "preserve the appearance of justice," given judge's expression of "strong views" on record; *In re Benvin*, 791 F3d 1096, 1104 (9th Cir. 2015)—reassignment appropriate where district judge expressed explicit views on appropriate terms of parties' plea agreement, suggested terms he

would and would not accept, and stated he would not dismiss counts unless government complied with those terms].

**RELIEF 8:** To order a complete investigation of Judge Breyer's office and law clerks as well as the Defense counsel for collusion or other corrupt behavior to discover the underlying reason(s) for their continual cover up of the truth and for "protecting" the aggressors from being held accountable, thus resulting in obstruction of justice, judicial misconduct, perjury, judicial abuse of discretion, and denial of relief to the Plaintiff.

**RELIEF 9:** To grant Plaintiff relief from Judge Seeborg's ruling (**dkt.**38) issued on 11/30/21 which states: "It is ordered that no party may issue a subpoena to any other party prior to their Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1) (providing that a party generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)")."

**RELIEF 10:** To amend or vacate the order that prohibits parties from issuing subpoena from any source so she can request the Court to issue subpoena to any non-party witnesses, for example, Ms. Kelly Mortensen, who was one of the UOP's witnesses during the arbitration arguments, and those FOUR individuals who used to be faculty candidates in Plaintiff's cohort during the Certification Stage of her faculty hiring process at the University of Phoenix (UOP). They include: Ms. Shareena Haniff, Dr. Diana Pohle, Mr. Gary Calderone, and Ms. Shirin {last name?} (Plaintiff does not have the contact information for the fourth potential witness because she does not know Ms. Shirin's last name).

**RELIEF 11:** To remove the block on Plaintiff from summoning witnesses, to once again prevent Judge Breyer from obstructing the facts from being fully developed. Given the false witness testimonies of the UOP's prior witnesses, the District Court must vacate the order and issue subpoenas for any party or non-party witnesses that will help Plaintiff in amending her Complaint.

<u>Request for Oral Argument</u>

Plaintiff respectfully requests an opportunity to present Oral Argument to:

1. Allow the parties to answer any questions and address any concerns the Court may have, 2. Elaborate on points that were limited in the written submissions due to page or space limitations, 3. Focus the Court's attention on the most crucial issues, and 4. Respond to any points raised by an adversary, either Judge Breyer or the Defense counsel, that Plaintiff needs to address before they twist or distort it.

**CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court reconsider and rescind its "Order Granting Defendants the Motion to Dismiss, with leave to amend" Pursuant to FRCP 59(e), FRCP 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), and FRCP 54(b).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: August 4, 2022                                /s/ *Bahar Mikhak*
                                                     Bahar Mikhak