1   Marlene S. Muraco, Bar No. 154240
    mmuraco@littler.com
2   LITTLER MENDELSON, P.C.
    50 W. San Fernando
3   7th Floor
    San Jose, California  95113.2431
4   Telephone:    408.998.4150
    Fax No.:       408.288.5686
5
    Attorneys for Defendants
6   UNIVERSITY OF PHOENIX, INC., BARBARA
    TAYLOR, KIM SPENCE, WILLIAM J. PEPICELLO,
7   PH.D, MATTHEW E. WALLS, NEDA N. DAL CIELO,
    COOPER J. SPINELLI, KIMBERLY GEE RAMOS,
8   MARLENE S. MURACO AND LITTLER
    MENDELSON P.C.
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  BAHAR MIKHAK,                        Case No. 4:21-CV-06919-CRB

14              Plaintiff,               **NOTICE OF MOTION AND MOTION
                                         TO DISMISS PLAINTIFF'S FIRST
15       v.                              AMENDED COMPLAINT PURSUANT
                                         TO FRCP RULES 8 AND 12(B)(6)**
16  UNIVERSITY OF PHOENIX, INC.,
    BARBARA TAYLOR, KIM SPENCE,
17  WILLIAM J. PEPICELLO, PH.D, MATTHEW
    E. WALLS, NEDA N. DAL CIELO, COOPER   Hearing Date:     October 28, 2022
18  J. SPINELLI, KIMBERLY GEE RAMOS,      Hearing Time:     10:00 a.m.
    MARLENE S. MURACO AND LITTLER         Courtroom:        6
19  MENDELSON P.C.                        Judge:            Judge Charles R. Breyer
                                          Trial Date:       None Set
20              Defendants.
                                          Complaint Filed: September 7, 2021
21                                        FAC Filed:

22

23

24

25

26

27

28

Case No. 21-CV-06919-CRB                    NOTICE OF MOTION AND MOTION TO
                                                    DISMISS FAC; MPA

# TABLE OF CONTENTS

**PAGE**

I.    SUMMARY OF ARGUMENT ................................................................ 2

II.   FACTUAL BACKGROUND ................................................................. 3

III.  LEGAL ARGUMENT........................................................................... 5

    A.    General Standard for a Motion to Dismiss ................................. 5

    B.    Plaintiff's Claims Against Defendants Littler Mendelson, Dal Cielo, Ramos, Spinelli, and Muraco Must Be Dismissed .................................................... 6

        1.    The Littler Defendants' Allegedly Unlawful Conduct Was Absolutely Privileged. ........................................................................... 6

        2.    Alternatively, Plaintiff's Fraud Claims Are Time-Barred. ............. 7

        3.    Alternatively, Plaintiff's Claims Are Barred By Res Judicata. ...................... 8

        4.    Alternatively, Plaintiff Has Not Pled The Elements Of A Fraud Claim........... 9

            a.    Plaintiff's Allegations Against Defendants Spinelli, Ramos and Muraco Are Especially Lacking. ........................................ 10

    C.    Plaintiff's Claims Against Defendants UOP, Taylor, Spence, Pepicello and Walls Must Be Dismissed. .................................................... 12

        1.    The Claims Arising From The UOP Defendants' Pre-Litigation Conduct Must Be Dismissed.......................................................... 12

            a.    The Claims Are Time-Barred. ........................................... 13

            b.    Alternatively, The Claims Are Barred By Res Judicata. .................. 13

        2.    The Claims Arising From The UOP Defendants' Litigation Conduct Must Be Dismissed. ............................................................... 14

            a.    The UOP Defendants' Allegedly Unlawful Conduct Was Absolutely Privileged........................................................ 14

            b.    Alternatively, Plaintiff's Claims Are Time-Barred. ..................... 15

            c.    Alternatively, Plaintiff's Claims Are Barred By Res Judicata. ......... 16

            d.    Alternatively, Plaintiff Has Not Pled The Elements Of A Fraud Claim.................................................................. 16

        3.    Plaintiff's False Reference Claim Must Be Dismissed................... 17

        4.    Plaintiff's Claims Against Defendant Walls Must Be Dismissed. ............... 17

    D.    Plaintiff's Section 1983 and Fifth Amendment Claims Are Facially Invalid........... 18

        1.    Plaintiff's Section 1983 Claims Are Subject to Dismissal Because That Statute Doesn't Apply to Private Actors...................................... 18

        2.    Plaintiff's Fifth Amendment Claims Are Subject to Dismissal Because It Doesn't Apply to Private Actors. ............................................. 19

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

i

NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA

1

**TABLE OF CONTENTS**
(CONTINUED)

2

**PAGE**

3

    E.      Alternatively, Plaintiff's Complaint Must Be Dismissed Because It Violates
4           FRCP Rule 8. .......................................................................................................... 20

IV.    CONCLUSION.................................................................................................................. 21

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

# TABLE OF AUTHORITES

PAGE

**Cases**

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
526 U.S. 40 (1999) ................................................................................................18

*Ascherman v. Natanson*,
23 Cal.App.3d 861 ...........................................................................................6, 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..........................................................................................1, 6

*Bell Atlantic Corp v. Twombly*,
550 U.S. 544 (2007) ...............................................................................................1

*Brosnan v. Tradeline*,
2009 U.S. Dist. LEXIS 147074, *16 (N.D. Cal. Feb. 13, 2009) ...........................11

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*,
531 U.S. 288 ........................................................................................................18

*Brown v. Van's Int'l Foods, Inc.*,
2022 U.S. Dist. LEXIS 84477 (N.D. Cal. May 10, 2022) .................................9, 16

*by Church of Scientology Int'l v. Kolts*,
846 F.Supp. 853 (C.D. Cal. Feb. 16, 1994) ........................................................11

*Carden v. Getzoff*,
190 Cal. App.3d 907 (1987) ..............................................................................7, 14

*Chavez v. Huerfano County*,
195 F. App'x 728 (10th Cir. 2006) ......................................................................21

*Conservation Force v. Salazar*,
646 F.3d 1240 (9th Cir. 2011) ..............................................................................5

*Country Fresh Batter, Inc. v. Lion Raisins, Inc.*,
2018 U.S. Dist. LEXIS 30605 (E.D. Cal. Feb. 23, 2018) .................................10, 16

*Doctors' Co. Ins. Servs. v. Superior Court*,
225 Cal. App.3d 1284 (1990) ..............................................................................14

*Dura Pharms., Inc. v. Broudo*,
544 U.S. 336 (2005) ............................................................................................20

*Earnest v. San Joaquin Gen. Hosp.*,
2017 U.S. Dist. LEXIS 48901 (March 30, 2017) ................................................16

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

**TABLE OF AUTHORITIES**
(CONTINUED)

**PAGE**

*Edwards v. Marin Park, Inc.*,
356 F.3d 1058 (9th Cir. 2004) ..........................................................................11

*Faigman v. Cingular Wireless*,
LLC, 2007 U.S. Dist. LEXIS 14908 (N.D. Cal. Mar. 1, 2007) ...........................11

*Frank v. United Airlines, Inc.*,
216 F.3d 845 (9th Cir. 2000) ...............................................................................8

*Gibson v. Univ. of Phoenix, Inc.*,
2007 U.S. Dist. LEXIS 109451 (S.D. Tx. June 29, 2007) ...................................19

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ........................................................................6, 17

*Guevara v. Marriott Hotel Servs.*,
2013 U.S. Dist. LEXIS 38847 (N.D. Cal. Mar. 20, 2013) ...................................15

*Hatch v. Reliance Ins. Co.*,
758 F.2d 409 (9th Cir. 1985) .............................................................................20

*Jacob B. v. County of Shasta*,
40 Cal. 4th 948 (2007) .......................................................................................15

*Johnson v. United States Dep't of Treasury*,
939 F.2d 820 (9th Cir. 1991) . As Judge Breyer's Order.................................9

*Knox v. Potter*,
2004 U.S. Dist. LEXIS 8650 (N.D. Cal. May 4, 2004), *aff'd,* 131 F. App'x 567
(9th Cir. 2005)....................................................................................................13

*Krieger v. Nick Alexander Imports, Inc.*,
234 Cal.App.3d 205 (1991) ...............................................................................13

*Kruger v. Wells Fargo Bank*,
11 Cal. 3d 352 (1974) .......................................................................................19

*Kuder v. Haas*,
2010 U.S. Dist. LEXIS 127148, *19-20 (E.D. Cal. Dec. 1, 2020) ........................19

*Laffer v. Levinson, Miller, Jacobs & Phillips*,
34 Cal. App. 4th 117 (1995) ................................................................................6

*Lee v. City of Los Angeles*,
250 F.3d 668, 687 (9th Cir. 2001) .....................................................................19

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

1

**TABLE OF AUTHORITIES**
(CONTINUED)

2

PAGE

3

*Lovejoy v. AT&T Corp.,*
  92 Cal. App. 4th 85 (2001) ...................................................................10, 16

4

*Mikhak v. Univ. of Phoenix, Inc.,*
  2019 U.S. App. LEXIS 26162 (9th Cir. Aug. 28, 2019) .........................3

5

6

*Mikhak v. Univ. of Phoenix, Inc.,*
  2020 U.S. LEXIS 1523 (Mar. 3, 2020). (Complaint, .) .........................4

7

8

*Mikhak v. Univ. of Phoenix, Inc.,*
  768 F. App'x. 740 (9th Circ. 2019) .......................................................3

9

*Nat'l R.R. Passenger Corp. v. Morgan,*
  536 U.S. 101 (2002)..............................................................................15

10

11

*Owens v. Kaiser Found. Health Plan, Inc.,*
  244 F.3d 708 (9th Cir. 2001) ...............................................................8

12

13

*Pettitt v. Levy,*
  28 Cal. App. 3d 484 (1972) ............................................................7, 14

14

15

*Plotner v. AT&T Corp.,*
  224 F.3d 1161 (10th Cir. 2000) ...........................................................9

16

17

*Plymire v. Cahill,*
  2000 U.S. App. LEXIS 33401 (9th Cir. 2000) ....................................9

18

*Pollock v. Tri-Modal Distribution Services, Inc.,*
  11 Cal.5th 918 (2021) ..........................................................................15

19

20

*Port Drum Co. v. Umphrey,*
  852 F. 2d 148 (5th Cir. 1988) ..............................................................11

21

22

*Portman v. George McDonald Law Corp.,*
  99 Cal. App. 3d 988 (1979) .................................................................7

23

*Pouncil v. Tilton,*
  704 F.3d 568 (9th Cir. 2012) ...............................................................15

24

25

*Price v. Hawaii,*
  939 F.2d 702 (9th Cir. 1991) ...............................................................18

26

27

*Reese v. BP Exploration (Alaska) Inc.,*
  643 F.3d 681 (9th Cir. 2011) ...............................................................5

28

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

v

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

# TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Romano v Rockwell Internat, Inc.*
14 Cal.4th 479 (1996) ................................................................................................16

*Seattle Fishing Servs. LLC v. Bergen Indus. & Fishing Co.,*
242 Fed. Appx. 436 (9th Cir. 2007) .........................................................................19

*Seeger v. Odell,*
18 Cal. 2d 409 (1941) ................................................................................................16

*Silbreg v. Anderson,*
50 Cal. 3d 205 (1990) ..................................................................................................6

*Smith v. Allstate Ins. Co.,*
160 F. Supp. 2d 1150 (S.D. Cal. 2001) .......................................................................9

*Springer v. Hunt,*
2017 U.S. Dist. LEXIS 107242 (D. Haw. July 11, 2017) .........................................18

*Steiner v. Eikerling,*
181 Cal. App. 3d 639 (1986) .......................................................................................7

*Stewart v. United States Bancorp,*
297 F.3d 953 (9th Cir. 2002) .......................................................................................8

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,*
322 F.3d 1064 (9th Cir. 2003) .....................................................................................8

*Thomson v. Canyon,*
198 Cal.App.4th 594 (2011) ...........................................................................7, 13, 15

*United States v. Schimmels,*
127 F.3d 875 (9th Cir. 1997) .......................................................................................8

*Vasquez v. County of Los Angeles,*
349 F.3d 634 (9th Cir. 2003) .....................................................................................15

*Watts v. Malak,*
2017 U.S. Dist. LEXIS 93318 (E.D. Cal. June 16, 2017) .........................................18

*West v. Atkins,*
487 U.S. 42 (1988) .....................................................................................................18

**Statutes**

42 USC § 1983 ............................................................................................14, 15, 18

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

# TABLE OF AUTHORITIES
(CONTINUED)

PAGE

Cal. Civil Code § 47(b)(2) .......................................................................................2, 6, 14

Cal. Civil Code § 1572 .................................................................................................12, 13

Cal. Civil Code § 47(b) ......................................................................................................15

Cal. Civil Code §1549 .......................................................................................................13

Cal. Civil Code § 1572 ......................................................................................................13

Cal. Civil Code § 1710 ......................................................................................................13

Cal. Code Civ. Proc. § 339 ...............................................................................................13

Cal. Labor Code § 1050 ....................................................................................................17

**Other Authorities**

5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d
    ed. 2010) ......................................................................................................................20

Fed. R. Civ. P. Rule 8 .............................................................................................*passim*

Fed. R. Civ. P. Rule 9 .....................................................................................................9, 11

Fed. R. Civ. P. Rule 11 ..................................................................................................11, 14

Fed. R. Civ. P. Rule 12 ...................................................................................................1, 5

Fed. R. Civ. P. Rule 41 ........................................................................................................8

Fed. R. Evid. Rule 501 ........................................................................................................6

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

vii

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

TO PLAINTIFF BAHAR MIKHAK:

PLEASE TAKE NOTICE that on **October 28, 2022 at 10:00 a.m.**, or as soon thereafter as the matter can be heard in Courtroom 6 at the United States District Courthouse located at 450 Golden Gate Ave., San Francisco, California 94102, Defendants University of Phoenix, Inc., Barbara Taylor, Kim Spence, William Pepicello, PhD, Matthew Walls, Littler Mendelson, P.C., Neda Dal Cielo, Cooper Spinelli, Kimberley Gee Ramos and Marlene Muraco (collectively "Defendants") will and do move the Court for an order dismissing Plaintiff's entire Complaint under Fed. Rules of Civil Procedure 12(b)(6) and/or 8.

Plaintiff is proceeding pro se.  Her Complaint should be dismissed under Rule 12(b)(6) because none of the sixty-two claims set forth therein allege sufficient factual support to satisfy the minimum pleading requirements set forth in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Alternatively, Plaintiff's Complaint should be dismissed under Rule 8 because it is verbose, repetitive, includes extraneous matter and fails to adequately specify which of the 10 named defendants engaged in what behavior.  If the Court does not dismiss Plaintiff's Complaint in its entirety, Defendants alternatively seek dismissal of each individual cause of action on the ground that Plaintiff has not alleged facts sufficient to establish any of them as a matter of law.

Defendants' motion is based upon this Amended Notice of Motion and Memorandum of Points and Authorities, any oral argument that may be presented at the hearing, and on all other papers, records, the pleadings on file in this action, and such additional evidence and arguments that the Court may allow prior to and during the hearing on this motion.

Dated: September 20, 2022

LITTLER MENDELSON P.C.

Marlene S. Muraco
Attorneys for Defendants

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

1

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      SUMMARY OF ARGUMENT

Despite its length, Plaintiff's Complaint fails to successfully state a single cause of action. As a whole, the Complaint is a transparent attempt to collaterally attack issues that were resolved against Plaintiff in prior litigation with Defendant University of Phoenix, Inc. ("UOP").

Most of the sixty-two claims take issue with the way the earlier lawsuit was handled by UOP and its attorneys.  Specifically, Plaintiff attempts to craft dozens of separate fraud claims premised upon factual misrepresentations and deceptive arguments UOP and its attorneys allegedly made to the court in the prior action.  The remaining claims arise out of Plaintiff's employment with UOP and the termination thereof – and share a factual underpinning with the prior litigation.

Each claim that arises out of Defendants' alleged conduct in the prior litigation fails because that conduct was absolutely privileged under Cal. Civil Code sec. 47(b)(2).  These claims are also barred by res judicata.

In addition, as Plaintiff's employment with UOP ended seven years ago and Plaintiff's prior action was dismissed nearly four years before the instant action was filed, all but one of her claims is time-barred. The one claim that is not time-barred (the one for "false references"), is admittedly premised on speculation and thus fails to state a claim.

Furthermore, Plaintiff has simply failed to plead the elements of her (numerous) fraud claims premised on the prior litigation. Plaintiff asserts that the allegedly fraudulent statements were made to the Court (not her) and intended to confuse the Court (not her). As Plaintiff hasn't identified misrepresentations made with intent to deceive her and justifiable reliance upon such statements, those fraud claims fail.

Finally, Plaintiff's Complaint should be dismissed under Rule 8 because it is verbose, repetitive, includes extraneous matter and fails to specify which of the 10 named defendants actually engaged in what behavior. In fact, as to several Defendants, Plaintiff has not specifically alleged *any* wrongful conduct.

The many deficiencies in Plaintiff's Complaint cannot be remedied. Amendment would prove futile and Defendants' motion should therefore be granted without leave to amend.

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

2

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

## II.   FACTUAL BACKGROUND

Plaintiff was employed by Defendant UOP from April 2014-October 2014. (Addendum to First Amended Complaint ("Addendum"), ¶¶ 34, 40.) On February 23, 2016, Plaintiff filed a Complaint alleging UOP had failed to hire or promote her because of her religion, subjected her to a hostile work environment and then retaliated against her for opposing the discrimination, all in violation of Title VII and the FEHA.  (Addendum, p. 1.)

On June 21, 2016, Judge Charles Breyer issued a well-reasoned, twenty-five page decision granting UOP's motion to compel binding arbitration of Plaintiff's claims and staying the litigation pending the outcome of the arbitration. (Dkt. 1-6, p. 35-59.) After Plaintiff steadfastly refused to initiate the arbitration process, Judge Breyer issued an Order of Conditional Dismissal on December 5, 2017. (Dkt. 1-6, p. 23-24.) In that Order, Judge Breyer explained that he had compelled arbitration of the case 18 months earlier, and had given Plaintiff ample warning that her case would be dismissed if she did not initiate the arbitration process. (*Ibid.*) As Plaintiff failed to do as she had been instructed for nearly a year and a half, the Court dismissed Plaintiff's action "for failure to prosecute pursuant to [FRCP] 41(b)," but indicated the order would be vacated if Plaintiff certified to the Court within 30-days that she had initiated arbitration. (*Ibid.*)

Plaintiff continued to file documents with the Court – but none of them were the required certification. (Dkt. 1-6, p. 22.) Instead, Plaintiff filed an appeal to the Ninth Circuit on December 21, 2017. (FAC, ¶ 71; Dkt. 1, ¶ 37.) On April 24, 2019, the Ninth Circuit held that "[t]he district court did not abuse its discretion by dismissing [Plaintiff's] action for failure to prosecute because [Plaintiff] did not comply with the district court's orders directing [Plaintiff] to initiate arbitration despite being warned that noncompliance could result in dismissal." *Mikhak v. Univ. of Phoenix, Inc.*, 768 F. App'x. 740 (9th Circ. 2019). Notably given Plaintiff's current assertions, the Court also "reject[ed] as unsupported by the record [Plaintiff's] contentions that defendant and its counsel committed perjury, that defendant's counsel and the district court engaged in misconduct, or that [Plaintiff] was denied an opportunity to file reply briefs in response to various filings by defendant." *Id.*, p. 741.

Undeterred, Plaintiff sought both a panel rehearing and a rehearing en banc – both of which requests were denied by the Ninth Circuit on August 28, 2019. *Mikhak v. Univ. of Phoenix, Inc.*, 2019

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

3

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

U.S. App. LEXIS 26162 (9th Cir. Aug. 28, 2019).  Finally, Plaintiff sought a writ of certiorari from the U.S. Supreme Court, which was denied on March 9, 2020. *Mikhak v. Univ. of Phoenix, Inc.*, 2020 U.S. LEXIS 1523 (Mar. 3, 2020). (Complaint, ¶ 37.)

Unwilling to accept that outcome, on September 7, 2021, Plaintiff filed her initial Complaint, which consisted of 1,871 paragraphs in 298 pages plus an additional 1,000+ pages of Flowcharts, Appendices and Exhibits, and purported to set forth seventy-seven causes of action against Defendants. (Dkt. 1 to 1-12.) Defendants filed a motion to dismiss the initial Complaint on a variety of substantive and procedural grounds. (Dkt. 44.) On July 7, 2022, the Court granted Defendants' motion on the ground that Plaintiff's Complaint violated Rule 8 of the Federal Rules of Civil Procedure. (Dkt. 96.) Plaintiff was ordered to file an amended complaint that was "short and to the point," and "include[s] basic allegations of fact, followed by an outline of each claim…[that] specif[ies] which defendant is implicated and how." (Dkt. 96, p. 4.) The Court also held that any attempt by Plaintiff to re-litigate her prior action was barred by res judicata. (Dkt. 96, p. 3.)

Plaintiff's First Amended Complaint consists of 511 paragraphs in 96 pages, a 48-page Addendum (the portion of her initial Complaint the Court stated was barred by res judicata), and 32-pages of flow charts and tables. (Dkt. 111 to 111-3.) While the Amended Complaint itself contains significantly less extraneous matter than Plaintiff's initial Complaint, the same is not true of the Tables and Charts. (*See, e.g.,* Dkt. 111-1, p. 13-14 (unintelligible analogy about seeds, apples, oranges, faculty members and faculty candidates), p. 14-16 (lengthy hypothetical about purchasing apples on Amazon but then receiving oranges instead). The Tables contain paragraphs 512-563 of the Amended Complaint (Dkt. 111-1, p 5-13.) along with numerous "Evidence" tables that set forth Plaintiff's detailed response to many of Defendant Dal Cielo's alleged misrepresentations. (Dkt. 11-1, p. 16-27.) Both the Amended Complaint and the Tables are replete with citations to the Exhibits Plaintiff previously filed with her initial Complaint.[1]

---

[1]   (Dkt. 111, ¶¶ 33, 40, 41, 44, 46, 51, 55-56, 70, 92, 94, 95, 108, 113, 125, 140, 141, 146, 148, 151, 157, 166, 169, 172, 175, 180, 183, 184, 215, 224, 227-228, 259, 266, 269, 272, 273, 277, 280, 283, 284, 287, 290, 294, 297, 326, 329-331, 341-343, 352, 354, 376, 383, 389, 391, 393, 402, 408, 410, 411, 412, 419-421, 424, 433, 436, 439, 454, 457, 459, 462, 465, 468, 470, 471, 480, 482, 483, 485, 497, Dkt. 111-1, p. 4, 16, 19, 22-23.)

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

4

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

1    Furthermore, the Amended Complaint is still unclear as to what substantive claims Plaintiff is
2    seeking to pursue against which Defendants. Dr. Ryan Berman, Dr. Cathy Malone and Ms. Lindy
3    Beam are no longer listed in the caption or the body of the FAC so Defendants assume that Plaintiff
4    no longer intends to pursue any claims against them in this action. The caption page lists 14 causes of
5    action but the body of the Amended Complaint sets forth sixty-two separate claims, many of which
6    fail to specify precisely who is allegedly liable for the alleged misconduct. (*See, e.g.,* Claims 7-8, 10,
7    17, 1-22, 24-48, 55, 57-62, all of which allege "Defendants" violated the California Civil Code but
8    only provide factual allegations relating to the conduct of Defendant Dal Cielo or, in one case,
9    Defendant Muraco.)   Instead, Plaintiff alleges that "all defendants (in their own ways) were in
10    violation" of various laws. (FAC, ¶ 27.)

11    While a few of the claims relate to Defendant UOP's conduct while Plaintiff was employed,
12    most of the rest relate to Plaintiff's assertion that UOP's attorneys created an "optical illusion" that
13    misled the Court regarding Plaintiff's faculty status at the time she click-accepted the arbitration
14    agreement that led to dismissal of her earlier discrimination complaint. (FAC, ¶ 8.) These allegations
15    are not new – Plaintiff previously submitted extensive briefing on UOP's attorneys' alleged fraud to
16    both Judge Breyer and the Ninth Circuit. (Dkt. 1-6, p. 79-140 (letter to Judge Breyer dated 12/19/17
17    setting forth Plaintiff's allegations against UOP's attorneys); Dkt. 1-6, p. 78 (Notice of Appeal dated
18    12/21/17 identifying one of the issues as Judge Breyer's refusal to conduct "an investigation into the
19    unethical practice of law by the defense counsel").

20    **III.    LEGAL ARGUMENT**

21         **A.    General Standard for a Motion to Dismiss**

22         "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim
23    upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v.*
24    *Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th
25    Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled
26    factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP*
27    *Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

28

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

5

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

However, the Court need not "accept as true … allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**B.    Plaintiff's Claims Against Defendants Littler Mendelson, Dal Cielo, Ramos, Spinelli, and Muraco Must Be Dismissed.**

**1.    The Littler Defendants' Allegedly Unlawful Conduct Was Absolutely Privileged.**

Plaintiff's claims against Defendants Littler, Dal Cielo, Ramos, Spinelli and Muraco (collectively the "Littler Defendants") all relate to actions they allegedly took while representing Defendant UOP in Plaintiff's initial action. (FAC, *passim.*) The Littler Defendants' conduct was absolutely privileged pursuant to California Civil Code sec. 47(b)(2), which establishes an absolute privilege for statements made in any "judicial proceeding".  The absolute privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silbreg v. Anderson*, 50 Cal. 3d 205, 212 (1990). [2]

The privilege established by Section 47(b)(2) "is an absolute privilege which is in no way affected by the presence of malice." *Ascherman v. Natanson*, 23 Cal.App.3d 861, 864-865 (1972) (citing *Albertson v. Raboff*, 46 Cal.2d 375, 379 (1956)). Thus, for example, "[a]n attorney at law is absolutely privileged to publish defamatory matter concerning another…in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." *Laffer v. Levinson, Miller, Jacobs & Phillips*, 34 Cal. App. 4th 117, 123-124 (1995). Attorneys who falsely represented to the opposing party that their client was financially

---

[2]    In a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision. Federal Rule of Evidence 501.

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

6

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

1  sound when it was insolvent, for the purpose of avoiding the need to post an appeal bond, were

2  protected by the privilege and could not be sued for negligent misrepresentation even though the

3  opposing party had detrimentally relied upon their representations. *Portman v. George McDonald Law*

4  *Corp.*, 99 Cal. App. 3d 988, 989, 991 (1979). Individuals who created and submitted a false and forged

5  business permit to the City of Fresno for the purpose of damaging another party's business were

6  protected by the absolute privilege and could not be held liable for fraud, negligence or intentional

7  infliction of emotional distress. *Pettitt v. Levy*, 28 Cal. App. 3d 484, 486-489, 492 (1972). *See also*

8  *Steiner v. Eikerling*, 181 Cal. App. 3d 639, 641 (1986) (dismissing claims for malicious institution of

9  civil proceedings and civil conspiracy based on alleged forgery of a will presented for probate);

10 *Carden v. Getzoff*, 190 Cal. App.3d 907, 909 (1987) (dismissing claims for abuse of process and

11 infliction of emotional distress stemming from the alleged manufacture of false evidence).

12       As the Littler Defendants' alleged wrongdoing stems entirely from actions they allegedly took

13 in pursuit of their defense of Plaintiff's original complaint, every claim against them must be

14 dismissed.

15              **2.      Alternatively, Plaintiff's Fraud Claims Are Time-Barred.**

16       The Littler Defendants' allegedly fraudulent statements all occurred during the course of

17 litigating the prior action. (FAC, *passim*.) Plaintiff's original complaint was dismissed on December

18 5, 2017. Accordingly, any alleged misrepresentations that influenced the Court's decision must have

19 been made by that date. (*See also* Dkt. 1-6, p. 79-140 (December 19, 2017 letter from Plaintiff to the

20 Court thoroughly describing the misrepresentations and malfeasance Plaintiff contends the Littler

21 Defendants and others engaged in during the course of the trial court proceeding).) However, this

22 action was not filed until September 2021 – 3.75 years after the original dismissal. Accordingly,

23 Plaintiff's fraud claims against the Littler Defendants are untimely. *Thomson v. Canyon*, 198

24 Cal.App.4th 594, 596 (2011) ("Where the gravamen of the complaint is that the defendant's acts

25 constituted actual or constructive fraud, the applicable statute of limitations is the . . . three-year

26 limitations period governing fraud….")

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

7

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

**3.      Alternatively, Plaintiff's Claims Are Barred By Res Judicata.**

"Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or *could have been raised*' in a prior action. *Stewart v. United States Bancorp*, 297 F.3d 953, 959 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). "Res judicata applies when there is: '(1) an identity of claims; (2) a final judgment on the merits, and (3) identity or privity between parties.'" (*Id.*) All three requirements are satisfied here.

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (internal citation omitted). Every claim Plaintiff has pled against the Littler Defendants pertain to the enforceability of Plaintiff's arbitration agreement – an issue that was extensively litigated in the initial action. In fact, Plaintiff concedes that her counsel raised the issue of the Littler Defendants' misrepresentations during the prior action, and asserts that argument "was not deemed waived on appeal in the Ninth Circuit." (FAC, ¶ 294.) As all the claims against the Littler Defendants stem from their alleged misrepresentations to the Court during the prior action and as those misrepresentations were admittedly alleged and litigated in that action, there is clearly an identity of claims between the prior litigation and this action. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003) (claim preclusion "bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action….It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought"); *Owens, supra,* 244 F.3d at 713-715 (finding res judicata where second action included claims for retaliation and hostile work environment that were not set forth in the first action because the factual allegations in both complaints "clearly [arose] from the same transactional nucleus of facts").

Plaintiff's prior action was dismissed pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. 1-6, p. 23-24.) Rule 41(b) provides that unless an order dismissing a case for failure to prosecute states otherwise, the dismissal "operates as an adjudication on the merits."  Thus, "involuntary dismissal generally acts as a judgment on the merits for the purposes of res judicata." *United States v. Schimmels*,

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

8

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

127 F.3d 875, 884 (9th Cir. 1997); *see also Johnson v. United States Dep't of Treasury*, 939 F.2d 820, 825 (9th Cir. 1991) (dismissal for failure to prosecute is "treated as an adjudication on the 'merits' for purposes of preclusion"). As Judge Breyer's Order did not "state otherwise," it was a final judgment on the merits of Plaintiff's claims

Finally, there is privity between the Littler Defendants and UOP, the defendant in the prior litigation. *See Plymire v. Cahill*, 2000 U.S. App. LEXIS 33401, *2 (9th Cir. 2000) (attorney-defendants were "in privity with [defendants in prior action] as their respective attorneys during the state court proceedings" and "the claims against [the attorneys] [were] barred by res judicata"); *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) (where "law firm defendants appear by virtue of their activities as representatives of" parties to an earlier proceeding, there is privity between the law firm and the parties they represented).

### 4. Alternatively, Plaintiff Has Not Pled The Elements Of A Fraud Claim.

"Under California law, a cause of action for fraud requires the plaintiff to establish: (1) a knowingly false representation by the defendant; (2) made with intent to deceive or induce reliance **by the plaintiff**; (3) justifiable reliance **by the plaintiff**; and (4) resulting damages." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (emphasis added). Here, Plaintiff has failed to plead elements two or three.

Plaintiff's fraud claims against Defendants Littler, Dal Cielo, Ramos, Spinelli and Muraco (collectively the "Littler Defendants") all relate to actions they allegedly took while representing Defendant UOP in Plaintiff's initial action. Specifically, Plaintiff alleges that the Littler Defendants made assorted misrepresentations *to the courts* about the circumstances surrounding her acceptance of the arbitration agreement that had the purpose and effect of misleading *the courts.* (FAC, ¶¶ 42, 45, 57, 301, 338, 350, 447.) Plaintiff has *not* alleged that she "saw and relied on the alleged misrepresentations" in taking a particular action to her detriment, as is required by FRCP Rule 9. *Brown v. Van's Int'l Foods, Inc.*, 2022 U.S. Dist. LEXIS 84477, *32-33 (N.D. Cal. May 10, 2022). In fact, such an assertion would be contrary to Plaintiff's allegation that she was unaware of the allegedly fraudulent statements until November 24, 2017, more than a year after Judge Breyer issued the order compelling her claims to binding arbitration. (FAC, ¶ 25.) Plaintiff could not have relied upon any

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

9

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

1    allegedly fraudulent statements made prior to November 24, 2017 as she claims she was unaware of

2    them. *See, e.g., Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 94 (2001) (plaintiff cannot base a

3    misrepresentation claim upon alleged statements of which he was unaware). Nor could she have

4    justifiably relied upon any statements after November 24, 2017, at which time she learned of the

5    statements and immediately concluded they were fraudulent. *Country Fresh Batter, Inc. v. Lion*

6    *Raisins, Inc.*, 2018 U.S. Dist. LEXIS 30605, *7 (E.D. Cal. Feb. 23, 2018) ("The California Supreme

7    Court has held that as a matter of law, a plaintiff may not claim justifiable reliance in support of a

8    fraud claim when it knew the defendant's statement to be false."). Simply stated, Plaintiff's allegations

9    fail to show that: 1) the Littler Defendants made fraudulent statements with the intent of deceiving

10   *her*; or 2) *she* justifiably relied upon any allegedly fraudulent statements to her detriment. Accordingly,

11   her fraud claims against the Littler Defendants must be dismissed.[3]

12            a.    **Plaintiff's Allegations Against Defendants Spinelli, Ramos and**
                   **Muraco Are Especially Lacking.**

13

14           The only specific allegations Plaintiff makes against Defendant Spinelli, one of the outside

15   attorneys who represented UOP in the prior action are: 1) his name appears on the caption page to the

16   following documents filed in the initial action – Defendant's Opposition to Plaintiff's Motion for Stay

17

18   [3]   It also bears noting that many of Plaintiff's fraud allegations are simply nonsensical. For example,
     she alleges that Defendant Dal Cielo committed fraud by referring in her argument to one portion of

19   an exhibit to a witness declaration but not pointing out another portion of that exhibit. (FAC, ¶¶ 95,
     101, 104.) *The entire Exhibit was admittedly before the Court*, so Plaintiff and her attorneys had access

20   to the portion of the document Defendant Dal Cielo allegedly omitted from her comments.
     Furthermore, the information Defendant Dal Cielo allegedly omitted (that if Plaintiff failed to

21   acknowledge the new Faculty Handbook she would be locked out of eCampus), is actually referenced
     in the Order granting Defendant's motion to compel arbitration – which shows the Court was aware

22   of the very fact Plaintiff contends Defendants concealed. (Dkt. 1-6, p. 51.) As another example,
     Plaintiff alleges Defendant Dal Cielo "failed to disclose that the UOP's contract formation was

23   fraudulent because…the UOP gave [her] a homework assignment based on an outdated (2011-2012)
     Faculty Handbook that did not include the arbitration agreement." (FAC, ¶¶ 110, 115.) However, that

24   fact was revealed in the Declaration Plaintiff filed in support of her opposition to the motion to compel
     arbitration (Dkt. 18-1, ¶ 18, initial action.) As a third example, Plaintiff contends that Defendant Dal

25   Cielo concealed emails her instructors had sent her during the faculty qualification process. (FAC, ¶
     146.) However, those documents were placed in the appellate record by Plaintiff – which means she

26   had them in her possession at the time of the alleged omission. (FAC, ¶¶ 146, 148-151 and portions of
     the docket cited therein.) As a final example, though others exist, Plaintiff alleges Defendant Dal Cielo

27   failed to disclose relevant portions of the employee handbook, but concedes her attorneys introduced
     those very portions of the handbook at the hearing on the motion to compel arbitration. (FAC, ¶¶ 164,

28   195, 215, 226-229, 232, 345, 294, 352-353; Dkt. 1-7, p. 196-199.) Such facts separately preclude
     Plaintiff from showing the fourth element of her fraud claim (resulting damages).

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA. 95113.2431
408.998.4150

Case No. 21-CV-06919-CRB                              NOTICE OF MOTION AND MOTION TO
                                    10                      DISMISS FAC; MPA

(Dkt. 38 in initial action, filed 9/21/17)[4], Joint Case Management Statement (Dkt. 41 in initial action, filed 10/20/17), and two unidentified documents prepared "during appeal", none of which he signed; and 2) he attended the "Show Cause hearing on October 27, 2017 in support of [Defendant] Dal Cielo's arguments." (FAC, ¶¶ 35-36, 50.)[5] Plaintiff does not identify any allegedly fraudulent statements in those specific documents and does not assert that Defendant Spinelli was responsible for preparing or signing the documents. Nor does Plaintiff assert that Defendant Spinelli uttered a word at the "Show Cause hearing". Instead, Plaintiff simply alleges that Defendant Spinelli contributed to the alleged violation of her rights "in [his] own [unspecified] way". (FAC, ¶¶ 27, 29, 31, 66, 74, 75, *etc.*). These allegations are insufficient to support the fraud claims Plaintiff has alleged against Defendant Spinelli. *See, e.g., Brosnan v. Tradeline* Solutions, 2009 U.S. Dist. LEXIS 147074, *16 (N.D. Cal. Feb. 13, 2009) (where there were "virtually no specifics regarding [the defendant's misrepresentations]" the plaintiff's fraud claims failed because he had not pled them "with the specificity required under [FRCP] Rule 9(b)"); *Faigman v. Cingular Wireless,* LLC, 2007 U.S. Dist. LEXIS 14908, *12 (N.D. Cal. Mar. 1, 2007) ("To comply with Rule 9(b), a complaint must 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'"), *quoting Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

The only specific allegation against Defendant Ramos is that her name appeared in the caption of pleadings relating to the motion to compel arbitration that were signed by Defendant Dal Cielo. (FAC, ¶ 32.) This allegation is insufficient to state a cause of action for fraud against Defendant Ramos. *Edwards, supra,* 356 F.3d at 1066. To the extent Plaintiff is seeking to state a claim arising under FRCP Rule 11, her claim falls because that Rule does not create a private right of action. *Port Drum Co. v. Umphrey*, 852 F. 2d 148, 149-50 (5th Cir. 1988), *cited with approval by Church of Scientology Int'l v. Kolts*, 846 F.Supp. 853, 881 (C.D. Cal. Feb. 16, 1994).

---

[4]   Defendants request that the Court take judicial notice of any document referenced herein as being from the docket in the initial action.

[5]   Plaintiff also alleges that Defendant Spinelli's "signature appears alongside [Defendant] Dal Cielo's signature on the Joint Case Management Statement" (FAC, ¶ 36), but Defendants request that the Court take judicial notice that is untrue.

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

11

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

The only specific allegation against Defendant Muraco is that she "made a court appearance…on June 16, 2016," during which she called attention to the phrase "Dear faculty member" in the Faculty Acknowledgement Detail and "raised the question 'was the Plaintiff a faculty member? Or was the Plaintiff not a faculty member?'" (FAC, ¶¶ 34, 165.) A review of the transcript from the hearing (which is incorporated by reference into the FAC) shows that Defendant Muraco simply read from the "Faculty Acknowledgement Detail" document and then asserted that the question of whether Plaintiff was a faculty member was for the arbitrator to address. (Dkt. 1-8, p. 13-14.) These allegations are insufficient to state a claim against Defendant Muraco under any circumstances.

**C.    Plaintiff's Claims Against Defendants UOP, Taylor, Spence, Pepicello and Walls Must Be Dismissed.**

The claims against Defendants UOP, Taylor, Spence, and Pepicello (collectively "the UOP Defendants") can be divided into three buckets: 1) claims arising from the way the arbitration agreement Plaintiff accepted was drafted and implemented by Defendants UOP and Pepicello; 2) claims arising from misrepresentations Defendants Taylor and Spencer allegedly made during the litigation of the first action; and 3) a claim regarding false references that presumably post-dates the earlier litigation. (FAC, *passim*.) All three sets of claims are subject to dismissal.

**1.    The Claims Arising From The UOP Defendants' Pre-Litigation Conduct Must Be Dismissed.**

The following claims against the UOP Defendants are premised on their pre-litigation conduct:

- Claim 6: Defendants UOP and (by virtue of being President) Pepicello violated California Civil Code sec. 1572 when UOP fraudulently asked Plaintiff to click "Accept" to the arbitration agreement before she had finished the Certification stage of her faculty qualification process.

- Claim 9: Defendants UOP and (by virtue of being President) Pepicello violated Civil Code sec. 1572 when UOP asked her to study and take a quiz on the Dispute Resolution Policy and Procedures on the outdated (2011-2012) Faculty Handbook that did not include the arbitration agreement, but later asked her to click "Accept" to the updated (2014-2015) Faculty Handbook that included an arbitration agreement.

- Claim 11: Defendants UOP and (by virtue of being President) Pepicello violated Civil Code sec. 1572 when the UOP intentionally surprised Plaintiff with the arbitration agreement by manipulating her, placing her under duress and inducing her into signing the arbitration agreement, or else risk failing her qualification process.

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

12

NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA

- Claim 13: Defendants UOP and (by virtue of being President) Pepicello violated Civil Code sec. 1572 because the UOP's contract formation was overly harsh in that a faculty candidate who failed to accept the arbitration agreement would fail to get certified and fail to get an offer of employment as a faculty member.

- Claim 15: Defendant UOP violated Civil Code sec. 1549 or breached the implied covenant of good faith and fair dealing by making the 2011-2012 Faculty Handbook available for review but then adding the arbitration policy to the 2014-2015 Handbook on short notice.

- Claim 16: Defendant UOP violated Civil Code sec. 1710(4) or its promise to give advance (30 day) notice "for any unilateral modification of the provisions."

These claims are both time barred and barred by res judicata.

### a.    The Claims Are Time-Barred.

Plaintiff click-accepted the arbitration agreement with UOP in March 2014. (Dkt. 1-6, p. 37::13-15.) This action was filed 7.5 years later (September 2021), so any claim with a limitations period of seven or less years is time barred.  Plaintiff's claims for violation of Civil Code sec. 1572, 1549 and 1710 (fraud) are untimely as is her claim for breach of the implied covenant of good faith and fair dealing. *Thomson, supra,* 198 Cal.App.4th at 596 (2011) (fraud has a three-year SOL)); *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal.App.3d 205, 220-21 (1991) (statute of limitations for breach of implied covenant of good faith and fair dealing, when it is based on a contractual theory, is the same as that for breach of the underlying contract); Cal. Code Civ. Proc. §§ 339(1) (statute of limitations for breach of oral contract is two years); 337(a) (statute of limitations for breach of written contract is four years).

### b.    Alternatively, The Claims Are Barred By Res Judicata.

Plaintiff's fraud and implied covenant claims are barred by res judicata. The claims, which arose before Plaintiff's initial lawsuit was filed, were raised or *could have been raised*' in her prior action.  As discussed above, the prior action ended with a final judgment on the merits. Finally, Defendant UOP was a Defendant in the prior action and Defendant Pepicello is in privity with UOP. *Knox v. Potter*, 2004 U.S. Dist. LEXIS 8650, *37-38 (N.D. Cal. May 4, 2004), *aff'd,* 131 F. App'x 567 (9th  Cir. 2005) ("Generally, an employer-employee relationship will satisfy the privity requirement for matters within the scope of employment, irrespective of whether the employer or employee is sued first.").

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA. 95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

13

NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA

### 2. The Claims Arising From The UOP Defendants' Litigation Conduct Must Be Dismissed.

The following claims against the UOP Defendants are premised on their litigation conduct:

- Claim 1: UOP and its witnesses (Taylor and Spence) used the tactics of perjury and fraud during the litigation to harass and retaliate against Plaintiff in a continuing violation of Title VII and the California FEHA.

- Claim 2: UOP and its witnesses harassed and retaliated against Plaintiff in violation of FRCP Rule 11.

- Claims 3-5: UOP and its witnesses contributed to the fraudulent misrepresentation that helped them win dismissal of Plaintiff's case in violation of her rights to Due Process and Equal Protection under the Fourteenth Amendment (42 USC sec. 1983) and her Fifth Amendment Right to Due Process.

- Claim 18: Defendants intentionally concealed Dr. Gobena's Final Evaluation Report dated October 16, 2014.

- Claim 23: The UOP witnesses engaged in fraud when they voluntarily disclosed Plaintiff had clicked "Accept" to the Faculty Acknowledgement Detail but failed to disclose UOP had induced her to do so.

- Claim 49: Defendants engaged in fraud when the UOP's witnesses omitted material facts with evidentiary value from a provision of the Faculty Handbook.

These claims are not actionable because they are premised on privileged conduct, time-barred, barred by res judicata, and inadequately pled.

### a. The UOP Defendants' Allegedly Unlawful Conduct Was Absolutely Privileged.

As discussed in Section III.B.1, above, Plaintiff's claims against the UOP Defendants for statements or omissions made in the context of the original litigation are absolutely privileged pursuant to California Civil Code sec. 47(b)(2).  *See, e.g., Pettitt, supra,* 28 Cal.App.3d at 488 ("The privilege is accorded not only to parties but to witnesses, even where their testimony is allegedly perjured and malicious. The resulting lack of any really effective civil remedy against perjurers is simply part of the price that is paid for witnesses who are free from intimidation by the possibility of civil liability for what they say."); *Ascherman, supra,* 23 Cal.App.3d at 864-865 ("The absolute privilege afforded to persons in judicial proceedings, of course, extends to witnesses."); *Doctors' Co. Ins. Servs. v. Superior Court,* 225 Cal. App.3d 1284, 1300 (1990) ("[I]t is well settled that section 47(2) bars claims based on subornation of perjury."); *Carden, supra,* 190 Cal. App.3d at 915 (1987) (publications made

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

14

NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA

1    in a document prepared by defendant and in defendant's testimony at dissolution proceedings were

2    covered by absolute privilege even if the defendant had intentionally committed perjury); *Jacob B. v.*

3    *County of Shasta*, 40 Cal. 4th 948, 955-956 (2007) ("the privilege [in Civil Code sec. 47(b)] extends

4    even to civil actions based on perjury").

5            As the Littler Defendants' alleged wrongdoing stems entirely from actions allegedly taken in

6    pursuit of their defense of Plaintiff's original complaint, every claim against them must be dismissed.

7                    **b.       Alternatively, Plaintiff's Claims Are Time-Barred.**

8            The conduct described above all occurred while litigating the prior action, which means it must

9    have occurred no later than December 5, 2017, the date Plaintiff's initial complaint was dismissed by

10   Judge Breyer. However, this action was not filed until September 2021 – 3.75 years after the original

11   dismissal. Accordingly, Plaintiff's fraud and Section 1983 claims against the UOP Defendants are

12   untimely. *Thomson v. Canyon*, *supra,* 198 Cal.App.4th at 596 (fraud claims have a three-year SOL);

13   *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (Section 1983 has a two-year limitations period.).

14           Plaintiff's Title VII and FEHA claims are also time-barred. "To establish subject matter

15   jurisdiction over a Title VII claim, [plaintiff] must have exhausted his administrative remedies by

16   filing a timely charge with the EEOC." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir.

17   2003). Absent exceptions not relevant here, "[t]o timely exhaust administrative remedies, a plaintiff

18   must file a charge with the EEOC within 180 days from the last act of alleged discrimination". *Guevara*

19   *v. Marriott Hotel Servs.*, 2013 U.S. Dist. LEXIS 38847, *11-12 (N.D. Cal. Mar. 20, 2013) (citing

20   *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081-1082 (9th Cir. 2006)). "A claim is time

21   barred if it is not filed within these time limits." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101,

22   109 (2002). Likewise, "[a]n employee who wishes to file suit under the FEHA must exhaust the

23   administrative remedy provided by the statute by filing a complaint with the DFEH, and must obtain

24   from the DFEH a notice of right to sue. The timely filing of an administrative complaint before the

25   DFEH is a prerequisite to the bringing of a civil action for damages." *Pollock v. Tri-Modal Distribution*

26   *Services, Inc.*, 11 Cal.5th 918, 931 (2021) (internal quotes omitted). As to any claim (like Plaintiff's)

27   arising in or before December 2017, exhaustion required filing a written charge with the DFEH within

28

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB                    15                    NOTICE OF MOTION AND MOTION TO
                                                                  DISMISS FAC; MPA

1   one year of the alleged unlawful employment discrimination, and then obtaining notice from DFEH

2   of the right to sue. *Romano v. Rockwell Internat., Inc.,* 14 Cal.4th 479, 492 (1996).

3         Here, Plaintiff alleges that she received a DFEH Right-To-Sue on May 25, 2021 and an EEOC

4   Right-To-Sue on June 7, 2021. (FAC, ¶¶ 23-24.) However, Plaintiff fails to allege that she timely filed

5   a charge with either of those agencies regarding the UOP Defendants' conduct during the prior

6   litigation. To be timely, any such charge would have had to be filed no later than December 2018. The

7   UOP Defendants are entitled to dismissal of Plaintiff's Title VII/FEHA claims because she has not

8   alleged compliance with this requirement. *See, e.g., Earnest v. San Joaquin Gen. Hosp.*, 2017 U.S.

9   Dist. LEXIS 48901, *9 (March 30, 2017) (dismissing plaintiff's FEHA and Title VII claims where she

10  alleged she exhausted administrative remedies by "timely" filing her discrimination charges with the

11  EEOC and DFEH but "does not provide the date on which those charges were filed".)

12        **c.**      **Alternatively, Plaintiff's Claims Are Barred By Res Judicata.**

13        The specified claims against the UOP Defendants are  precluded by res judicata for the reasons

14  discussed in Section III.C.1.b above.

15        **d.**      **Alternatively, Plaintiff Has Not Pled The Elements Of A Fraud**

16                 **Claim.**

17        The fraud claims against Defendants UOP itemized above all relate to actions they allegedly

18  took in furtherance of their attempt to prevail on Plaintiff's initial action. Specifically, Plaintiff alleges

19  that the UOP Defendants made assorted misrepresentations *to the courts* about the circumstances

20  surrounding her acceptance of the arbitration agreement that had the purpose and effect of misleading

21  *the courts.* Plaintiff's allegations thus fail to state a claim for the reasons discussed in Section III.B.4.

22  *Brown, supra,* 2022 U.S. Dist. LEXIS 84477 at *32-33; *Lovejoy, supra,* 92 Cal. App. 4th at 94;

23  *Country Fresh Batter, Inc., supra,* 2018 U.S. Dist. LEXIS 30605, *7 *Seeger v. Odell,* 18 Cal. 2d 409,

24  414 (1941) (plaintiff must act in reliance on misrepresentation and be justified in doing so). Simply

25  stated, Plaintiff's allegations fail to show that: 1) the UOP Defendants made fraudulent statements

26  with the intent of deceiving *her*; or 2) *she* justifiably relied upon any allegedly fraudulent statements

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

16

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

1  to her detriment. Accordingly, her fraud claims against the UOP Defendants must be dismissed.[6]

2  **3.  Plaintiff's False Reference Claim Must Be Dismissed.**

3  Plaintiff's claim that Defendant UOP provided a false reference about her in violation of Labor

4  Code sec. 1050 "is based on circumstantial evidence" that she applied to teach a course at Univ. of

5  San Francisco in Fall 2020 and "never received a response from the USF's department chair." (FAC,

6  ¶ 449.) Plaintiff's unfounded speculation is insufficient to state a claim under Cal. Labor Code § 1050,

7  which makes it a misdemeanor to "prevent or attempt to prevent [a] former employee from obtaining

8  employment" through the use of a misrepresentation. *In re Gilead Scis. Sec. Litig, supra,* 536 F.3d at

9  1055 ("unwarranted deductions of fact or unreasonable inferences" need not be accepted as true when

10  evaluating whether plaintiff has stated a claim).

11  **4.  Plaintiff's Claims Against Defendant Walls Must Be Dismissed.**

12  The only substantive allegation of wrongdoing Plaintiff makes against Defendant Walls,

13  internal counsel for Defendant UOP, is that he "failed to respond to the EEOC's questions prior to

14  attending the EEOC mediation meeting despite of almost one year delay asking for extensions to do

15  so…." (FAC, ¶ 504.)[7] The allegation is set forth in Plaintiff's request for relief. She makes no attempt

16

17  6   It also bears noting that many of Plaintiff's fraud allegations are simply nonsensical. For example, she alleges that Defendant Dal Cielo committed fraud by referring in her argument to one portion of

18  an exhibit to a witness declaration but not pointing out another portion of that exhibit. (FAC, ¶¶ 95, 101, 104.) *The entire Exhibit was admittedly before the Court*, so Plaintiff and her attorneys had access

19  to the portion of the document Defendant Dal Cielo allegedly omitted from her comments. Furthermore, the information Defendant Dal Cielo allegedly omitted (that if Plaintiff failed to

20  acknowledge the new Faculty Handbook she would be locked out of eCampus), is actually referenced in the Order granting Defendant's motion to compel arbitration – which shows the Court was aware

21  of the very fact Plaintiff contends Defendants concealed. (Dkt. 1-6, p. 51.) As another example, Plaintiff alleges Defendant Dal Cielo "failed to disclose that the UOP's contract formation was

22  fraudulent because…the UOP gave [her] a homework assignment based on an outdated (2011-2012) Faculty Handbook that did not include the arbitration agreement." (FAC, ¶¶ 110, 115.) However, that

23  fact was revealed in the Declaration Plaintiff filed in support of her opposition to the motion to compel arbitration (Dkt. 18-1, ¶ 18, initial action.) As a third example, Plaintiff contends that Defendant Dal

24  Cielo concealed emails her instructors had sent her during the faculty qualification process. (FAC, ¶ 146.) However, those documents were placed in the appellate record by Plaintiff – which means she

25  had them in her possession at the time of the alleged omission. (FAC, ¶¶ 146, 148-151 and portions of the docket cited therein.) As a final example, though others exist, Plaintiff alleges Defendant Dal Cielo

26  failed to disclose relevant portions of the employee handbook, but concedes her attorneys introduced those very portions of the handbook at the hearing on the motion to compel arbitration. (FAC, ¶¶ 164,

27  195, 215, 226-229, 232, 345, 294, 352-353; Dkt. 1-7, p. 196-199.) Such facts separately preclude Plaintiff from showing the fourth element of her fraud claim (resulting damages).

7   That mediation occurred in 2015, before Plaintiff filed her original lawsuit. (Dkt. 1, ¶¶ 27-28, 34-36.)

28

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB                    17                    NOTICE OF MOTION AND MOTION TO
                                                                 DISMISS FAC; MPA

to explain how the alleged bad faith participation in an EEOC mediation seven years ago gives rise to an actionable claim against Defendant Walls. Accordingly, her claim against him must be dismissed.

### D.    Plaintiff's Section 1983 and Fifth Amendment Claims Are Facially Invalid.

#### 1.    Plaintiff's Section 1983 Claims Are Subject to Dismissal Because That Statute Doesn't Apply to Private Actors.

The third and fourth claims in the Amended Complaint purport to state claims for violation of 42 U.S.C. § 1983 ("Section 1983") for the violation of Plaintiff's Fourteenth Amendment rights to Due Process and Equal Protection. (FAC, ¶¶ 267-344.)

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). This "requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). When the defendants are ostensibly private organizations or individuals, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 351 (1974)).  "[T]he under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Where, as here, the complaint fails to include specific allegations that demonstrate a private individual or entity acted under color of state law, dismissal is proper. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law, and…'conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'") (citation omitted). *See also Springer v. Hunt*, 2017 U.S. Dist. LEXIS 107242, *8 (D. Haw. July 11, 2017) ("to state a claim for relief under § 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of her federal rights"); *Watts v. Malak*, 2017 U.S. Dist. LEXIS 93318, *3 (E.D. Cal. June 16, 2017) (plaintiff's §

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

18

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

1983 claims were "not cognizable" where it was clear from the complaint that the defendant medical professionals "were working in private practice and not for a government entity").

Plaintiff does not allege that any of the Defendants were state actors. Nor is such a showing possible given that the substance of Plaintiff's allegations relate solely to Plaintiff's employment relationship with UOP and the conduct of litigation regarding that relationship.   Accordingly, Plaintiff's twelfth through fifteenth causes of action fail to state a claim and should be dismissed. *See, e.g., Gibson v. Univ. of Phoenix, Inc.*, 2007 U.S. Dist. LEXIS 109451, *6 (S.D. Tx. June 29, 2007) (plaintiff, a student at UOP who claimed the University failed to nominate him for admission to the federal Presidential Management Fellows Program because of his disability could not state a Section 1983 claim because the allegedly discriminatory acts occurred "while she worked for the University of Phoenix, which is a private university"); *Seattle Fishing Servs. LLC v. Bergen Indus. & Fishing Co.*, 242 Fed. Appx. 436, 438 (9th Cir. 2007) (dismissing complaint for failure to state a claim where it was "devoid of any facts demonstrating the State's role" in the actions at issue).

### 2.    Plaintiff's Fifth Amendment Claims Are Subject to Dismissal Because It Doesn't Apply to Private Actors.

In Claim 5, Plaintiff alleges that Defendants violated her "Fifth Amendment Right to Due Process in the Constitution of the United States and their California State law counterparts because they all contributed, in their own way, to the fraudulent misrepresentations that helped them win the arbitration argument, and later to the dismissal of [Plaintiff's] entire civil rights case with prejudice." (FAC, ¶ 75.) Any such claim fails because "The Fifth Amendment applies to the actions of the federal government, not private actors like the [Defendants]. The Ninth Circuit Court of Appeals has plainly held that the Due Process Clause of the Fifth Amendment applies 'only to actions of the federal government.'" *Kuder v.* Haas, 2010 U.S. Dist. LEXIS 127148, *19-20 (E.D. Cal. Dec. 1, 2020), *quoting Lee v. City of Los* Angeles, 250 F.3d 668, 687 (9th Cir. 2001). *See also Kruger v. Wells Fargo Bank*, 11 Cal. 3d 352, 366 (1974) (due process clause in CA Constitution only governs state action).

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

19

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA

**E.     Alternatively, Plaintiff's Complaint Must Be Dismissed Because It Violates FRCP Rule 8.**

Plaintiff's Complaint is subject to dismissal on the separate and independent ground that it does not comply with FRCP Rule 8.   Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d).   "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citations omitted).

Rule 8(a) has "been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed. 2010).  *See also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory").

Here, Plaintiff's Complaint (including the addendum, tables and charts) is about 176 pages – much longer when the other exhibits incorporated by reference are included. It is repetitive. As but one example, Plaintiff alleges about eight times that "faculty" can only be short-hand for "faculty member" when "faculty" has an "active status," (FAC, ¶¶ 209, 322, 324, 337, 375, 382, 384, 416), and repeatedly alleges that any "reasonable person" would agree that "faculty member" can "NEVER" be used as short-hand for "faculty" (FAC, ¶¶ 204, 210, 333, 336, 337, 345, 346, 357, 362.)

The Complaint includes extraneous matter. *See, e.g.,* (Complaint, ¶ 307 ("'[T]he rule of law is bounded by time and reason,' but if reason is founded on falsehood, instead of the truth, the rule of law, no matter how expeditious, will result in manifest injustice"), ¶¶ 183-184 (asserting that Defendants' alleged perjury gave the "illusion" that faculty and faculty candidates were the same and referencing ER4-419, an optical illusion drawing of an old/young woman).

Most egregiously, Plaintiff's Complaint is unclear as to which of the 10 named defendants engaged in what behavior. For example, in Claims 7-8, 10, 17, 19, 21-22, 24-48, 55 and 57-62, Plaintiff alleges that "Defendants" are liable for the claim but only specifically identifies conduct allegedly engaged in by Defendant Dal Cielo. As a result, it is difficult to be sure which of Plaintiff's *many*

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

20

NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA

allegations pertain to which Defendant(s). Plaintiff's failure to comply with FRCP 8 therefore places a significant burden on Defendants and the Court, and warrants dismissal of her claims. *See Chavez v. Huerfano County*, 195 F. App'x 728, 729-730 (10th Cir. 2006) (dismissing pro se plaintiff's 26-page complaint for violation of Rule 8, reasoning, "the court is not the pro se litigant's advocate. It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case.")

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's entire Complaint be dismissed without leave to amend.


Dated: September 20, 2022

LITTLER MENDELSON P.C.

_____
Marlene S. Muraco
Attorneys for Defendants

4896-2164-1012.1 / 073540-1179

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

Case No. 21-CV-06919-CRB

21

NOTICE OF MOTION AND MOTION TO
DISMISS FAC; MPA